# EXHIBIT A

# THE SPIELBAUER LAW FIRM

## Attorneys at Law

*Keeping Clients Where They Belong . . . in Their Homes*

50 AIRPORT PARKWAY • SAN JOSE, CA 95110 • (408)451-8499 • FAX: (610)423-1395
thomas@spielbauer.com

Thursday, July 26, 2007

GMAC Mortgage Corporation USA
100 Witmer Road
Horsham, PA 19044
Fax: (203)318-0768
EB090026882US

Executive Trust Deed Services
15455 San Fernando Mission Blvd.
Suite 208
Mission Hills, CA 91345
Fax: (818)361-8876
EB090026785US

CSC Lawyers Incorporating Service
Service Agent for GMAC
Post Office Box 526036
Sacramento, CA 95852
EB090026794US

C T Corporation System
Service Agent for Greenpoint
818 West Seventh Street
Los Angeles, CA 90017
EB090026803US

Re: 7345 Holly Street, Oakland, CA 94621
Deed of Trust 2006078356
Loan Number 0307664370
Trustee Sale Number GM-104630-C
APN 040-3324-023
Alameda County Foreclosure sale date: July 27, 2007 at 12:30 p.m.

*Lopez v. GMAC et Al.*, Alameda Superior Court case RG07336961

Delivery by Fax and by Overnight Mail

Dear GMAC, Greenpoint and Executive Trust Deed,

Please find enclosed the following documents, to include documents issued by the court upon the filing of this action:

- Order to Show Cause and Temporary Restraining Order
- Order Setting Bond
- Exparte Application for Temporary Restraining Order and for OSC with Memorandum of Points and Authorities
- Declaration re: Notice
- Summons
- Notice of Judicial Assignment for All Purposes
- Notice of Case Management Conference and Order
- Civil Case Coversheet
- Alternative Dispute Resolution Information Package
- Verified Complaint with Exhibit

I have enclosed with this letter a Notice and Acknowledgment of Receipt. Please sign and return to my office the Acknowledgment of Receipt. I have enclosed a stamped and self addressed envelope for your convenience.

If you do not sign and return the Acknowledgment of Receipt, California law will allow Mr. Marcos Lopez the legal right to charge to the parties not signing and returning the acknowledgment the costs involved in the service of process. Beyond this, time is of the essence given the fact that the preliminary injunction hearing is scheduled for August 1, 2007. Appearance at this hearing will establish notice, making a failure to return this acknowledgment thoroughly non-productive for you. We nonetheless ask for your cooperation in this service.

Please feel free to contact me if you have any questions or need additional information.

Truly yours,

Thomas Spielbauer

POS-015

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Thomas Spielbauer, Esq. 078281<br><br>SPIELBAUER LAW FIRM<br>50 Airport Parkway<br>San Jose, CA 95110<br>TELEPHONE NO.: (408)451-8499 FAX NO. *(Optional):* (610)423-1395<br>E-MAIL ADDRESS *(Optional):* thomas@spielbauer.com<br>ATTORNEY FOR *(Name):* Plaintiff, Marcos Lopez | FOR COURT USE ONLY |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF Alameda<br>STREET ADDRESS: 1225 Fallon Street<br>MAILING ADDRESS: 1225 Fallon Street<br>CITY AND ZIP CODE: Oakland, CA 94612<br>BRANCH NAME: Rene C. Davidson Courthouse | |
| PLAINTIFF/PETITIONER: Marcos Lopez<br><br>DEFENDANT/RESPONDENT: GMAC Mortgage Corporation et Al. | |
| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER:<br>RG07336961 |

TO *(insert name of party being served):* Greenpoint Mortgage

---

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: July 26, 2007

Thomas Spielbauer
<br>(TYPE OR PRINT NAME)

(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of *(to be completed by sender before mailing):*
1. [✓] A copy of the summons and of the complaint.
2. [✓] Other *(specify):*
   OSC and TRO; Order Setting Bond; Exparte Application for TRO and for OSC with Memorandum of Points and Authorities; Declaration re: Notice; Notice of Judicial Assignment for All Purposes; Notice of CMC & Order; Civil Case Coversheet; ADR Information Pkg.

*(To be completed by recipient):*

Date this form is signed:

▶

(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,
ON WHOSE BEHALF THIS FORM IS SIGNED)

(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
POS-015 [Rev. January 1, 2005]

**NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL**

Code of Civil Procedure,
§§ 415.30, 417.10
www.courtinfo.ca.gov
American LegalNet, Inc.
www.USCourtForms.com

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Thomas Spielbauer, Esq.  078281<br><br>SPIELBAUER LAW FIRM<br>50 Airport Parkway<br>San Jose, CA 95110<br>TELEPHONE NO.: (408)451-8499  FAX NO. *(Optional):* (610)423-1395<br>E-MAIL ADDRESS *(Optional):* thomas@spielbauer.com<br>ATTORNEY FOR *(Name):* Plaintiff, Marcos Lopez | FOR COURT USE ONLY |
|---|---|

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF Alameda<br>STREET ADDRESS: 1225 Fallon Street<br>MAILING ADDRESS: 1225 Fallon Street<br>CITY AND ZIP CODE: Oakland, CA 94612<br>BRANCH NAME: Rene C. Davidson Courthouse |
|---|

PLAINTIFF/PETITIONER: Marcos Lopez

DEFENDANT/RESPONDENT: GMAC Mortgage Corporation et Al.

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER:<br>RG07336961 |
|---|---|

TO *(insert name of party being served):* Greenpoint Mortgage

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: July 26, 2007

Thomas Spielbauer
(TYPE OR PRINT NAME)

(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of *(to be completed by sender before mailing):*
1. [✓] A copy of the summons and of the complaint.
2. [✓] Other *(specify):*

OSC and TRO; Order Setting Bond; Exparte Application for TRO and for OSC with Memorandum of Points and Authorities; Declaration re: Notice; Notice of Judicial Assignment for All Purposes; Notice of CMC & Order; Civil Case Coversheet; ADR Information Pkg.

*(To be completed by recipient):*

Date this form is signed:

(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,<br>ON WHOSE BEHALF THIS FORM IS SIGNED)

(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF<br>ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-015 [Rev. January 1, 2005] | **NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL** | Page 1 of 1<br>Code of Civil Procedure,<br>§§ 415.30, 417.10<br>www.courtinfo.ca.gov<br>American LegalNet, Inc.<br>www.USCourtForms.com |
|---|---|---|

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

| | |
|---|---|
| **NOTICE TO DEFENDANT:** | **FOR COURT USE ONLY** |
| *(AVISO AL DEMANDADO):* | *(SOLO PARA USO DE LA CORTE)* |

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
GMAC MORTGAGE CORPORATION USA; GREENPOINT
MORTGAGE FUNDING, INC; EXECUTIVE TRUST DEED
SERVICES, INC.; and DOES 1-20.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
MARCOS LOPEZ

ENDORSED
FILED
ALAMEDA COUNTY

JUL 2 3 2007

CLERK OF THE SUPERIOR COURT
By MARGARET J. DOWNIE
Deputy

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp) or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| | |
|---|---|
| The name and address of the court is: | **CASE NUMBER:** |
| *(El nombre y dirección de la corte es):* | *(Número del Caso):* RG 07 33 69 61 |

Alameda County Superior Court
1225 Fallon Street
Oakland, CA 94612

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Thomas Spielbauer, Esq., THE SPIELBAUER LAW FIRM, 50 Airport Parkway, San Jose, CA 95110;
(408)451-8499; Fax: (610)423-1395; Email: thomas@spielbauer.com.

| | | | | |
|---|---|---|---|---|
| DATE: JUL 2 3 2007 | PAT S. SWEETEN | Clerk, by | MARGARET J. DOWNIE | , Deputy |
| *(Fecha)* | | *(Secretario)* | | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)  ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
American LegalNet, Inc. | www.USCourtForms.com

· Superior Court of California, County of Alameda
Fremont Hall of Justice

| | | |
|---|---|---|
| **Lopez** | | No. RG07336961 |
| | Plaintiff/Petitioner(s) | |
| VS. | | **Minutes** |
| **GMAC Mortgage Corporation USA** | | |
| | Defendant/Respondent(s) | |
| (Abbreviated Title) | | |

Department   607                 Honorable   Richard Keller _____ , Judge

Cause called for Hearing Re: Application Re: Temporary Restraining Order & OSC re Preliminary Injunction: 07/25/2007

Plaintiff Marcos Lopez represented by Spielbauer, Thomas.

Defendant Executive Trust Deed Services, Inc. not appearing.

Defendant GMAC Mortgage Corporation USA not appearing.

Defendant Greenpoint Mortgage Funding, Inc. not appearing.

IT IS ORDERED that the Plaintiff's Application Re: Temporary Restraining Order & OSC re Preliminary Injunction is granted in part.

Plaintiff's proposed order signed OR to be submitted.

Case continued to 02:30 PM on 08/01/2007 in Department 607, Civil Ex-Parte, Fremont Hall of Justice, 39439 Paseo Padre Parkway, Fremont.

Minutes of     07/25/2007
Entered on     07/27/2007

Executive Officer / Clerk of the Superior Court

By     _Cynthia Eugene_
                                        Deputy Clerk

**Minutes**

M3857599

Thomas Spielbauer, Esq.
SBN 78281
THE SPIELBAUER LAW FIRM
50 Airport Parkway
San Jose, CA 95110
(408)451-8499
Fax: (610)423-1395
thomas@spielbauer.com

ENDORSED
FILED
ALAMEDA COUNTY

JUL 2 5 2007

CLERK OF THE SUPERIOR COURT
By  CYNTHIA EUGENE
                    Deputy

Attorneys for Marcos Lopez, Plaintiff

# IN THE SUPERIOR COURT
## OF THE STATE OF CALIFORNIA
### ALAMEDA COUNTY

| | |
|---|---|
| MARCOS LOPEZ, | No: RG07336961 |
| Plaintiff, | |
| v.s | ORDER TO SHOW CAUSE AND TEMPORARY RESTRAINING ORDER |
| | Code Civ.Proc. § 527(a |
| GMAC MORTGAGE CORPORATION USA; GREENPOINT MORTGAGE FUNDING, INC; EXECUTIVE TRUST DEED SERVICES, INC.; and DOES 1-20, | |
| Defendants. | |

On reading the verified complaint of plaintiff, declaration of counsel, and the papers on file in the above-entitled action, it appears to the satisfaction of the court that this is a proper case for granting a temporary restraining order and an order to show cause for a preliminary injunction, and that, unless the temporary restraining order prayed for be granted, great or irreparable injury will result to plaintiff before the matter can be heard on notice.

IT IS HEREBY ORDERED that the above-named defendants, and each of them, appear in Department 607 of this Court, located the Fremont Hall of Justice, 39439 Pasco Padre Parkway, Fremont, CA 94538, on Wednesday, August 1, 2007 at 2:30 p.m., or as soon thereafter as the matter may be heard, then and there to show cause, if any they have, why they and their agents, servants,

-1-

1  employees, and representatives should not be enjoined and restrained during the
2  pendency of this action from engaging in, committing, or performing, directly or
3  indirectly, any and all of the following acts: Undertaking or permitting actions of
4  any kind which shall cause the sale or foreclosure sale of the residence located at
5  7345 Holly Street, Oakland, CA 94621 under authority of a trust deed recorded
6  with the Alameda County Recorder; From undertaking or permitting actions of
7  any kind which shall cause the sale of or the passing of title to the property of
8  7345 Holly Street, Oakland, CA 94621 during the pendency of this action; From
9  the reporting of any kind of derogatory information concerning the sale and the
10  plaintiff during the pendency of this action.

11      Defendants GMAC MORTGAGE CORPORATION, GREENPOINT
12  MORTGAGE FUNDING, and EXECUTIVE TRUST DEED SERVICES, and
13  their agents, servants, and employees are hereby restrained and enjoined, pending
14  a hearing for a preliminary injunction, from undertaking or permitting any actions
15  of any kind which shall cause the sale or foreclosure sale or passing or slander of
16  title of the property located at 7345 Holly Street, Oakland, CA 94621.
17  Defendants  GMAC MORTGAGE CORPORATION, GREENPOINT
18  MORTGAGE FUNDING, and EXECUTIVE TRUST DEED SERVICES are
19  further enjoined from undertaking any action to effect an assignment of rents or
20  hinder plaintiff's ability to manage his property or enjoy the fruits of his property.

21      IT IS FURTHER ORDERED that copies of the complaint, declaration, and
22  this order to show cause and temporary restraining order be served on defendants
23  not later than July 26, 2007.  This service may be effected by United States
24  Express Mail.

25  //
26  //
27
28

-2-

1    Defendants shall file their opposition, if any, by 12:00 p.m. of Tuesday,

2  July 31, 2007. Defendants may serve their opposition upon counsel for plaintiff

3  via confirmed email, confirmed fax, by overnight mail or by personal service.

4  Dated: July 25, 2007

5

6                          **RICHARD O. KELLER**

7                          Richard Keller
                           Judge of the Superior Court
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-3-

Thomas Spielbauer, Esq.
SBN 78281
THE SPIELBAUER LAW FIRM
50 Airport Parkway
San Jose, CA 95110
(408)451-8499
Fax (610)423-1395
thomas@spielbauer.com

Attorneys for Marcos Lopez, Plaintiff

ENDORSED
FILED
ALAMEDA COUNTY

JUL 2 5 2007

CLERK OF THE SUPERIOR COURT
By   CYNTHIA EUGENE
                              Deputy

## IN THE SUPERIOR COURT
## OF THE STATE OF CALIFORNIA
### ALAMEDA COUNTY

| | |
|---|---|
| MARCOS LOPEZ,<br><br>Plaintiff,<br><br>v.s<br><br>GMAC MORTGAGE CORPORATION USA; GREENPOINT MORTGAGE FUNDING, INC; EXECUTIVE TRUST DEED SERVICES, INC.; and DOES 1-20,<br><br>Defendants. | No: RG07336961<br><br>ORDER SETTING BOND |

Bond on the requested temporary restraining order is hereby fixed in the sum of $1,112.01. The bond is to be filed by no later than Monday, July 30, 2007 at 4:00 p.m.,

Dated: July 25, 2007

**RICHARD O. KELLER**

Richard Keller
Judge of the Superior Court

1   Thomas Spielbauer, Esq.
    SBN 78281
2   THE SPIELBAUER LAW FIRM
    50 Airport Parkway
3   San Jose, CA 95110
    (408)451-8499
4   Fax: (610)423-1395
    thomas@spielbauer.com
5
    Attorneys for Marcos Lopez, Plaintiff
6
                      IN THE SUPERIOR COURT
7                    OF THE STATE OF CALIFORNIA
                         ALAMEDA COUNTY
8

ENDORSED
FILED
ALAMEDA COUNTY

JUL 2 5 2007

CLERK OF THE SUPERIOR COURT
By _____ G. McMullet

9   MARCOS LOPEZ,                          No: **RG07336961**

10                          Plaintiff.
                                          EX PARTE APPLICATION OF
11                                        MARCOS LOPEZ FOR
                                          TEMPORARY RESTRAINING
12                                        ORDER AND ORDER TO SHOW
    v.s.                                  CAUSE RE PRELIMINARY
13                                        INJUNCTION; CERTIFICATION
                                          RE: NOTICE
14

15  GMAC MORTGAGE CORPORATION
    USA; GREENPOINT MORTGAGE
16  FUNDING, INC; EXECUTIVE TRUST
    DEED SERVICES, INC.; and DOES 1-
17  20,

18                         Defendants.

19

20       Plaintiff Marcos Lopez applies for a temporary restraining order restraining

21  defendants GMAC MORTGAGE CORPORATION and GREENPOINT

22  MORTGAGE FUNDING, and EXECUTIVE TRUST DEED SERVICES, their

23  agents, servants, and employees, from conducting a trustee's sale of the plaintiff's

24  property located at 7345 Holly Street, Oakland, CA 94621. This trustee's sale is

25  currently scheduled for Friday, July 27, 2007 at 12:30 p.m. at the courthouse steps

26  located at 1225 Fallon Street, Oakland, CA.

27       Plaintiff Marcos Lopez further applies for an order to show cause why a

28

                                    -1-

1  preliminary injunction should not be granted enjoining defendants and their

2  agents, servants, and employees from conducting any kind of foreclosure sale or

3  alienation or transfer or attempted transfer of title and ownership of the property

4  located at 7345 Holly Street, Oakland, CA 94621 during the pendency of this

5  action.

6       This application is made on the grounds that plaintiff's complaint

7  demonstrates that he is entitled to the relief demanded, and on the ground that

8  great and irreparable injury will result to plaintiff before the matter can be

9  decided without the imposition of a restraining order. Additionally, a declaratory

10  judgment which is in the plaintiff's favor will be rendered ineffectual by a

11  foreclosure sale of plaintiff's property. Pecuniary compensation will not afford

12  adequate relief, particularly in light of the fact that it would be extremely difficult

13  to ascertain the amount of compensation which could afford adequate relief. This

14  residence is Marcos Lopez home for himself and his family, including his 8 year

15  old child.

16       Restraint of the sale is necessary if a declaratory judgment is to have any

17  effect and accomplish its purpose of avoiding a multiplicity of litigation.

18       This application is based on the verified complaint on file in this case, on

19  the attached memorandum of points and authorities.

20  Dated: July 24, 2007

21

22

23

24  Thomas Spielbauer
   Attorney for Plaintiff

25

26

27

28

-2-

## MEMORANDUM OF POINTS AND AUTHORITIES

Under California Civil Code §2924 et seq., a lender must properly serve and record a notice of default setting forth the borrower's breach in order to effect a foreclosure. After 90 days, three months, have elapsed, the lender must thereafter properly serve and record the Notice of Trustee Sale at least 20 days prior to the actual sale. Assuming proper compliance with the law, the property is then auctioned to the highest bidder at the foreclosure sale.

California foreclosure law, which is nonjudicial in its entirety, was intended to reflect a fair balance of the respective interests of the trustors, the trustees and the beneficiaries. While beneficiaries want an inexpensive and speedy remedy for defaults, trustors need protection against the unjust loss of their property rights. This is particularly true since the entire foreclosure process occurs without judicial oversight.[1]

The statutory requirements are intended to protect the trustor from a wrongful or unfair loss of the property, and a valid foreclosure by the private power of sale requires *strict compliance* with the requirements of the statute.[2]  It has been a cornerstone of foreclosure law that the statutory requirements, intending to protect the trustor from a wrongful or unfair loss of the property,

---

[1] Miller & Starr, California Real Estate (3d ed.), Deeds of Trust and Mortgages, Chapter 10 §10.179; *I. E. Associates v. Safeco Title Ins. Co.* (1985) 39 Cal. 3d 281.

[2] Miller & Starr, California Real Estate (3d ed.), Deeds of Trust and Mortgages, Chapter 10 §10.179; *Anderson v. Heart Federal Sav. & Loan Assn.*, 208 Cal. App. 3d 202, 211  (3d Dist. 1989), reh'g denied and opinion modified, (Mar. 28, 1989); *Miller v. Cote* (4th Dist. 1982) 127 Cal. App. 3d 888, 894; *System Inv. Corp. v. Union Bank* (2d Dist. 1971) 21 Cal. App. 3d 137, 152-153; *Bisno v. Sax* (2d Dist. 1959) 175 Cal. App. 2d 714, 720.

1  must be complied with strictly.[3]  Close does not count.

2      As a result, any trustee's sale based on a statutorily deficient Notice of

3  Default is invalid.[4]  Additionally, any trustee's sale based on a statutorily

4  deficient Notice of Trustee Sale is invalid.[5]

5      Courts will set aside a foreclosure sale when there has been fraud, when the

6  sale has been improperly, unfairly, or unlawfully conducted, or when there has

7  been such a mistake that it would be inequitable to let it stand.[6]

8      The Notice of Trustee Sale must contain, among other information, an

9  accurate statement of the total amount of the unpaid balance of the obligation

10  secured by the real property to be sold as well as a statement of the costs,

11  expenses, and advances incurred at the time of the initial publication of the notice

12  of sale.[7]

13

---

14  [3] Miller & Starr, California Real Estate (3d ed.), Deeds of Trust and

15  Mortgages, Chapter 10 §10.182.

16  [4] Miller & Starr, California Real Estate (3d ed.), Deeds of Trust and

17  Mortgages, Chapter 10 §10.182; *Anderson v. Heart Federal Sav. & Loan Assn.* (3d Dist. 1989) 208 Cal. App. 3d 202, 211, reh'g denied and opinion modified, (Mar.

18  28, 1989); *Miller v. Cote* (4th Dist. 1982) 127 Cal. App. 3d 888, 894; *System Inv.*

19  *Corp. v. Union Bank* (2d Dist. 1971) 21 Cal. App. 3d 137, 152-153; *Saterstrom v. Glick Bros. Sash, Door & Mill Co.* (3d Dist. 1931) 118 Cal. App. 379.

20

21  [5] *Anderson v. Heart Federal Sav. & Loan Assn.* (3d Dist. 1989) 208 Cal. App. 3d 202, 211, ,reh'g denied and opinion modified, (Mar. 28, 1989).

22

23  [6] *Bank of America Nat. Trust & Savings Ass'n v. Reidy* (1940) 15 Cal. 2d 243, 248; *Whitman v. Transtate Title Co.* (4th Dist. 1985) 165 Cal. App. 3d 312,

24  322-323; *In re Worcester* (9th Cir. 1987) 811 F.2d 1224, 1228.

25      See also *Smith v. Williams* (1961) 55 Cal. 2d 617, 621; *Stirton v. Pastor* (4th Dist. 1960) 177 Cal. App. 2d 232, 234; *Brown v. Busch* (3d Dist. 1957) 152 Cal.

26  App. 2d 200, 203-204.

27  [7] Miller & Starr, California Real Estate (3d ed.), Deeds of Trust and

28  Mortgages, Chapter 10 §10.198.

-4-

1    With these legal concepts in mind, it is clear from the verified complaint
2  that the beneficiary and the trustee (defendants) have failed to properly comply
3  with the requirements of California Civil Code §2924 et seq.. They should not be
4  allowed to enjoy the benefits of the severe consequences that the non-judicial
5  foreclosure law permits, consequences caused by their own bad acts.

6    Before a non-judicial foreclosure can be initiated, there must have occurred
7  some breach of the secured obligation. In this case, it would appear that the
8  defendants are claiming that Marcos Lopez defaulted on his mortgage payments.
9  California Civil Code §§2924 and 2924c(b)(1) specifically requires that the
10  notice of default contain an accurate statement that a breach of the secured
11  obligation has occurred and specification of the nature of the default.

12    From the facts as stated in the verified complaint, no default occurred.
13  Marcos Lopez paid his mortgage payments in a timely manner and then continued
14  to attempt to pay his mortgage payments in a timely manner until defendants
15  continuously refused to accept his payments.

16    The fact that the defendants assigned and reassigned the note has no
17  negative consequence to plaintiff Marcos Lopez, excepting the fact that the
18  defendants did not provide the notice of these reassignments as required by the
19  Real Estate Settlement and Procedures Act (RESPA)[8].

20    RESPA[9] puts the burden on the defendants, particularly GMAC and
21  Greenpoint, to insure that Marcos Lopez's mortgage payments were properly
22  credited for a 60-day period, assuming proper notice of assignment to Mr. Lopez.
23  All Mr. Lopez had to do was pay on time, which he did.

24    There was no breach of the secured obligation. There was, however,
25  ineffectiveness on the part of GMAC and Greenpoint, for which they now seek to

26

27    [8] 12 U.S.C. §2605 (b) through (d).

28    [9] 12 U.S.C. §2605 (b) through (d).

-5-

1  blame Marcos Lopez. As a result, defendants have no legal right to initiate let
2  alone proceed with a foreclosure sale of plaintiff's home.

3      California Civil Code §2924f, subd. (b)(1) mandates that the notice of
4  trustee sale must state the total amount of the unpaid balance of the secured
5  obligation and a reasonable estimate of the costs, expenses, and advances as of
6  the initial publication of the notice. The notice of trustee sale states that this
7  amount is $409,557.49. This stated amount if $409,557.49 is $38,229.78 more
8  than the legitimate principal (of $371,327.71) which plaintiff owes, particularly in
9  light of his timely monthly mortgage payments and his bona fide attempts to
10 tender payment. Setting aside the legal question of breach of the security, this
11 erroneously stated amount is $38,229.78 is gross and substantial.

12     Faced with recalcitrant defendants who appeared to be eager to proceed to
13 a foreclosure sale in direct violation of California State and Federal law, Marcos
14 Lopez utilized his legal rights under the Real Estate Settlement and Procedures
15 Act[10] and the federal Fair Debt Collection Practices Act[11].

16     The federal Fair Debt Collection Act is a "strict liability" statute: i.e., debt
17 collectors generally are liable for violating the FDCPA's requirements without
18 regard to intent, knowledge or willfulness.[12]

19     On July 11, 2007, Marcos Lopez sent to defendants a request for
20 verification of the alleged debt and a "qualified written request". Defendants
21 received these request the following day, on July 12, 2007. The reality of this
22 situation is that Marcos Lopez had been contesting the amounts claimed by the
23 defendants from the very beginning, albeit orally and by telephone. He finally

24

25     [10] 15 U.S.C. §§1692-1692o.

26     [11] 12 U.S.C. §2601-2617.

27

28     [12] *Russell v. Equifax A.R.S.* (2nd Cir. 1996) 74 F.3d 30, 33; *Booth v. Collection Experts*, Inc. (ED WI 1997) 969.

-6-

1   put his dispute into writing on July 11, 2007.

2   The federal Fair Debt Collection Practices Act (FDCPA) requires that the

3   defendants cease collection of the debt, or any disputed portion thereof, until

4   defendants provided verification of the debt to the plaintiff.[13]  Defendants have

5   failed to provide verification of the debt they are claiming from Marcos Lopez.

6   Defendants have failed to postpone the scheduled foreclosure sale until

7   defendants provided verification of the debt, as mandated by 15 U.S.C.

8   §1692g(b).

9   Defendants' actions are all the more egregious given GMAC's letter of July

10  16, 2007, which is attached as Exhibt 3 to the verified complaint.  In that letter,

11  Theresa Darst states, "a temporary hold has been placed on the foreclosure

12  pending further investigation."  A reasonable person would believe that the

13  trustee sale was going to be postponed until the completion of the investigation

14  concerning the issues raised in Mr. Lopez's letter was complete .  The reality of

15  this letter appears to have been to lull Marcos Lopez into a very false sense of

16  security.

17  As a result of Marcos Lopez's July 11, 2007 "qualified written request",

18  defendants  are and were required under RESPA to acknowledge receipt of this

19  correspondence within 20 days and to undertake and notify plaintiff of corrective

20  actions within 60 days.[14]   At least GMAC did acknowledge receipt of this letter.

21  However, defendants have failed to undertake any corrective action relating to

22  this request.

23  Defendants have violated RESPA by refusing to postpone the scheduled

24  non-judicial foreclosure sale.  RESPA forbids the defendants from providing any,

25  "information regarding any overdue payment, owed by such borrower and

26

27  [13] 15 U.S.C. §1692g(b).

28  [14] 12 U.S.C. 2605(e).

-7-

1    relating to such period or qualified written request, to any consumer reporting

2    agency."[15]

3      As mentioned in the verified complaint, the conduct of a foreclosure sale is

4    the most negative reporting that can occur. Upon the conclusion of a trustee sale,

5    the world is put on notice of the default, and failure, of the prior homeowner. By

6    its substance and intent, 12 U.S.C. 2605(e) (RESPA) forbids the conduct of a

7    non-judicial foreclosure sale while a RESPA qualified written request is pending.

8      These unlawful and fraudulent actions on the part of the defendants, as

9    discussed in these points and authorities and outline in the verified complaint,

10    justify without question the granting of an exparte order restraining the

11    foreclosure sale scheduled for Friday, July 27, 2007 at 12:30 p.m..

12      This matter is a textbook example of why this Court has the equitable

13    power to grant an order restraining the pending foreclosure sale.

14      As a result of defendants' violations of law, plaintiff Marcos Lopez has

15    suffered injury. The injury has caused him to suffer the specter of a foreclosure

16    sale of his home and incur attorney fees and expenses in order to prevent this sale.

17    It has caused he and his family and his eight year old child unnecessary anxiety.

18 INJUNCTIONS

19 I.

20
21 A PRELIMINARY INJUNCTION SHOULD BE ISSUED WHERE
PLAINTIFF'S RIGHT TO RELIEF IS APPARENT FROM THE COMPLAINT
AND THE RELIEF CONSISTS IN RESTRAINING THE COMMISSION OR
CONTINUANCE OF THE ACT COMPLAINED OF, TO AVOID
IRREPARABLE INJURY DURING LITIGATION, AND WHERE THE LEGAL
REMEDY IS INADEQUATE..
22
23

24      An injunction may be granted when it appears by the complaint that the

25    plaintiff is entitled to the relief demanded and such relief, or any part thereof,

26    consists in restraining the commission or continuance of the act complained of,

27

28    [15] 12 U.S.C. 2605(e).

-8-

1 either for a limited period or perpetually.[16]

2      An injunction may be granted when it appears by the complaint or

3 affidavits that the commission or continuance of some act during the litigation

4 would produce great or irreparable injury to a party in the action.[17] The term

5 "irreparable injury" means that species of damages, whether great or small, that

6 ought not to be submitted to on the one hand or inflicted on the other.[18] This

7 definition warrants the use of the injunctive power of the court against a wrong

8 which a trial judge deems insufferable because it constitutes an overbearing

9 assumption by one person of superiority and domination over the rights and

10 property of others.[19]

11      An injunction may be granted when pecuniary compensation would not

12 afford adequate relief[20] or where it would be extremely difficult to ascertain the

13 amount of compensation which would afford adequate relief.[21]

14      An injunction should also be granted where the restraint is necessary to

15 prevent a multiplicity of judicial proceedings. [22]

16

17

---

18 [16] CCP § 526 first subd (1); *Dingley v. Buckner* (1909) 11 Cal.App. 181,
183-184, 104 P. 478].

19

20 [17]CCP § 526 first subd (2); *Smith v. Smith* (1942) 49 Cal.App.2d 716,
718-719, 122 P.2d 346

21

22 [18]*Wind v. Herbert* (1960) 186 Cal.App.2d 276, 285, 8 Cal.Rptr. 817

23 [19] *Fretz v. Burke* (1967) 247 Cal.App.2d 741, 746, 55 Cal.Rptr. 879.

24 [20] CCP § 526 first subd (4).

25 [21]CCP § 526 first subd (5); *Union Oil Co. v Domengeaux* (1939) 30 Cal
26 App2d 266, 270-271, 86 P2d 127).

27 [22] CCP § 526 first subd (6); *Rynsburger v. Dairymen's Fertilizer Coop., Inc.*
28 (1968) 266 Cal.App.2d 269, 279, 72 Cal.Rptr. 102; *Aldrich v Transcontinental
Land & Water Co.* (1955) 131 Cal.App.2d 788, 796-797, 281 P.2d 362.

10567494.tif - 7/31/2007 1:37:24 PM

## II.

## GROUNDS FOR A PERMANENT INJUNCTION

A trial court should grant a permanent injunction when (1) When pecuniary compensation would not afford adequate relief;[23] (2) When it would be extremely difficult to ascertain the amount of compensation that would afford adequate relief;[24] (3) When the restraint is necessary to prevent a multiplicity of judicial proceedings.[25] These grounds are the same as four of the grounds listed for the granting of a preliminary injunction.

In this matter, Marcos Lopez's home will be sold by foreclosure sale. This is his home, where he and his family, including his eight year old child, live. There is no other house like it to him. Losing 7345 Holly Street will not be just losing a piece of property. It will be losing his home.

## III.

## TRO/PRELIMINARY INJUNCTION BOND

A trial court must evaluate two factors in determining whether it should issue a preliminary injunction. One factor is the likelihood that Marcos Lopez will prevail on the merits at trial.[26] The second factor is the balance of any interim harm to Mr. Lopez if the injunction is denied compared with the harm to GMAC MORTGAGE and GREENPOINT and EXECUTIVE TRUST DEED

---

[23] Civ. Code § 3422(1).

[24] Civ. Code § 3422(2).

[25] Civ. Code § 3422(3)

[26] See *Teachers Ins. & Annuity Assn. v. Furlotti* (1999) 70 Cal. App. 4th 1487, 1493, and *Dodge, Warren & Peters Insurance Services, Inc. v. Riley* (2003) 105 Cal. App. 4th 1414, 1418.

-10-

1   SERVICES if the injunction is issued.[27]

2       The more likely that Marcos Lopez will ultimately prevail, however, the
3   less severe the harm that must be shown, especially when the injunction
4   maintains, rather than alters, the status quo.[28] Thus, if Marcos Lopez can make a
5   sufficiently strong showing of likelihood of success on the merits, the trial court
6   has discretion to issue the injunction notwithstanding that Mr. Lopez's inability to
7   show that the balance of harms tips in his favor.[29]

8       The facts of this case clearly demonstrate a very high probability that
9   Marcos Lopez will prevail.

10      The harm that Marcos Lopez will suffer, however, is enormous. The harm
11  Mr. Lopez will suffer is the loss of his home through a foreclosure sale. This is
12  home for him and his family. Such a foreclosure sale will further unjustly and
13  severely damage Mr. Lopez's credit-worthiness.

14      On the other hand, defendants' security is not threatened. Their security is
15  very well-protected. Marcos Lopez stands willing and able to make his monthly
16  mortgage payments. Marcos Lopez is not willing, however, to pay the inflated
17  fees and charges and arrears that defendants have sought to unlawfully extract
18  from him. Defendants are in this predicament as a result of their own bad acts.

19  //

20  //

21

22

23      [27] See *14859 Moorpark Homeowner's Assn. v. VRT Corp.* (1998) 63 Cal.
24  App. 4th 1396, 1402; *Pro-Family Advocates v. Gomez* (1996) 46 Cal. App. 4th
25  1674, 1681; *Hunt v. Superior Court* (1999) 21 Cal. 4th 984, 999.

26      [28] *King v. Meese* (1987) 43 Cal. 3d 1217, 1227; *14859 Moorpark
    Homeowner's Assn. v. VRT Corp.* (1998) 63 Cal. App. 4th 1396, 1407.
27

28      [29] *14859 Moorpark Homeowner's Assn. v. VRT Corp.* (1998) 63 Cal. App.
    4th 1396, 1407.

-11-

10567494.tif - 7/31/2007 1:37:24 PM

1    *California courts retain common law authority to waive the requirement*
2    *of an undertaking in cases involving litigants with limited means.*[30]

3    Given the equities involved in this case, Marcos Lopez requests that this
4    Court impose no bond pursuant to its authority described in *Conover v. Hall*.

5    Marcos Lopez is frugal and manages his finances wisely. However, he is
6    also a man with a modest income. His primary occupation is that of being a
7    waiter.

8    Alternatively, Marcos Lopez requests that this Court impose a bond of
9    $100.

10    For the reasons set forth in these papers, plaintiff prays that this court grant
11    the requested temporary restraining order, preliminary injunction, and set the
12    matter for hearing for a full permanent injunction.

Respectfully submitted

Thomas Spielbauer
Attorney for Plaintiff, Marcos Lopez

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

[30] *Conover v. Hall* (1974) 11 Cal. 3d 842, 847, 850-852.

-12-

1  Thomas Spielbauer, Esq.
   SBN 78281
2  THE SPIELBAUER LAW FIRM
   50 Airport Parkway
3  San Jose, CA 95110
   (408)451-8499
4  Fax: (610)423-1395
   thomas@spielbauer.com
5
   Attorneys for Marcos Lopez, Plaintiff
6

ENDORSED
FILED
ALAMEDA COUNTY

JUL 2 5 2007

CLERK OF THE SUPERIOR COURT
By _____ S. McMullen

7              IN THE SUPERIOR COURT
              OF THE STATE OF CALIFORNIA
8                  ALAMEDA COUNTY

9   MARCOS LOPEZ,                    No: **RG07336961**

10                    Plaintiff.
                                     DECLARATION RE: NOTICE
11
    v.s.
12

13  GMAC MORTGAGE CORPORATION
    USA; GREENPOINT MORTGAGE
14  FUNDING, INC; EXECUTIVE TRUST
    DEED SERVICES, INC.; and DOES 1-
15  20,

16                   Defendants.

17

18      I, Thomas Spielbauer, do hereby declare.

19      I am the attorney who is representing the plaintiff in this matter.

20      On Tuesday, July 24, 2007, at approximately 5:00 a.m., I sent a letter via

21  facsimile transmission to defendants GMAC MORTGAGE CORPORATION,

22  GREENPOINT MORTGAGE FUNDING, and EXECUTIVE TRUST DEED

23  SERVICES. In this letter, I advised the defendants that I would seek a temporary

24  restraining order prohibiting the sale of the property located 7345 Holly Street,

25  Oakland, CA 94621. I advised in the letter that the Alameda Superior Court had

26  calendared the exparte application for a temporary restraining order to take place

27  on Wednesday, July 5, 2007 at 8:30 a.m.. I advised that the exparte restraining

28  order application would occur at the Alameda Superior Court in Department 512 I

                              -1-

1  advised that the court house is located at the Hayward Hall of Justice, 24405

2  Amador Street, 2nd Floor, Hayward, CA 94544. I also provided Department

3  512's telephone number of (510)690-2721.

4      A copy of this letter is attached as an exhibit to this declaration.

5      My fax service confirmed the delivery of the letters to the defendants as

6  addressed in the letter.

7      I declare under penalty of perjury that the foregoing is true and correct to

8  the best of my knowledge and information. Executed in San Jose, California this

9  July 24, 2007.

10

11

12  Thomas Spielbauer
    Attorney for Plaintiff

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-2-

# THE SPIELBAUER LAW FIRM

## Attorneys at Law

*Keeping Clients Where They Belong . . . in Their Homes*

50 AIRPORT PARKWAY • SAN JOSE, CA 95110 • (408)451-8499 • FAX: (610)423-1395
thomas@spielbauer.com

Tuesday, July 24, 2007

GMAC Mortgage
c/o  Executive Trust Deed Services
15455 San Fernando Mission Blvd.
Suite 208
Mission Hills, CA 91345
Fax: (818)361-8876

Greenpoint Mortgage
Executive Trust Deed Services
15455 San Fernando Mission Blvd.
Suite 208
Mission Hills, CA 91345
Fax: (818)361-8876

Executive Trust Deed Services
15455 San Fernando Mission Blvd.
Suite 208
Mission Hills, CA 91345
Fax: (818)361-8876

GMAC Mortgage
c/o Theresa Darst
GMAC Mortgage Corporation USA
100 Witmer Road
Horsham, PA 19044
Fax: (203)318-0768

Re: 7345 Holly Street, Oakland, CA 94621
Deed of Trust 2006078356
Loan Number 0307664370
Trustee Sale Number GM-104630-C
APN 040-3324-023
Alameda County Foreclosure sale date: July 27, 2007 at 12:30 p.m.

Alameda County Superior Court Case *Lopez v. GMAC et Al.*,
RG07336961

Delivery by Fax

Dear Executive Trust Deed Service, GMAC, and, Greenpoint,

Please be advised that I will approach the Superior Court with an exparte application that the court issue a temporary restraining order prohibiting the trustee sale set for July 27, 2007 and an injunction prohibiting the sale generally.

The Alameda Superior Court has calendared the exparte application for a temporary restraining order to take place on **Wednesday, July 25, 2007 at 8:30 a.m.**. The exparte restraining order application will occur at the Alameda Superior Court **Department 512, the Honorable Barbara Miller.** The telephone number to Department 512 is (510)690-2721. The court house is located at the **Hayward Hall of Justice, 24405 Amador Street, 2nd Floor, Hayward, CA 94544.**

The Superior Court case number assigned to this matter is RG07336961.

You will find enclosed a copy of the complaint which I have filed. I will fax to you the exparte application for the temporary restraining order when I have completed its preparation. This will most likely be prior to or on Wednesday morning.

You should have your attorney contact me as soon as possible so that I may fax the moving papers directly to him or her, and to otherwise discuss this matter. My cell phone number, at which I can be reached is (408)835-2067.

Truly yours,

Thomas Spielbauer

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

GMAC MORTGAGE CORPORATION USA; GREENPOINT
MORTGAGE FUNDING, INC; EXECUTIVE TRUST DEED
SERVICES, INC.; and DOES 1-20.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
MARCOS LOPEZ

| FOR COURT USE ONLY (SOLO PARA USO DE LA CORTE) |
| --- |
| ENDORSED FILED ALAMEDA COUNTY |
| JUL 2 3 2007 |
| CLERK OF THE SUPERIOR COURT |
| By MARGARET J. DOWNIE |
| Deputy |

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| The name and address of the court is: (El nombre y dirección de la corte es): | CASE NUMBER: (Número del Caso): RG 073369 6 |
| --- | --- |
| Alameda County Superior Court 1225 Fallon Street Oakland, CA 94612 | |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Thomas Spielbauer, Esq., THE SPIELBAUER LAW FIRM, 50 Airport Parkway, San Jose, CA 95110;
(408)451-8499; Fax: (610)423-1395; Email: thomas@spielbauer.com.

| DATE: JUL 2 3 2007 (Fecha) | PAT S. SWEETEN | Clerk, by MARGARET J. DOWNIE (Secretario) | , Deputy (Adjunto) |
| --- | --- | --- | --- |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

| [SEAL] | 1. ☐ as an individual defendant. |
| | 2. ☐ as the person sued under the fictitious name of *(specify):* |
| | 3. ☐ on behalf of *(specify):* |
| | under: ☐ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor) |
| | ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee) |
| | ☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person) |
| | ☐ other *(specify):* |
| | 4. ☐ by personal delivery on *(date):* |

Page 1 of 1

| Form Adopted for Mandatory Use Judicial Council of California SUM-100 [Rev. January 1, 2004] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465 American LegalNet, Inc. | www.USCourtForms.com |

## Superior Court of California, County of Alameda



## Notice of Judicial Assignment for All Purposes

Case Number: RG07338981
Case Title:    Lopez VS GMAC Mortgage Corporation USA
Date of Filing: 07/23/2007

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

This case is hereby assigned for all purposes to:

| | |
|---|---|
| Judge: | Richard Keller |
| Department: | 607 |
| Address: | Fremont Hall of Justice |
| | 39439 Paseo Padre Parkway |
| | Fremont CA 94538 |
| Phone Number: | (510) 795-2371 |
| Fax Number: | (510) 267-1537 |
| Email Address: | Dept.607@alameda.courts.ca.gov |

Under direct calendaring, this case is assigned to a single judge for all purposes including trial.

Please note: In this case, any challenge pursuant to Code of Civil Procedure §170.6 must be exercised within the time period provided by law. (See Govt. Code 68616(i); Motion Picture and Television Fund Hosp. v. Superior Court (2001) 88 Cal.App.4th 488, 494; and Code Civ. Proc. §1013.)

IT IS THE DUTY OF EACH PLAINTIFF AND CROSS COMPLAINANT TO SERVE A COPY OF THIS NOTICE IN ACCORDANCE WITH LOCAL RULES.

### General Procedures

All pleadings and other documents must be filed in the clerk's office at any court location except when the Court permits the lodging of material directly in the assigned department. All documents, with the exception of the original summons and the original civil complaint, shall have clearly typed on the face page of each document, under the case number, the following:

ASSIGNED FOR ALL PURPOSES TO
JUDGE Richard Keller
DEPARTMENT 607

10567494.tif - 7/31/2007 1:37:24 PM

Counsel are expected to know and comply with the Local Rules of this Court, which are available on the Court's website at:
http://www.alameda.courts.ca.gov/courts/rules/index.shtml·and with the California Rules of Court, which are available at www.courtinfo.ca.gov.

The parties are always encouraged to consider using various alternatives to litigation, including mediation and arbitration, prior to the Initial Case Management Conference. The Court may refer parties to alternative dispute resolution resources.


### Schedule for Department 607

The following scheduling information is subject to change at any time, without notice. Please contact the department at the phone number or email address noted above if you have questions.

- Trials generally are held:  Court Trials: Mondays through Thursdays at 8:45 a.m to 1:00 pm.
- Jury Trials: Mondays through Fridays at 8:45 a.m to 1:00 pm.
- Case Management Conferences are held:  Mondays through Thursdays at 2:30 p.m.
- Law and Motion matters are heard:  Mondays and Wednesdays at 2:30 p.m.
- Settlement Conferences are heard:  Fridays at 2:30 pm.
- Ex Parte matters are heard:  Mondays and Wednesdays at 2:30 p.m.

### Law and Motion Procedures

To obtain a hearing date for a Law and Motion or ex parte matter, parties must contact the department as follows:

- Motion Reservations
  Email:      Dept.607@alameda.courts.ca.gov
  Phone:      (510) 795-2371

  Telephone calls after 2:30 p.m.

- Ex Parte Matters
  Email:      Dept.607@alameda.courts.ca.gov
  Phone:      (510) 795-2371

  Telephone calls after 2:30 p.m.

### Tentative Rulings

The court will issue tentative rulings in accordance with the Local Rules. Tentative rulings will become the Court's order unless contested in accordance with the Local Rules. Tentative rulings will be available at:

- Website:  http://www.alameda.courts.ca.gov/courts/DomainWeb, Calendar Information for

Dept. 607

- Cases Assigned to Judge Burr, Tentative Ruling Line before July 1, 2007: (510) 208-4931
- Cases Assigned to Judge Miller, Tentative Ruling Line before July 1, 2007: (510) 690-2709
- All cases, Tentative Ruling Line after July 1, 2007: 1-866-223-2244

Dated: 07/24/2007

Executive Officer / Clerk of the Superior Court

By _____

Deputy Clerk

---

### CLERK'S CERTIFICATE OF MAILING

I certify that the following is true and correct: I am the clerk of the above-named court and not a party to this cause. I served this Notice by placing copies in envelopes addressed as shown on the attached Notice of Initial Case Management Conference and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

Executed on 07/25/2007

By _____

Deputy Clerk

Page 3 of 3

Spielbauer Law Firm
Attn: Spielbauer, Thomas
50 Airport Parkway
San Jose, CA 95110

## Superior Court of California, County of Alameda

| Lopez | |
|---|---|
| | **Plaintiff/Petitioner(s)** |
| VS. | |
| GMAC Mortgage Corporation USA | |
| | **Defendant/Respondent(s)** |
| | (Abbreviated Title) |

No. <u>RG07336961</u>

**NOTICE OF CASE MANAGEMENT
CONFERENCE AND ORDER**
Unlimited Jurisdiction

**TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD.**

Notice is given that a Case Management Conference has been scheduled as follows:

| Date: 12/05/2007<br>Time: 02:30 PM | Department: 607<br>Location: **Fremont Hall of Justice<br>2nd Floor<br>39439 Paseo Padre Parkway, Fremont CA<br>94538**<br>Internet: **http://www.alameda.courts.ca.gov** | Judge: **Richard Keller**<br>Clerk: **Cynthia Eugene**<br>Clerk telephone: **(510) 795-2371**<br>E-mail:<br>**Dept.607@alameda.courts.ca.gov**<br>Fax: **(510) 267-1537** |
|---|---|---|

### ORDERS

1. You must:
   a. Serve all named defendants and file proofs of service on those defendants with the court within 60 days of the filing of the complaint (CRC 3.110(b));
   b. Give notice of this conference to any party not included in this notice and file proof of service;
   c. Meet and confer, in person or by telephone, to consider each of the issues identified in CRC 3.724 no later than 30 calendar days before the date set for the Case Management Conference;
   d. File and serve a completed Case Management Conference Statement (use of Judicial Council Form CM 110 is <u>mandatory</u>) at least 15 days before the Case Management Conference (CRC 3.725)

2. If you do not follow the orders above, you are hereby ordered to show cause why you should not be sanctioned under CRC 2.30. The hearing on the Order to Show Cause re: Sanctions will be at the same time as the Case Management Conference. Sanctions may include monetary sanctions and any other sanction permitted by law, including striking pleadings or dismissing the action.

3. You are further ordered to appear in person* (or through your attorney of record) at the Case Management Conference noticed above. You must be thoroughly familiar with the case and fully authorized to proceed.

4. The Direct Calendar Judge will issue orders at the conclusion of the conference that should include:
   a. Referring to ADR and setting an ADR completion date
   b. Dismissing or severing claims or parties
   c. Setting a trial date.

*Telephonic appearances at Case Management Conferences may be available by contacting CourtCall, an independent vendor, at least 3 business days prior to the scheduled conference. Parties may make arrangements by calling 1-888-882-6878, or faxing a service request to 1-888-882-2946. This service is subject to charges by the vendor.

### CLERK'S CERTIFICATE OF MAILING

I certify that the following is true and correct: I am the clerk of the above-named court and not a party to this cause. I served this Notice of Hearing by placing copies in envelopes addressed as shown hereon and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

Executed on 07/25/2007.

By

Deputy Clerk

## ALTERNATIVE DISPUTE RESOLUTION
## INFORMATION PACKAGE
### Effective April 15, 2005

**Instructions to Plaintiff / Cross-Complainant**

In all general civil cases filed in the trial courts after June 30, 2001, the plaintiff is required to serve a copy of this ADR information package on each defendant.

California Rules of Court, Rule 201.9 (Excerpt)

(a) Each court must make available to the plaintiff, at the time of filing of the complaint, an Alternative Dispute Resolution (ADR) information package that includes, at a minimum, all of the following:

(1) General information about the potential advantages and disadvantages of ADR and descriptions of the principal ADR processes . . .

(2) Information about the ADR programs available in that court . . .

(3) In counties that are participating in the Dispute Resolution Programs Act (DRPA), information about the availability of local dispute resolution programs funded under the DRPA . . .

(4) An ADR stipulation form that parties may use to stipulate to the use of an ADR process.

(b) Court may make package available on Web site . . .

**(c) The plaintiff must serve a copy of the ADR information package on each defendant along with the complaint. Cross-complainants must serve a copy of the ADR information package on any new parties to the action along with the cross-complaint.**

Rev 4/05

# GENERAL INFORMATION ABOUT ADR

## Introduction to Alternative Dispute Resolution

Did you know that most civil lawsuits settle without a trial? And did you know that there are a number of ways to resolve civil disputes without having to sue somebody? These alternatives to a lawsuit are known as alternative dispute resolution (also called ADR). The most common forms of ADR are mediation, arbitration, and neutral evaluation. There are a number of other kinds of ADR as well.

In ADR, trained, impartial persons decide disputes or help parties decide disputes themselves. These persons are called neutrals. In mediation, for example, the neutral is the mediator. Neutrals normally are chosen by the disputing parties or by the court. Neutrals can help parties resolve disputes without having to go to court.

ADR is not new. ADR is available in many communities through court-connected and community dispute resolution programs and private neutrals.

## Advantages of Alternative Dispute Resolution

ADR can have a number of advantages over a lawsuit:

- **ADR can be speedier.** A dispute often can be resolved in a matter of months, even weeks, through ADR, while a lawsuit can take years.

- **ADR can save money.** Court costs, attorney fees, and expert witness fees can be saved.

- **ADR can permit more participation.** With ADR, the parties may have more chances to tell their side of the story than in court and may have more control over the outcome.

- **ADR can be flexible.** The parties can choose the ADR process that is best for them.

- **ADR can be cooperative.** In mediation, for example, the parties having a dispute may work together with the neutral to resolve the dispute and agree to a remedy that makes sense to them, rather than work against each other.

- **ADR can reduce stress.** There are fewer, if any, court appearances. And because ADR can be speedier, cheaper, and can create an atmosphere in which the parties are normally cooperative, ADR is easier on the nerves. The parties don't have a lawsuit hanging over their heads. For all the above reasons, many people have reported a high degree of satisfaction with ADR.

Because of these advantages, many parties choose ADR to resolve a dispute instead of filing a lawsuit. Even when a lawsuit has been filed, ADR can be used before the parties' positions harden and the lawsuit becomes costly. ADR has been used to resolve disputes even after a trial, when the result is appealed.

## Disadvantages of Alternative Dispute Resolution

ADR may not be suitable for every dispute.

If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure and review for legal error by an appellate court.

There generally is less opportunity to find out about the other side's case with ADR than with litigation. ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute.

The neutral may charge a fee for his or her services.

If a dispute is not resolved through ADR, the parties may have to put time and money into both ADR and a lawsuit.

Lawsuits must be brought within specified periods of time, known as statutes of limitations. Parties must be careful not to let a statute of limitations run out while a dispute is in an ADR process.

*Rev 4/05*

# Three Common Types of Alternative Dispute Resolution

This section describes the forms of ADR most often found in the California state courts and discusses when each may be right for a dispute.

## Mediation

In mediation, a neutral (the mediator) assists the parties in reaching a mutually acceptable resolution of their dispute. Unlike lawsuits or some other types of ADR, the mediator does not decide how the dispute is to be resolved; the parties do.

Mediation is a cooperative process in which the parties work together toward a resolution that tries to meet everyone's interests, instead of working against each other where at least one party loses. Mediation normally leads to better relations between the parties and to resolutions that hold up. For example, mediation has been very successful in family disputes, particularly with child custody and visitation.

Mediation is particularly effective when the parties have a continuing relationship, like neighbors or business people. Mediation also is very effective where personal feelings are getting in the way of a resolution. This is because mediation normally gives the parties a chance to let out their feelings and find out how they each see things.

Mediation may not be a good idea when one party is unwilling to discuss a resolution or when one party has been a victim of the other or has unequal bargaining power in the mediation. However, mediation can be successful for victims seeking restitution from offenders. A mediator can meet with the parties separately when there has been violence between them.

## Arbitration

In arbitration, a neutral (the arbitrator) reviews evidence, hears arguments, and makes a decision (award) to resolve the dispute. Arbitration normally is more informal and much speedier and less expensive than a lawsuit. Often a case that may take a week to try in court can be heard by an arbitrator in a matter of hours, because evidence can be submitted by documents (like medical reports and bills and business records) rather than by testimony.

There are two kinds of arbitration in California: (1) Private arbitration, by agreement of the parties involved in the dispute, takes place outside of the courts and is normally binding. In most cases "binding" means that the arbitrator's decision (award) is final and there will not be a trial or an appeal of that decision. (2) "Judicial arbitration" takes place within the court process and is not binding unless the parties agree at the outset to be bound. A party to this kind of arbitration who does not like a judicial arbitration award may file a request for trial with the court within a specified time. However, if that party does not do better in the trial than in arbitration, he or she may have to pay a penalty.

Arbitration is best for cases where the parties want a decision without the expense of a trial. Arbitration may be better than mediation when the parties have no relationship except for the dispute.

Arbitration may not be a good idea when the parties want to decide on the outcome of their dispute themselves.

## Neutral Evaluation

In evaluation, a neutral (the evaluator) gives an opinion on the strengths and weaknesses of each party's evidence and arguments and makes an evaluation of the case. Each party gets a chance to present his or her side and hear the other side. This may lead to a settlement or at least help the parties prepare to resolve the dispute later on. If the neutral evaluation does not resolve the dispute, the parties may go to court or try another form of ADR.

Neutral evaluation, like mediation, can come early in the dispute and save time and money.

Neutral evaluation is most effective when a party has an unrealistic view of the dispute, when the only real issue is what the case is worth, or when there are technical or scientific questions to be worked out.

Neutral evaluation may not be a good idea when it is too soon to tell what the case is worth or if the dispute is about something besides money, like a neighbor playing loud music late at night.

Rev 4/05

# Other Types of Alternative Dispute Resolution

There are several other types of ADR besides mediation, arbitration, and neutral evaluation. Some of these are conciliation, settlement conferences, fact-finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR methods. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute.

The selection of a neutral is an important decision. There is no legal requirement that the neutral be licensed or hold any particular certificate. However, some programs have established qualification requirements for neutrals. You may wish to inquire about the qualifications of any neutral you are considering.

Agreements reached through ADR normally are put in writing by the neutral and, if the parties wish, may become binding contracts that can be enforced by a judge.

You may wish to seek the advice of an attorney about your legal rights and other matters relating to the dispute.

## Help Finding an Alternative Dispute Resolution Provider in Your Community

To locate a dispute resolution program or private neutral in your community:

- **Visit the Court's Web site.** The Alameda County Superior Court maintains a list of court-connected mediators, neutral evaluators, and private arbitrators at http://www.co.alameda.ca.us/courts/adr.htm.

- **Contact the Small Claims Court Legal Advisor.** The small claims legal advisor for Alameda County is located at the Wiley W. Manuel Courthouse, Self-Help Center. The phone number is 510-268-7665.

- **Visit the California Department of Consumer Affairs' Web site.** The Department of Consumer Affairs (also called the DCA) has posted a list of conflict resolution programs throughout the state. The list can be found at http://www.dca.ca.gov/r_r/mediati1.htm

  You can also call the Department of Consumer Affairs, Consumer Information Center, at 800-952-5210.

- **Contact your local bar association.** You can find a list of local bar associations in California on the State Bar Web site at http://www.calbar.org/2lin/2bar.htm.

  If you cannot find a bar association for your area on the State Bar Web site, check the yellow pages of your telephone book under "Associations."

- **Look in the yellow pages of your telephone book under "Arbitrators" or "Mediators."**

- **Automotive Repair, Smog Check:** The California Bureau of Automotive Repair (also known as BAR) offers a free mediation service for consumers who are dissatisfied with an auto repair or a smog check, or who dispute an invoice for such services. BAR registers and regulates California automotive repair facilities and licenses smog, lamp, and brake inspection stations. Learn more at http://smogcheck.ca.gov/smogweb/geninfo/otherinfo/mediation.htm or call 800-952-5210.

- **Attorney Fees:** The State Bar of California administers a mandatory fee arbitration program to resolve attorney fee disputes between lawyers and their clients. The program is an informal, low-cost forum and is mandatory for a lawyer if a client requests it. Mediation of attorney fees disputes may also be available in some areas of California. Learn more at http://www.calbar.org/2bar/3arb/3arbndx.htm or call 415-538-2020.

Rev 4/05

# DISPUTE RESOLUTION PROGRAMS IN ALAMEDA COUNTY

**Mediation Services**
222278 Redwood Road, Castro Valley, CA 94546
Phone: (510) 733-4940  fax: (510) 733-4945
Provides a panel of mediators to assist in the process of reaching an agreement in the areas of Neighborhood Disputes, Child Custody, Divorce, Parent/Teel Conflicts, Home Owners Association, Business, Real Estate, Employer/Employee, and Fremont Rent Increases.

**East Bay Community Mediation**
1968 San Pablo Avenue, Berkeley, CA 94702-1612
Phone: (510) 548-2377  fax: (510) 548-4051
EBCM is a community-based mediation program created by the union of Berkeley Dispute Resolution Service and Conciliation Forums of Oakland. EBCM offers counseling on options and approaches to resolving a dispute, mediation, large-group conflict facilitation, and conflict resolution skills workshops.

**Catholic Charities of the East Bay: Oakland – Main Office**
433 Jefferson Street, Oakland, CA 94607
Phone: (510) 768-3100  fax: (510) 451-6998
Mediators are responsible for mediation sessions involving the youth, victim and family members to work towards a mutually agreeable restitution agreement. Also provide free workshops in anger management and mediation.

**Center for Community Dispute Settlement**
1789 Barcelona Street, Livermore, CA 94550
Phone: (925) 373-1035
Provides services in Tri-Valley for all of Alameda County. Program goals are to increase the number of court cases resolved, mediating small claims cases four days per week, and training youth in listening and conflict resolution skills.

**California Lawyers for the Arts: Oakland Office**
1212 Broadway Street, Suite 837, Oakland, CA 94612
Phone: (510) 444-6351  fax: (510) 444-6352
This program increases the resolution of arts related disputes such as artistic control, ownership of intellectual property, credit for work performed or produced and contract issues, through the use of alternative dispute resolution. It also increases the capacity to provide services for counseling, conciliation and administration of mediation, arbitration and meeting facilitation.

Rev 4/05

10567494.tif - 7/31/2007 1:37:24 PM

# ALAMEDA COUNTY SUPERIOR COURT
# ADR PROGRAM

### ADR Program Administrator

Pursuant to California Rule of Court 1580.3, the presiding judge of the Superior Court of California, County of Alameda has designated Benjamin D. Stough, Berkeley Trial Court Administrator, to serve as ADR program administrator.

A Plaintiff may elect, the parties may stipulate or a judge may refer a case to Judicial Arbitration. The Judicial Arbitration Program Coordinator may be contacted at (510) 670-6646.

### The Judicial Arbitration Process

#### Appointment of Arbitrator (must be appointed within 30 days after referral per CRC 1605).
⇒ Parties mailed list of five names from which to select. (List mailed within 5-10 business days after receipt of referral).

⇒ Each party may reject one of the names listed (10 calendar days per CRC 1605a)

⇒ The administrator randomly appoints the arbitrators from the names remaining on the list. If only one remains then is deemed appointed.

#### Assignment of Case (CRC 1605a(4))
⇒ Within 15 days of notice of the appointment, the arbitrator shall contact parties in writing about time, date, and place of the hearing. The parties shall receive at least 30 days notice prior to the hearing.

#### Hearings (CRC 1611)
⇒ Shall be scheduled so as to be completed not less than 35 days nor more than 90 days from the date the arbitrator was assigned. For good cause shown, the case may be continued an additional 90 days by the Case Management Judge.

#### Award of Arbitrator (CRC 1615b & c)
⇒ Arbitrator must file an award within 10 days after conclusion of the arbitration hearing. The court may allow 20 additional days upon application of arbitrator is cases of unusual length or complexity.

⇒ Within 30 days of the filing of the award the parties may file a Request for Trial de Novo. The clerk shall enter the award as a judgment after 30 days provided a Trial de Novo has not been filed.

#### Return of Case to Court
⇒ Upon Filing of Trial de Novo the action is returned to Case Management Judge for further proceedings. (CRC 1616 & Local Rule 6.4)

⇒ If Trial de Novo is not filed then judgment is entered and the Case Management Judge is notified (CRC 1615c & Local Rule 6.6)

⇒ If parties indicate a settlement then case is returned to Case Management Judge and case is continued 45 days for an Order to Show Cause RE filing a dismissal. (Local Rule 6.6)

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA

| | | |
|---|---|---|
| Allen E. Broussard Justice Center<br>600 Washington Street, Oakland, CA 94707 | Berkeley Courthouse<br>2000 Center Street, 2nd Fl., Berkeley, CA 94704 | George E. McDonald Hall of Justice<br>2233 Shoreline Drive, Alameda, CA 94501 |
| Fremont Hall of Justice<br>39439 Paseo Padre Parkway, Fremont, CA 94538 | Gale/Schenone Hall of Justice<br>5672 Stoneridge Drive, Pleasanton, CA 94588 | Wiley W. Manuel Courthouse<br>661 Washington Street, Oakland, CA 94607 |
| Hayward Hall of Justice<br>24405 Amador Street, Hayward, CA 94544 | Rene C. Davidson Courthouse<br>1225 Fallon Street, Oakland, CA 94612 | |


Plaintiff

vs.

Case No.: _____

**STIPULATION FOR ALTERNATIVE DISPUTE RESOLUTION (ADR)**

Defendant

The parties by and through their attorneys of record hereby stipulate to submit the within

controversy to the following Alternative Dispute Resolution process:

_____

_____

_____

### ORDER

The foregoing stipulation having been read and considered, and good cause appearing, now therefore,

IT IS SO ORDERED.

IT IS FURTHER ORDERED that the matter be set for Order to Show Cause Hearing RE:

Dismissal on _____ at _____ a.m./p.m. in Department _____

Dated: _____

_____
JUDGE OF THE SUPERIOR COURT

(SEAL)

Rev 4/05

CM-010

**ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State bar number, and address):*
Thomas Spielbauer, Esq.                    078281
SPIELBAUER LAW FIRM
50 Airport Parkway
San Jose, CA 95110
TELEPHONE NO.: (408)451-8499          FAX NO.: (610)423-1395
ATTORNEY FOR *(Name):* Plaintiff, Marcos Lopez

*FOR COURT USE ONLY*

ENDORSED
FILED
ALAMEDA COUNTY

JUL 2 3 2007

CLERK OF THE SUPERIOR COURT
By MARGARET TAKADA
                        Deputy

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Alameda
STREET ADDRESS: 1225 Fallon Street
MAILING ADDRESS: 1225 Fallon Street
CITY AND ZIP CODE: Oakland, CA 94612
BRANCH NAME: Rene C. Davidson Courthouse

CASE NAME:
Lopez v. GMAC et Al.

| **CIVIL CASE COVER SHEET** | **Complex Case Designation** | CASE NUMBER: |
|---|---|---|
| [✓] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter [ ] Joinder | RG 07336961 |
| | | Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: / DEPT: |

*Items 1–5 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[✓] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [ ] is [✓] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties        d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel    e. [ ] Coordination with related actions pending in one or more courts issues that will be time-consuming to resolve          in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence        f. [ ] Substantial postjudgment judicial supervision

3. Type of remedies sought *(check all that apply):*
   a. [✓] monetary    b. [✓] nonmonetary; declaratory or injunctive relief    c. [✓] punitive

4. Number of causes of action *(specify):* Six (6)

5. This case [ ] is [✓] is not a class action suit.

6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: July 23, 2007

Thomas Spielbauer, Esq.
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. January 1, 2007]

**CIVIL CASE COVER SHEET**

American LegalNet, Inc.
www.FormsWorkflow.com

Cal. Rules of Court, rules 3.220, 3.400–3.403;
Standards of Judicial Administration, § 19
www.courtinfo.ca.gov

10567494.tif - 7/31/2007 1:37:24 PM

Thomas Spielbauer, Esq.
SBN 78281
THE SPIELBAUER LAW FIRM
50 Airport Parkway
San Jose, CA 95110
(408)451-8499
Fax: (610)423-1395
thomas@spielbauer.com

Attorneys for Marcos Lopez, Plaintiff

ENDORSED
FILED
ALAMEDA COUNTY

JUL 2 3 2007

CLERK OF THE SUPERIOR COURT
By MARGARET J. DOWNIE
Deputy

## IN THE SUPERIOR COURT
## OF THE STATE OF CALIFORNIA
### ALAMEDA COUNTY

MARCOS LOPEZ,

                              Plaintiff.

v.s.

GMAC MORTGAGE CORPORATION USA; GREENPOINT MORTGAGE FUNDING, INC; EXECUTIVE TRUST DEED SERVICES, INC.; and DOES 1-20,

                              Defendants.

No: RG 07 336 961

COMPLAINT FOR DECLARATORY JUDGMENT PURSUANT TO CCP §1060, FAIR DEBT COLLECTION PRACTICES ACT, RESPA, FRAUD, GOOD FAITH AND FAIR DEALING, PUNITIVE DAMAGES, AND FOR AN ACCOUNTING

JURY TRIAL REQUESTED

Plaintiff, Marcos Lopez, alleges:

### PARTIES

1. Plaintiff Marcos Lopez is and at all times herein mentioned was a resident of Alameda County, California. Marcos Lopez resides at 7345 Holly Street, Oakland, CA 94621.

2. Defendant GMAC MORTGAGE CORPORATION USA. (herein after referred to as GMAC) is a business entity with a principal place of business located at 100 Witmer Road, Horsham, PA 19044. GMAC does business in the State of California and within the County of Alameda, California on a regular

-1-

1  basis. GMAC's agent for the service of process in the State of California is CSC

2  Lawyers Incorporating Service, Post Office Box 526036, Sacramento, CA 95852.

3      3. Defendant GREENPOINT MORTGAGE FUNDING, INC. (herein after

4  referred to as GREENPOINT) is a business entity with a principal place of

5  business located at Hollow Wood Drive, Novato, CA 94945. GREENPOINT

6  does business in the State of California and within the County of Alameda,

7  California on a regular basis. GREENPOINT's agent for the service of process

8  in the State of California is C. T. Corporation System, 818 West Seventh Street

9  Los Angeles, CA 90017.

10     4. Defendant EXECUTIVE TRUST DEED SERVICES (herein after

11  referred to as EXECUTIVE) is a business entity with a principal place of

12  business located at 15455 San Fernando Mission Boulevard, Suite 208, Mission

13  Hills, CA 91345. EXECUTIVE is the trustee of an alleged deed of Trust on the

14  property 7345 Holly Street, Oakland, CA 94621. That trust deed number is

15  Alameda County number 2006078356. EXECUTIVE regularly conducts

16  business in Alameda County, California.

17     5. Plaintiff is informed and believes, and thereon alleges, that each

18  Defendant is and at all relevant times herein was, the agent, employee, alter-ego,

19  principal, employer, or co-conspirator of each of the remaining co-Defendants,

20  and in committing the acts herein alleged, was acting in the scope of their

21  authority as such agents, employees, principals, employers, alter-egos, or co-

22  conspirators and with the permission and consent of the remaining co-

23  Defendants.

24     6. DOES 1-20, inclusive, are individuals and/or businesses whose forms

25  are unknown and were agents, principals, employees, employers, and co-

26  conspirators of each and every other named or unnamed Defendant in this

27  complaint. Plaintiff is informed and believes, and thereon alleges, that each of

28  such Defendants is, and at all relevant times was, acting within the scope of their

-2-

1 authority as such agents, employees, or alter-egos and with the permission and
2 consent of the remaining named and un-named co-Defendants.

3     7. The true names and/or capacities of Defendants 1-20, inclusive, are
4 unknown to Plaintiff, and therefore he sues said Defendants by such fictitious
5 names. Plaintiff is informed and believes and thereon alleges that each of the
6 Defendants fictitiously named herein as a DOE is responsible for the events and
7 happenings hereinafter referred to, and thereby proximately caused the injuries
8 and damages to Plaintiff as hereinafter alleged. Plaintiff will seek leave of the
9 Court to amend this complaint to allege the true names and/or capacities of said
10 fictitiously named Defendants when ascertained.

11     8. Defendants, and each of them, are debt collectors as defined by by 15
12 USCA § 1692a(6), the Federal Fair Debt Collection Practices Act.

13     9. Defendants, and each of them, were required to comply with the Federal
14 Fair Debt Collection Practices Act, 15 U.S.C. §§1692-1692o, and the federal Real
15 Estate Settlement Procedures Act (RESPA), 12 U.S.C. §2601-2617.

16                    **JURISDICTION**

17     10. The transactions and events which are the subject matter of this
18 complaint all occurred within the County of Alameda, State of California.

19     11. The property located at 7345 Holly Street, Oakland, CA 94621 is
20 located in the County of Alameda, California. The legal description is Lot 23,
21 Putnam Terrace, Filed July 1, 1926, Map Book 9, Page 7, Alameda County
22 Records. APN 040-3324-023.

23                **JURY TRIAL DEMAND**

24     12. Marcos Lopez requests a jury trial on all issues in this matter.

25               **FACTUAL ALLEGATIONS**

26     13. The property of 7345 Holly Street, Oakland, CA 94621 is the home of
27 plaintiff Marcos Lopez and his family, including his 8 year old child. There are
28 two trust deeds on the property, one currently held by GMAC. This is the

10567494.tif - 7/31/2007 1:37:24 PM

1   foreclosing trust deed. This GMAC trust deed is Deed of Trust 2006078356.

2   There is a second trust deed on the property in the amount of $45,900 which is

3   held by Greenpoint Mortgage. This second trust deed is not within the subject

4   matter of this litigation.

5       14. Marcos Lopez purchased his home located at 7345 Holly Street in

6   Oakland, CA 94621 during April 2005. He subsequently refinanced the property

7   with defendant GMAC during January 2006. He refinanced with a first note in

8   the amount of $371,327.71 and secured this note with a trust deed in favor of

9   GMAC. The loan number is 0307664370 and the Deed of Trust securing this

10   loan is Alameda County trust deed number 2006078356.

11       15. The terms of the note required mortgage payments in the amount of

12   $1112.01 from plaintiff Marcos Lopez. Within approximately a month of this

13   loan transaction, GMAC assigned the note to defendant GREENPOINT.

14   Thereafter, there occurred confusing reassignments of this note between

15   GREENPOINT and GMAC. This note and trust deed, however, eventually

16   returned to GMAC which commenced non-judicial foreclosure proceedings

17   during March 2007.

18       16. EXECUTIVE, acting on behalf of GMAC, recorded a notice of trustee

19   sale on or about June 26, 2007. In this notice of trustee sale, GMAC is

20   demanding from Marcos Lopez the amount of $409,557.49 as the unpaid balance

21   and reasonably estimated costs and expenses. This amount is $38,229.78 in

22   excess of the principal amount of the note and is $38,229.78 more than what

23   plaintiff Marcos Lopez owes given the timely payments he has made on this loan.

24       17. Marcos Lopez tendered timely monthly mortgage payments, payments

25   which GMAC and GREENPOINT have failed to credit to Mr. Lopez. Had

26   GMAC and GREENPOINT properly accepted and credited plaintiff Marcos

27   Lopez's monthly mortgage payments, and had GMAC and GREENPOINT

28   fulfilled their legal duty to credit Mr. Lopez with his monthly mortgage payments

-4-

in a timely manner, there would have been no arrearage or deficiency giving rise to the non-judicial foreclosure sale scheduled for July 27, 2007 in this matter. There also would be no legal basis for any of defendants' fees, expenses, costs, and advances.

18. After the refinance, Marcos Lopez thereafter made the following, timely, monthly mortgage payments:

| Date | Payee | Amount |
|------|-------|--------|
| February 2006 | Greenpoint | $1,112.01 |
| March 2006 | Greenpoint | $1,112.01 |
| April 2006 | Greenpoint | $1,112.01 |
| May 2006 | Greenpoint | $1,112.01 |
| June 2006 | GMAC | $1,112.01 |
| July 2006 | GMAC | $1,112.01 |
| August 2006 | GMAC | $1,112.01 |
| September 2006 | GMAC | $1,112.01 |
| October 2006 | GMAC | $1,112.01 |
| November 2006 | Greenpoint | $1,112.01 |
| December 2006 | Greenpoint | $1,112.01 |
| January 2007 | Greenpoint | $1,112.01 *Greenpoint negotiated this check but subsequently refunded this amount. |
| February 2007 | Greenpoint | $1,112.01 *Greenpoint negotiated this check but subsequently credited payment as 15 days late. |
| March 2007 | Greenpoint | $1,112.01 *Greenpoint refused payment citing assignment to GMAC. |
| March - April 2007 | GMAC | @$4,448.04 *Payment tendered on line but refused by GMAC. |

10567494.tif - 7/31/2007 1:37:24 PM

| May 2007 | GMAC | GMAC refused to accept monthly mortgage payments, instead demanded extraordinary fees and cited that their foreclosure attorneys now had this case. |
|----------|------|--------|
| June 2007 | GMAC | |
| July 2007 | GMAC | |

19. Defendants recorded a notice of default on the property of 7345 Holly Street, Oakland, CA 94621 during the month of March 2007.

20. Defendants GMAC and EXECUTIVE recorded a notice of trustee sale, on or about June 26, 2007. In this notice of trustee sale, GMAC and EXECUTIVE erroneously made a statement of amounts due of $409,557.49. This demand, on the loan of $371,327.71, is grossly inaccurate. This notice of Trustee Sale is attached as Exhibit 1 to this complaint.

21. When plaintiff Marcos Lopez became aware that his monthly mortgage payments were not being properly credited to him, he contacted both GREENPOINT and GMAC. He furnished to GREENPOINT and GMAC proof of his timely monthly mortgage payments, only to be told by their respective representatives that they would contact him after investigating the matter. Defendants never investigated plaintiff's payments nor did they contact him concerning the information he provided concerning his payments.

22. California non-judicial foreclosure law requires that the notice of default contain an accurate statement of the amount in arrears. California non-judicial foreclosure law likewise mandates that the Notice of Trustee Sale contain an accurate statement of the total amount of the unpaid balance, to include a reasonable estimate of the costs, expenses, and advances incurred at the time of the initial publication of the notice of sale. The notice of default and the notice of trustee sale are contain erroneous amounts and are invalid under California non-judicial foreclosure law.

23. On July 11, 2007, plaintiff Marcos Lopez mailed via United States

-6-

1    Express mail a qualified written pursuant to the federal Real Estate Settlement
2    Procedures Act (RESPA) 12 U.S.C. 2605(e). This same letter also served as a
3    request for debt verification pursuant to the federal Fair Debt Collection Practices
4    Act, (15 U.S.C. 1692 et seq.). This letter is attached as Exhibit 2 to this
5    complaint.

6          24. In this letter, Marcos Lopez further requested that defendants furnish to
7    him a detailed accounting of the amounts they are demanding.  Marcos Lopez
8    requested that defendants provide him to written notice containing the precise
9    amount of the debt, the name of the creditor, and a detailed accounting and
10   verification of the amounts being demanded.

11         25. The letter to GMAC in Waterloo, IA was assigned a tracking number of
12   EB131498138US and was delivered by the United States Post Office on July 12,
13   2007 at 11:47 a.m., according the Post Office web site of www.usps.gov.    The
14   letter to GMAC in Louisville, KY was assigned a tracking number of
15   EB131498124US and was delivered by the United States Post Office on July 12,
16   2007 at 11:17 a.m..

17         26. The letter to GREENPOINT in Industry, CA was assigned a tracking
18   number of EB131498098US and was delivered by the United States Post Office
19   on July 12, 2007 at 8:58 a.m., according the Post Office web site of
20   www.usps.gov.    This address in Industry, CA is the address consumers are
21   directed in the billing statements to sent correspondence concerning their loans.

22         27. The letter to EXECUTIVE in Mission Hills, CA was assigned a
23   tracking number of EB131498115US and was delivered by the United States Post
24   Office on July 12, 2007 at 11:06 a.m. according to the Post Office web site of
25   www.usps.gov.

26         28. On July 16, 2007, GMAC acknowledged receipt of this July 11th letter.
27   Their letter is attached as Exhibit 3.

28         29. On July 20, 2007, GMAC agent Mike Morano ordered EXECUTIVE

-7-

1  proceed forward to trustee sale, despite the fact that the federal Fair Debt

2  Collections Act specifically mandates that, "the debt collector shall cease

3  collection of the debt, or any disputed portion thereof, until the debt collector

4  obtains verification of the debt...." 15 U.S.C. §1692g(b). Mr. Morano ordered

5  this despite the fact that GMAC promise on July 16, 2007 that, "a temporary hold

6  has been placed on the foreclosure pending further investigation." See Exhibit 3.

7      30. Defendants have not provided to the plaintiff any verification of their

8  claimed debt. Defendants further have not responded to nor addressed the issues

9  raised in plaintiff's "qualified written request".

10      31. A valid foreclosure by the private power of sale requires strict

11  compliance with the requirements of California Civil Code §2924 et seq..

12                          **FIRST CAUSE OF ACTION**

13      **REQUEST FOR DECLARATORY JUDGMENT**

14      32. Plaintiff Marcos Lopez realleges and incorporates by reference

15  paragraphs 1 to 31 of this complaint.

16      33. An actual controversy has arisen and now exists between plaintiff and

17  defendants concerning their respective rights and duties. Plaintiff desires a

18  judicial determination of his rights and duties.

19      34. California Civil Code §2924f mandates that the Notice of Trustee Sale

20  contain an *accurate* statement of the total amount of the unpaid balance and

21  reasonably estimated costs, expenses, advances at the time of the initial

22  publication of the notice of sale.

23      35. A valid foreclosure by the private power of sale requires strict

24  compliance with the requirements of California Civil Code §2924 et seq..

25      36. Defendants have unlawfully initiated a non-judicial foreclosure on the

26  plaintiff's home. California Civil Code §§2924 and 2924c(b)(1) require that the

27  notice of default contain an accurate statement that a breach of the secured

28  obligation has occurred and specification of the nature of the default.

-8-

37. Defendants have falsely stated in their notice of default the alleged default on the part of plaintiff, alleging his failure to make timely monthly mortgage payments, thereby incurring additional charges in fees. These statements, allegations and insinuations are and were untrue.

38. California Civil Code §2924f, subd. (b)(1) mandates that the notice of trustee sale must state the total amount of the unpaid balance of the secured obligation and a reasonable estimate of the costs, expenses, and advances as of the initial publication of the notice.

39. Defendants have falsely stated in their notice of sale that the reasonable estimate of costs, expenses, and advances is $409,557.49. This amount is $38,229.78 more than the principal which plaintiff owes, particularly in light of his timely monthly mortgage payments and his bona fide attempts to tender payment.

40. Defendants have failed to provide a detailed itemization of fees (assuming a legitimate sale) they are demanding, despite plaintiff's request for this itemization. This failure to provide an accounting prohibits plaintiff from assessing whether the fees themselves are within the amounts permitted by law, or whether they are fraudulent. This failure denies plaintiff the protections accorded by California Civil Code §2924 et seq..

41. Defendants have scheduled a trustee sale and intend to proceed with the sale on July 27, 2007 despite their violations of the federal Fair Debt Collection Practices Act, RESPA, and California Non-Judicial Foreclosure Law, California Civil Code §2924 et seq.. The federal statutes mandate that defendants' efforts to collect their alleged debts, and particularly their efforts to proceed forward with a foreclosure sale of plaintiff's home, must cease until the responses mandated by FDCPA and RESPA have been furnished. Defendants' violation of California non-judicial foreclosure law makes the foreclosure process invalid.

-9-

1    42. A judicial declaration is necessary and appropriate at this time and

2    under these circumstances in order that plaintiff may ascertain his rights and

3    duties and avoid the specter of a foreclosure sale and the loss of his home. Such

4    trustee's sale, absent a judicial determination negating the Notice of Trustee Sale,

5    or the issuance of a restraining order, will occur on Friday, July 27, 2007 at 12:00

6    p.m. (noon). Such a trustee's sale would for surely cause Marcos Lopez the unjust

7    loss of his home.

8        43. Defendants' actions in this matter have been wilful and knowing.

9                            **SECOND CAUSE OF ACTION**
                **FEDERAL FAIR DEBT COLLECTIONS ACT (15 U.S.C. §§1692-1692o)**
10

11        44. Plaintiff realleges and incorporates by reference paragraphs 1 to 43 of

12    this complaint.

13        45. The Federal Fair Debt Collection Practices Act (FDCPA) is contained

14    in 15 U.S.C. §§1692-1692o.

15        46. The Federal Fair Debt Collection Practices Act (FDCPA) is a *strict*

16    *liability* statute.

17        47. Defendants violated the federal Fair Debt Collection Practices Act by

18    failing to acknowledge plaintiff's dispute of the amounts being demanded. They

19    violated the FDCPA by attempting to collect amounts on a debt which plaintiff

20    Marcos Lopez does not owe. Defendants violated the FDCPA by failing to cease

21    collection of the debt, or any disputed portion thereof, until defendants provided

22    verification of the debt, as mandated by 15 U.S.C. §1692g(b). Defendants

23    violated the FDCPA by failing to postpone the scheduled foreclosure sale until

24    defendants provided verification of the debt, as mandated by 15 U.S.C.

25    §1692g(b)..

26        48. Defendants attempted to mislead and defraud plaintiff by requiring him

27    to pay sums of money which he did not and does not owe to defendants, and by

28    requiring this money under threat of foreclosure, with the intent of taking

-10-

1  possession of plaintiff's home if he did not pay these sums.

2  49. Defendants further violated the federal Fair Debt Collections Practices

3  Act by their actions as set forth in the factual circumstances of this complaint.

4  50. Defendants' actions as discussed in this cause of action have been

5  wilful and knowing and malicious.

6  ### THIRD CAUSE OF ACTION
7  ### RESPA (12 U.S.C. §2601-2617)

8  51. Plaintiff realleges and incorporates by reference paragraphs 1 to 50 of

9  this complaint.

10  52. Defendants violated federal RESPA by failing to investigate and

11  respond to plaintiff's oral dispute of the amounts being demanded.

12  53. On July 12, 2007, defendants received a "qualified written request" as

13  defined in 12 U.S.C. 2605(e) (RESPA). As a result, defendants are and were

14  required by law to acknowledge receipt of this correspondence within 20 days

15  and to undertake and notify plaintiff of corrective actions within 60 days.

16  54. Defendants have further failed to undertake any corrective action

17  relating to this request.

18  55. Defendants have further violated RESPA by refusing to postpone the

19  scheduled non-judicial foreclosure sale. 12 U.S.C. 2605(e) (RESPA) forbids the

20  defendants from providing any, "information regarding any overdue payment,

21  owed by such borrower and relating to such period or qualified written request, to

22  any consumer reporting agency."

23  56. The conduct of a foreclosure sale is the most negative reporting that can

24  occur. Upon the conclusion of a trustee sale, the trustee issues to the bona fide

25  purchaser a trustee's deed upon sale. This deed is recorded with the Alameda

26  County Recorder, providing notice and report to the whole world. Additionally,

27  this information is reported to all of the consumer reporting agencies, particularly

28  Equifax, Transunion, and Esperian.

-11-

57. By its substance and intent, 12 U.S.C. 2605(e) (RESPA) forbids the conduct of a non-judicial foreclosure sale while a RESPA qualified written request is pending.

58. 12 U.S.C. §2605 (b) through (d) require that both GMAC and GREENPOINT shall have provided notice to Marcos Lopez in writing not less than 15 days before the effective date the assignment of his mortgage. This notice was to include the name and toll-free number of the assignee as well as the date that the assignor will cease to accept payments and the date that the assignee will begin to accept payments. This law further requires that during the 60-day period beginning on the transfer date, no late fee may be imposed on Marcos Lopez with respect to any payment on the loan, and no such payment may be treated as late, if received by the assignor in an otherwise timely manner. The assignor is obligated to forthwith transfer these payments to the assignee.

59. Defendants failed to provide to plaintiff Marcos Lopez the notices required under 12 U.S.C. §2605(b) through (d). Defendants have further failed to credit plaintiff Marcos Lopez with his timely mortgage payments and with his attempt to tender timely monthly mortgage payments. Defendants have further sought to impose unlawful fees upon plaintiff Marcos Lopez, in direct violation of RESPA.

60. Defendants actions in this matter have been knowing, wilful and malicious.

## FOURTH CAUSE OF ACTION
## CONTRACTUAL BREACH OF THE CONVENANT OF GOOD FAITH AND FAIR DEALING

61. Plaintiff realleges and incorporates by reference paragraphs 1 to 60 of this complaint.

62. Every contract imposes upon each party a duty of good faith and fair dealing in its performance and its enforcement. This implied covenant of good faith and fair dealing requires that no party will do anything that will have the

-12-

1   effect of impairing, destroying, or injuring the rights of the other party to receive

2   the benefits of their agreement. This covenant implies that in all contracts each

3   party will do all things reasonably contemplated by the terms of the contract to

4   accomplish its purpose. This covenant protects the benefits of the contract that

5   the parties reasonably contemplated when they entered into the agreement,

6       63. The terms of the promissory note and trust deed imposed upon the

7   defendants a duty of good faith and fair dealing in this matter.

8       64. Defendants enjoyed substantial discretionary power affecting the rights

9   of plaintiff during the events alleged in this complaint. Defendants were required

10  to exercise such power in good faith.

11      65. California foreclosure law and procedure is based on the social policy.

12  The goal of California foreclosure law, trust deed foreclosure under California

13  Civil Code §2924 et seq. is to provide fast, efficient and non-judicial remedies to

14  beneficiaries while at the same time providing protection to trustors. California

15  non-judicial foreclosure law also is intended to protect the trustor from a

16  wrongful or unfair loss of his property.

17      66. California non-judicial foreclosure law requires strict compliance on

18  the part of beneficiaries and trustees.

19      67. Defendants wilfully breached their implied covenant of good faith and

20  fair dealing with plaintiff Marcus Lopez. They have breached this covenant by

21  the following actions: Defendants' erroneous statement of amount due in their

22  notice of trustee sale of June 26, 2007; defendants' failure to respond to

23  plaintiff's oral disputes and their false promise to investigate and respond to

24  plaintiff; defendants' scheduling of the trustee sale for July 27, 2007; defendants'

25  refusal to postpone the sale date despite the fact that GMAC promise on July 16,

26  2007 that, "a temporary hold has been placed on the foreclosure pending further

27  investigation"; defendants' failure to credit Marcos Lopez with timely monthly

28  mortgage payments and then refuse the payments; defendants' categorization of

1  Marcos Lopez's payments as being delinquent; defendants demands upon Marcos

2  Lopez for extraordinary fees and charges; defendants threats and actions to

3  foreclose on plaintiff's home; defendants' failure to comply with the provisions

4  of the federal Fair Debt Collection Procedures Act and RESPA; defendants'

5  refusal to render an itemized and detailed accounting of the amounts they are

6  demanding from plaintiff; and defendants' ongoing attempts to sell plaintiff's

7  home demonstrate defendants' breach of this covenant.

8      68. Defendants breached its covenant of good faith and fair dealing with

9  plaintiff by violating California Civil Code §2924c(b)(1), California Civil Code

10  §2924f, subd. (b)(1), California Civil Code §2924 and by their actions as alleged

11  in this complaint.

12      69. As a result of defendants' breach of this covenant, plaintiff Marcos

13  Lopez has suffered injury. The injury has caused plaintiff to suffer the specter of

14  a foreclosure sale of his home  and incur attorney fees and other costs and

15  expenses in order to prevent this sale.

16      70. Defendants actions have been wilful and knowing.

17  ## FIFTH CAUSE OF ACTION
   ## FRAUD

18

19      71. Plaintiff realleges and incorporates by reference paragraphs 1 to 70 of

20  this complaint.

21      72. California Civil Code §1572 states that fraud exists when any of the

22  following act and situations occur. Actual fraud consists in any of the following

23  acts, committed by a party to the contract, or with his connivance, with intent to

24  deceive another party:

25      a. The suggestion, as a fact, of that which is not true, by one who

26  does not believe it to be true; b. The positive assertion, in a manner

27  not warranted by the information of the person making it, of that

28  which is not true, though he believes it to be true; c. The suppression

-14-

1     of that which is true, by one having knowledge or belief of the fact;

2     d. A promise made without any intention of performing it; or, e. Any

3     other act fitted to deceive.

4     73. The acts of the defendants in their violation of California Non-Judicial

5 Foreclosure Law (California Civil Code §2924 et seq.), their violation of the

6 federal Fair Debt Collection Practices Act, and their violation of RESPA, and the

7 facts as alleged in this complaint clearly demonstrate fraud. These facts show

8 that defendants attempted to deceive the plaintiff into foregoing his rights under

9 California Non-Judicial Foreclosure law and thereby lose his home to a

10 foreclosure sale. The facts show that defendants attempted to collect money they

11 were not entitled to and then to foreclosed on plaintiff's home in order to gain

12 these unlawful payments.

13     74. Defendants' actions in engaging in the actions alleged in this complaint

14 have been wilful and malicious.

### SIXTH CAUSE OF ACTION
### PUNITIVE DAMAGES

17     75. Plaintiff realleges and incorporates by reference paragraphs 1 to 74 of

this complaint.

19     76. Plaintiff Marcos Lopez alleges that defendants, and each of them, are

20 guilty of malice, fraud and oppression as defined by California Civil Code §3294,

21 and that Gregory Thomas should recover, in addition to actual damages, damages

22 to make an example of and to punish defendants and each of them for their

actions.

### PRAYER

25 WHEREFORE, plaintiff prays judgment as follows:

26     1. For a declaration that the notice of default and the notice of trustee Sale

27 filed on or about June 26, 2007 and attached as Exhibit 1 and is invalid, unlawful,

28 and does not provide the necessary foundation for the conduct of a trustee sale, as

-15-

1  described in California Civil Code §2924 et seq..

2      2. For a declaration that defendants have violated California Civil Code

3  California Civil Code §2924c(b)(1) and California Civil Code §2924f, subd.

4  (b)(1) in this non-judicial foreclosure process.

5      3. For a declaration that defendants are forbidden by the Federal Fair Debt

6  Collections Practices Act from proceeding forward, or initiating, a non-judicial

7  foreclosure sale of plaintiff's home until they provide verification of their alleged

8  debt, as mandated by 15 U.S.C. §1692g(b)..

9      4. For a declaration that defendants are forbidden by the Real Estate

10 Settlement and Procedures Act (12 U.S.C. §2605) from proceeding forward, or

11 initiating, a non-judicial foreclosure sale of plaintiff's home until they respond

12 and take corrective actions to the concerns raised in plaintiff's July 11, 2007

13 qualified written request.

14     5. For a permanent injunction prohibiting defendants from conducting a

15 non-judicial foreclosure sale of plaintiff's home located at 7345 Holly Street,

16 Oakland, CA 94621 pursuant to deed of trust 2006078356.

17     6. Defendants render a full, complete, detailed, and itemized accounting

18 reflecting the amounts they claim are past due, the principal, interest, taxes,

19 assessments, insurance premiums, or advances, and recurring obligations, and

20 particularly attorney and trustee fees. That they render proof of existence of their

21 alleged note and security interest on 7345 Holly Street, Oakland, CA 94621 .

22 That defendants substantiate their accounting with detailed documentation.

23     7. That Plaintiff Marcos Lopez be declared to be the prevailing party.

24     8. For attorney fees pursuant to California Civil Code §1717, the Fair Debt

25 Collections Act, 15 U.S.C. 1692k, and RESPA 12 U.S.C. 2605.

26     9. For an award of one thousand dollars ($1,000) as permitted by 12 U.S.C.

27 2605.

28     10. For an award of one thousand dollars ($1,000) as permitted by 15

-16-

1  U.S.C. 1692k.

2      11. For general and special damages.

3      12. For punitive damages.

4      13. For costs of suit herein incurred and costs as authorized by the Fair

5  Debt Collections Act, 15 U.S.C. 1692k and RESPA, 12 U.S.C. 2605.

6      14. For such other and further relief as the court may deem proper.

7  SPIELBAUER LAW FIRM

8

9

10

11  Thomas Spielbauer, Esq.
    Attorney for Plaintiff

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

10667494.tif - 7/31/2007 1:37:24 PM

1                     **VERIFICATION**

2         I, Marcos Lopez, am the plaintiff in the above-entitled action. I have read

3  the foregoing complaint and know the contents thereof. The same is true of my

4  own knowledge, except as to those matters which are therein alleged on

5  information and belief, and as to those matters, I believe it to be true.

6         I declare under penalty of perjury under the laws of the State of California

7  that the foregoing is true and correct.

8  July 23, 2007

9

10  _____
    Marcos Lopez

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# TABLE OF EXHIBITS

Exhibit

Notice of Trustee Sale of June 26, 2007 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Plaintiff's July 11, 2007 Dispute Letter  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

GMAC Acknowledgment Letter . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

# Exhibit 1

Notice of Trustee Sale

RECORDING REQUESTED BY
**EXECUTIVE TRUSTEE SERVICES, LLC.**

AND WHEN RECORDED MAIL TO:
**EXECUTIVE TRUSTEE SERVICES, LLC.**
**15455 SAN FERNANDO MISSION BLVD**
**SUITE #208**
**MISSION HILLS, CA 91345**

T.S. No. GM-104630-C
Loan No. 0307664370

SPACE ABOVE THIS LINE FOR RECORDER'S Use

# NOTICE OF TRUSTEE'S SALE

**YOU ARE IN DEFAULT UNDER A DEED OF TRUST DATED 2/16/2006. UNLESS YOU TAKE ACTION TO PROTECT YOUR PROPERTY, IT MAY BE SOLD AT A PUBLIC SALE. IF YOU NEED AN EXPLANATION OF THE NATURE OF THE PROCEEDING AGAINST YOU, YOU SHOULD CONTACT A LAWYER.**

A public auction sale to the highest bidder for cash, cashier's check drawn on a state or national bank, check drawn by a state or federal credit union, or a check drawn by a state or federal savings and loan association, or savings association, or savings bank specified in Section 5102 of the Financial Code and authorized to do business in this state, will be held by the duly appointed trustee. The sale will be made, but without covenant or warranty, expressed or implied, regarding title, possession, or encumbrances, to satisfy the obligation secured by said Deed of Trust. The undersigned Trustee disclaims any liability for any incorrectness of the property address or other common designation, if any, shown herein.

TRUSTOR:**MARCOS LOPEZ, A MARRIED MAN**
Recorded 3/2/2006 as Instrument No. 2006078356 in Book , page of
  Official Records in the office of the Recorder of Alameda County, California,
Date of Sale:7/27/2007 at 12:30 PM
Place of Sale:   AT THE FALLON STREET ENTRANCE TO THE COUNTY COURTHOUSE, 1225 FALLON STREET, OAKLAND, CALIFORNIA
Property Address is purported to be:

7345 HOLLY ST
OAKLAND, CA 94621

APN #: 040-3324-023

The total amount secured by said instrument as of the time of initial publication of this notice is $409,557.49, which includes the total amount of the unpaid balance (including accrued and unpaid interest) and reasonable estimated costs, expenses, and advances at the time of initial publication of this notice.

Date: June 26, 2007

EXECUTIVE TRUSTEE SERVICES, LLC
15455 SAN FERNANDO MISSION BLVD
SUITE #208
MISSION HILLS, CA 91345
Sale Line 714-259-7850

DIANNA SANDOVAL
TRUSTEE SALE OFFICER

# Exhibit 2

Plaintiff's July 11, 2007 Dispute Letter

# THE SPIELBAUER LAW FIRM

## Attorneys at Law

*Keeping Clients Where They Belong . . . in Their Homes*

50 AIRPORT PARKWAY • SAN JOSE, CA 95110 • (408)451-8499 • FAX: (610)423-1395
thomas@spielbauer.com

Wednesday, July 11, 2007

GMAC Mortgage
3451 Hammond Avenue
P. O. Box 780
Waterloo, IA 50704
[EB131498138US]

GMAC Mortgage
6716 Grade Lane
Building 9, Suite 910
Louisville, KY 40213-1407
[EB131498124US]

Executive Trust Deed Services
15455 San Fernando Mission Blvd.
Suite 208
Mission Hills, CA 91345
Fax: (818)361-8876
[EB131498115US]

Greenpoint Mortgage
P. O. Box 79363
City of Industry, CA 91716-9363
[EB131498098US]

Re: 7345 Holly Street, Oakland, CA 94621
Deed of Trust 2006078356
Loan Number 0307664370
Trustee Sale Number GM-104630-C
APN 040-3324-023
Alameda County Foreclosure sale date: July 27, 2007 at 12:30 p.m.

Delivery by Overnight Mail and by Fax

Dear GMAC, Greenpoint, and Executive Trust Deed Service,

I am writing you on behalf of Marcos Lopez, who is my client. I have enclosed with this letter a copy of a letter of authorization signed by Mr. Lopez. I am specifically writing to ask that you postpone the trustee sale which is scheduled for Friday, July 27, 2007 at 12:30 p.m.. I am requesting on Mr. Lopez's behalf a postponement and eventual cancellation of the sale so that we may discuss these matters and come to a mutually beneficial resolution.

10567494.tif - 7/31/2007 1:37:24 PM

The property which is subject to the foreclosure sale is a two bedroom, one bath home in Oakland, California. It is the home of Mr. Lopez and his family, including his 8 year old child. There is a trust deed on the property, currently held by GMAC. This is the foreclosing trust deed. There is a second trust deed on the property in the amount of $45,900 which is held by Greenpoint Mortgage. This second trust deed is not the subject matter of this letter.

After having reviewed this matter, I have come to the conclusion that GMAC and Executive Trust Deed do not have the legal right to conduct this foreclosure sale. This office is prepared to litigate this matter in court.

Marcos Lopez purchased his home located at 7345 Holly Street in Oakland, CA 94621 during April 2005. He subsequently refinanced the property with GMAC during January 2006. He refinanced a first note on the property in the amount of $371,327.71 and secured this note with a trust deed in favor of GMAC. The trust deed number and the loan numbers are reflected on the first page of this letter. The mortgage payments required of Mr. Lopez were in the amount of $1112.01. Within approximately a month of this loan transaction, GMAC assigned the note to Greenpoint Mortgage. Thereafter, there occurred confusing reassignments of this note between Greenpoint Mortgage and GMAC. This note and trust deed, however, eventually returned to GMAC Mortgage which commenced non-judicial foreclosure proceedings during March 2007. Executive Trust Deed, acting on behalf of GMAC Mortgage, recorded a notice of trustee sale on or about June 26, 2007. GMAC is demanding from Marcos Lopez the amount of $409,557.49 as the unpaid balance and reasonably estimated costs and expenses.

Marcos Lopez tendered to the beneficiary timely monthly mortgage payments, payments which GMAC and Greenpoint Mortgage have failed to credit to Mr. Lopez. Had GMAC and Greenpoint Mortgage fulfilled their legal duty to credit Mr. Lopez with his monthly mortgage payments, and had they done so in a timely manner, it would be evident that there is and was no basis for the issuance of a notice of default nor for this scheduled trustee sale of July 27, 2007. There is no legal basis for any of GMAC's, Greenpoint Mortgage's or Executive Trust Deed's charges of fees, expenses, costs, and advances.

10567494.tif - 7/31/2007 1:37:24 PM

Marcos Lopez made the following, timely, monthly mortgage payments:

| Date | Payee | Amount |
|------|-------|--------|
| February 2006 | Greenpoint | $1,112.01 |
| March 2006 | Greenpoint | $1,112.01 |
| April 2006 | Greenpoint | $1,112.01 |
| May 2006 | Greenpoint | $1,112.01 |
| June 2006 | GMAC | $1,112.01 |
| July 2006 | GMAC | $1,112.01 |
| August 2006 | GMAC | $1,112.01 |
| September 2006 | GMAC | $1,112.01 |
| October 2006 | GMAC | $1,112.01 |
| November 2006 | Greenpoint | $1,112.01 |
| December 2006 | Greenpoint | $1,112.01 |
| January 2007 | Greenpoint | $1,112.01 *Greenpoint negotiated this check but subsequently refunded this amount. |
| February 2007 | Greenpoint | $1,112.01 *Greenpoint negotiated this check but subsequently credited payment as 15 days late. |
| March 2007 | Greenpoint | $1,112.01 *Greenpoint refused payment citing assignment to GMAC. |

Page 3 of 7

| March - April 2007 | GMAC | @$4,448.04<br>*Payment tendered on line but refused by GMAC. |
| May 2007 | GMAC | GMAC refused to accept monthly mortgage payments, instead demanded extraordinary fees and cited that their foreclosure attorneys now had this case. |
| June 2007 | GMAC | |
| July 2007 | GMAC | |

The notice of trustee sale, recorded on or about June 26, 2007, erroneously made a statement of amounts due of $409,557.49. This demand, on the loan of $371,327.71, is grossly inaccurate and is a direct result of either gross error or malice on the part of GMAC and Greenpoint Mortgage.

When Marcos Lopez became aware that his monthly mortgage payments were not being properly credited to him, he contacted both Greenpoint and GMAC. He furnished to Greenpoint and GMAC proof of his timely monthly mortgage payments, only to be told by their respective representatives that they would contact him after investigating the matter. Their "contact" ended up being the notice of default and the notice of trustee sale.

California non-judicial foreclosure law requires that the notice of default contain an <u>accurate</u> statement of the amount in arrears. California non-judicial foreclosure law likewise mandates that the Notice of Trustee Sale contain an <u>accurate</u> statement of the total amount of the unpaid balance, to include a reasonable estimate of the costs, expenses, and advances incurred at the time of the initial publication of the notice of sale. The notice of default and the notice of trustee sale are invalid under California non-judicial foreclosure law.

This foreclosure activity is a flagrant violation of California foreclosure law, the California Fair Debt Collection law, the Federal Fair Debt Collection law, and RESPA, among other laws.

10667494.tif - 7/31/2007 1:37:24 PM

Marcos Lopez hereby advises GMAC and Greenpoint and Executive Trust Deed that he disputes the amounts being demanded in this matter. Marcos Lopez hereby requests, pursuant to the Fair Debt Collections Act (15 U.S.C. 1692 et seq.) and California foreclosure law and California Civil Code §2943, that GMAC, Greenpoint and Executive Trust Deed furnish to him forthwith a detailed accounting of the amounts they are demanding. Marcos Lopez further requests that GMAC, Greenpoint and Executive Trust Deed provide him written notice containing the precise amount of the debt, the name of the creditor, and a detailed accounting and verification of the amounts being demanded.

Marcos Lopez reminds GMAC, Greenpoint and Executive Trust Deed that, pursuant to the FDCA, for a 30-day period during which the debt is disputed, collection efforts must cease until verification of the debt is sent to the debtor. Marcos Lopez further reminds GMAC, Greenpoint and Executive Trust Deed of the 5 day notice requirement of 15 U.S.C. 1692g(a).

I also remind you that the Federal Fair Debt Collection Act is considered a "strict liability" statute: i.e., debt collectors generally are liable for violating the FDCPA's requirements without regard to intent, knowledge or willfulness.[2]

As I mentioned above, Marcos Lopez, has already and on several occasions, brought to GMAC and Greenpoint's attention his timely mortgage payments, payments which were never credited to him. GMAC and Greenpoint never responded to nor addressed these communications and concerns. As I write this letter, GMAC and Greenpoint have already violated the Federal Fair Debt Collection Practice Act. They have also directly violated the Real Estate Settlement Procedures Act, specifically 12 U.S.C. 2605(e) [mentioned below]. They both have continued this violation, now in conjunction with Executive Trust Deed, by this foreclosure proceeding.

---

[2] *Russell v. Equifax A.R.S.* (2nd Cir. 1996) 74 F.3d 30, 33; *Booth v. Collection Experts*, Inc. (ED WI 1997) 969

GMAC and Greenpoint have violated, and continue to violate, the mandates of 12 U.S.C. §2605 (RESPA). Among other things, this law prohibits any late fee in this matter, given the facts outlined in this letter. It prohibits the reporting of any negative credit information. It prohibits the failure to credit payments, as has occurred in this matter.

Please further consider this letter to be a qualified written request as discussed in 12 U.S.C. 2605(e) (RESPA). I am sure that you are aware that you are required by law to acknowledge receipt of this correspondence within 20 days and to undertake and notify this office of corrective actions within 60 days. Furthermore, you are forbidden by law from providing any "information regarding any overdue payment, owed by such borrower and relating to such period or qualified written request, to any consumer reporting agency." Clearly, the conduct of a foreclosure sale and its con-commitant recordation and public reports falls within the prohibited acts of the federal RESPA law. Marcos Lopez hereby, and has previously, disputes this debt and specifically the amounts being demanded in the notice of default and the notice of trustee sale.

By this letter, I am also specifically requesting on behalf of Marcos Lopez that GMAC, Greenpoint and Executive Trust Deed render a full and detailed accounting of all payments made by Marcos Lopez to GMAC and Greenpoint, as well as a full and detailed accounting of the amounts being demanded by GMAC, Greenpoint and Executive Trust Deed.

It is my opinion that GMAC's and Executive Trust Deed's effort to conduct a foreclosure sale upon the property of 7345 Holly Street, Oakland, CA 94621 is illegal and in violation of California non-judicial foreclosure law, California Civil Code §2924 et seq..

7345 Holly Street, Oakland, CA 94621 is Marcos Lopez's home. Mr. Lopez is prepared to undertake whatever legal actions are necessary to preserve his home, for himself, his wife, and for his young daughter. I remind you that under 12 U.S.C. 2605(f) (RESPA), under the Fair Debt Collection Act, as well as under the trust deed and promissory note, GMAC, Greenpoint and Executive Trust Deed will be legally liable and will continue to be liable for Marcos Lopez's attorney fees in the event that court action is necessary to sustain his rights. The litigation fees charged by this firm will make this an expensive and distasteful proposition for GMAC, Greenpoint and Executive Trust Deed Service.

I ask that you postpone or continue the trustee sale which is set for Mr. Lopez's home on July 27, 2007. If, however, GMAC and Executive Trust Deed Service decline to continue the trustee sale, I must advise you of the fact that I intend to file a complaint with the Alameda Superior Court. In this complaint, I will seek a court declaration that GMAC's and Executive Trust Deed Service's attempt to non-judicially foreclose on Marcos Lopez's home is void and invalid. I will also seek general, special and punitive damages consistent with the issues I have raised in this letter. I intend to file this complaint on Thursday or Friday of next week. I will thereafter file a request for an injunction prohibiting the foreclosure sale.

You must contact me within five days of your receipt of this letter, with an agreement to postpone the sale, if you wish to avoid court action.

In anticipation of the need for litigation, I hereby provide you the following, and required, notice. Unless the trustee sale is postponed, I intend to approach the Superior Court with an exparte application that the court issue a temporary restraining order prohibiting the sale set for July 27, 2007 at 12:30 p.m. and an injunction prohibiting the sale generally. I intend to seek this order from the **Alameda County Superior Court located at 201 13th Street, 2nd Floor, Oakland, CA 94612**. I will advise you of the time and date of the TRO application once I am aware of them. The court clerk provides this information only after the complaint has been filed. Please provide to me a telephone number to which I can verbally advise you of the department and time. Please also provide me a fax number to where this information and notice can be faxed. You should further forward this letter to your legal counsel.

I request that you postpone the trustee sale and that you provide to me the requested statements. Please contact me upon receipt of this letter.

Truly yours,

Thomas Spielbauer

Page 7 of 7

# Exhibit 3

GMAC Acknowledgment Letter

# **GMAC** Mortgage

**Risk Management Operations**
*Voice of the Customer*

Sent via fax 610-423-1395

July 16, 2007

Thomas Speilbauer, Esquire
50 Airport Parkway
San Jose, CA 95110

Account Number: 0307664370
Property Address: 7345 Holly St
Oakland, CA 94621

Dear Mr. Speilbauer:

This will acknowledge receipt of your qualified written request dated July 11, 2007. We will review this matter and provide you with a written response. Please note that a temporary hold has been placed on the foreclosure pending further investigation.

Should you need to contact me directly, you may reach me at 888-462-2864, extension 5750.

Sincerely,

Theresa M. Darst
Voice of the Customer

GMAC Mortgage Corporation        Tel: (800) 627-0128
100 Witmer Road                  www.gmacmortgage.com
Horsham, PA 19044

10667494.tif - 7/31/2007 1:37:24 PM

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# PROOF OF SERVICE

I declare that I am over the age of eighteen and not a party to the within entitled action. I am employed in the County of Marin, State of California. My business address is 100 Wood Hollow Drive, Novato, California 94945

On July 31, 2007, I caused a copy of NOTICE OF REMOVAL to be served on all parties in said action, by delivering a true copy thereof in a sealed envelope addressed as follows:

Thomas Spielbauer
The Spielbauer Law Firm
50 Airport Parkway
San Jose, CA 95110

____ (BY MAIL) Being familiar with this firm's collection and processing of documents for deposit into the United States mail, I caused each envelope to be placed in the United States mail at Novato, California with FIRST CLASS postage thereupon fully prepaid.

____ (BY OVERNIGHT COURIER) I caused the envelope to be sent via _____.

__X__ (BY HAND) I caused each envelope to be delivered by hand.

____ (BY TELECOPIER) I caused each document to be electronically transmitted to the following number(s): _____.

____ (State) I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

__X__ (Federal) I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 31st day of July 2007, in Novato, CA.

Marcia Cambiano

10567494.tif - 7/31/2007 1:37:24 PM