RONALD M. ARLAS, ESQ. #59091
ARLAS & SMITHTON
100 Wood Hollow Drive
Novato, CA 94945
(415) 878-5390; Fax (415) 878-3595
Email: ron.arlas@greenpoint.com

EDWARD R. BUELL, ESQ. #240494
GREENPOINT MORTGAGE FUNDING, INC.
100 Wood Hollow Drive
Novato, Ca. 94945
(415) 878-5616; Fax (4150 878-3593
Email: ted.buell@greenpoint.com

Attorneys for Defendant GREENPOINT MORTGAGE
FUNDING, INC.

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCOS LOPEZ,<br>    Plaintiff,<br>vs.<br>GMAC MORTGAGE et al.,<br>    Defendant. | Case No. CO7-03911-EMC<br>ADR<br>ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT GREENPOINT MORTGAGE FUNDING, INC. |

Defendant GREENPOINT MORTGAGE FUNDING, INC., ("GPM") hereby answers plaintiff's complaint as follows:

PARTIES

1. As to paragraphs 1, 2, 4, 6, and 7 of the Complaint, defendant GPM lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the these paragraphs of the complaint, and on that basis, denies each and every allegation therein.

2. GPM admits the allegations contained in paragraph 3 of the complaint, other than the fact that plaintiff's counsel has the incorrect address for defendant GPM.

3. GPM denies each and every allegation contained in paragraphs 5 and 8 of the complaint.

4. GPM admits the allegations contained in paragraph 9 of the complaint.

## JURISDICTION

5. As to paragraphs 10, and 11 of the Complaint, defendant GPM lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in these paragraphs of the complaint, and on that basis, denies each and every allegation therein.

## JURY TRIAL DEMAND

6. As to paragraph 12 of the Complaint, defendant GPM lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the this paragraph of the complaint, and on that basis, denies each and every allegation therein.

## FACTUAL ALLEGATIONS

7. As to paragraph 13, GPM admits there is a second deed of trust ("DOT") recorded against the property located at 7345 Holly Street, Oakland, Ca. 94621, hereinafter "the PROPERTY". GPM admits that it originated the loan that resulted in the second DOT being placed as a security interest against the PROPERTY. As to all other allegations in paragraph 13, defendant GPM lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the this paragraph of the complaint, and on that basis, denies each and every allegation therein.

8. As to paragraph 14, defendant GPM lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the complaint, and on that basis, denies each and every allegation therein.

9. As to paragraph 15, GPM admits the allegations contained in the first sentence of said paragraph, but denies each and every one of the other allegations contained in the rest of this paragraph.

10. As to paragraph 16, defendant GPM lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the this paragraph of the complaint, and on that basis, denies each and every allegation therein.

11. As to paragraph 17, GPM denies that it ever failed to properly and timely credit any payments it received from plaintiff to the appropriate loan. GPM also denies that it ever failed to do its legal duty to plaintiff. As for all of the other allegations contained in paragraph 17, defendant GPM lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the this paragraph of the complaint, and on that basis, denies each and every allegation therein.

12. As to paragraph 18, GPM admits receiving a payment from plaintiff, in the amount of $1,311.98 on or about March 28, 2006, which payment was applied to the April, 2006, in the amount of $1,112.01, with the remainder being applied towards the principal of the loan. GPM denies receiving any other payments from plaintiff to be applied to the first mortgage.

13. As to paragraph 19, GPM denies ever recording a notice of default ("NOD") on the PROPERTY.

14. As to paragraph 20, defendant GPM lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the this paragraph of the complaint, and on that basis, denies each and every allegation therein.

15. As to paragraph 21, GPM states that its servicing notes do not show that it ever received or had any verbal communication from plaintiff with regards to questions on payments on the first

mortgage. As to the other allegations contained in paragraph 21, GPM either lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the this paragraph of the complaint as they apply to GMAC, and on that basis, denies each and every allegation therein or it denies each and every other allegation as it applies to GPM.

16. As to paragraph 22, defendant GPM alleges that California foreclosure statutes speak for themselves. As to the other allegations contained in this paragraph, defendant GPM lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the this paragraph of the complaint, and on that basis, denies each and every allegation therein.

17. As to paragraph 23, defendant GPM states that plaintiff's Exhibit 2, attached to his complaint speaks for itself. Furthermore, if plaintiff is alleging that the letter from plaintiff's counsel, Exhibit 2, is what he is claiming is a "qualified written request", then GPM states that its servicing records do not show that it was ever received in the Servicing Division probably because plaintiff's counsel sent it to the wrong address for such communication. In addition, GPM notes that plaintiff's Exhibit 2 is barred as a valid "qualified written request" because of the appropriate statute of limitations.

18. As to paragraph 24, defendant GPM states that plaintiff's Exhibit 2, attached to his complaint speaks for itself.

19. As to paragraph 25, defendant GPM lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the this paragraph of the complaint, and on that basis, denies each and every allegation therein.

20. As to paragraph 26, defendant GPM lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the first sentence of this paragraph of the

complaint, and on that basis, denies each and every allegation therein. GPM denies each and every other allegation contained in this paragraph.

21. As to paragraphs 27, 28 and 29, defendant GPM lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the first sentence of this paragraph of the complaint, and on that basis, denies each and every allegation contained therein.

22. As to paragraph 30, defendant GPM admits that it has not provided plaintiff with verification of the debt on the 1st mortgage owned by GMAC because plaintiff does not owe defendant GPM any money for the 1st mortgage. Furthermore, GPM notes that plaintiff's Exhibit 2 is barred as a valid "qualified written request" because of the appropriate statute of limitations.

23. As to paragraph 31, defendant GPM admits to the allegations stated therein.

### FIRST CAUSE OF ACTION
### REQUEST FOR DECLARATORY JUDGMENT

24. As to paragraph 32, defendant GPM realleges and incorporates by reference its responses contained in paragraphs 1-23, above.

25. As to paragraph 33, defendant GPM denies that it has any controversy with plaintiff. Furthermore, defendant GPM refers to the last sentence of paragraph 13 of plaintiff's complaint that indicates the only loan it still services, the 2nd, "is not within the subject matter of this litigation." As to any other allegations in this paragraph, defendant GPM denies each and every one of said allegations.

26. As to paragraphs 34 and 35, defendant GPM admits to the allegations contained in these paragraphs.

27. As to paragraph 36, defendant GPM denies that it has initiated any non-judicial foreclosure on plaintiffs. As to the allegations in the second sentence of this paragraph, defendant GPM admits to the allegations contained in this second sentence.

28. As to paragraph 37, 39 and 40, defendant GPM denies each and every allegation therein. GPM repeats that it has not scheduled any non-judicial foreclosure against plaintiff.

29. As to paragraph 38, defendant GPM admits to the allegations contained therein.

30. As to paragraphs 41 and 42, defendant GPM denies each and every allegation contained in this paragraph on the basis that it has NOT instituted a foreclosure sale against plaintiff.

31. As to paragraph 43, defendant GPM denies each and every allegation contained in this paragraph.

## SECOND CAUSE OF ACTION
## FEDERAL FAIR DEBT COLLECTION ACT (15 USC §§1692-1692o)

32. As to paragraph 44, defendant GPM realleges and incorporates by reference its responses contained in paragraphs 1-31, above.

33. As to paragraph 45, defendant GPM admits to the allegations contained therein.

34. As to paragraph 46, defendant GPM states that plaintiff's claim calls for a legal conclusion, which he is not qualified to make, and, based on this, GPM denies plaintiff's assertions.

35. As to paragraphs 47, 48, 49, and 50, defendant GPM denies each and every allegation contained in these paragraphs.

## THIRD CAUSE OF ACTION
## RESPA (12 USC §§2601-2617)

36. As to paragraph 51, defendant GPM realleges and incorporates by reference its responses contained in paragraphs 1-35, above.

37. As to paragraph 52, defendant GPM denies each and every allegation contained in this paragraph.

38. As to paragraph 53, defendant GPM denies each and every allegation contained in this paragraph because the address used for defendant GPM is not an address at which correspondence is to be sent. Therefore, if sent, it never reached the appropriate persons at GPM.

39. As to paragraphs 54 and 55, and as defendant GPM has stated previously, it is NOT conducting any foreclosure sale on plaintiff's property. As such, defendant GPM lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in these paragraphs, and on that basis, denies each and every allegation contained therein.

40. As to paragraph 56, defendant GPM lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the first sentence of this paragraph, and on that basis, denies each and every allegation contained therein. Defendant GPM admits to the allegations contained in the rest of paragraph 56.

41. As to paragraph 57, defendant GPM asserts that plaintiff's claim calls for a legal conclusion, which he is not qualified to make, and, based on this, GPM denies plaintiff's assertions.

42. As to paragraph 58, defendant GPM admits to the allegations contained therein.

43. As to paragraphs 59 and 60, defendant GPM denies each and every allegation contained in these paragraphs.

FOURTH CAUSE OF ACTION
<u>CONTRACTUAL BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING</u>

44. As to paragraph 61, defendant GPM realleges and incorporates by reference its responses contained in paragraphs 1-43, above.

45. As to paragraphs 62 and 63, defendant GPM admits to the allegations stated therein.

46. As to paragraph 64, defendant GPM denies the allegations contained in the first sentence in this paragraph but states that any power it may have exercised with regards to plaintiff's second mortgage was always exercised by GPM in good faith.

47. As to paragraphs 65 and 66, defendant GPM asserts that plaintiff's allegations call for legal conclusions, which he is not qualified to make, and, based on this, GPM denies plaintiff's assertions.

48. As to paragraphs 67, 68 and 70, defendant GPM denies each and every allegation contained in these paragraphs.

49. As to paragraph 69, defendant GPM lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph, and on that basis, denies each and every allegation contained therein.

## FIFTH CAUSE OF ACTION
## FRAUD

50. As to paragraph 71, defendant GPM realleges and incorporates by reference its responses contained in paragraphs 1-49, above.

51. As to paragraph 72, defendant GPM states that the California Civil Code §1572 speaks for itself.

52. As to paragraphs 73 and 74, defendant GPM denies each and every allegation contained in these paragraphs.

## SIXTH CAUSE OF ACTION
## PUNITIVE DAMAGES

53. As to paragraph 75, defendant GPM realleges and incorporates by reference its responses contained in paragraphs 1-52, above.

54. As to paragraph 76, defendant GPM states that there is no such cause of action solely for punitive damages, and based on this, denies each and every allegation contained in this paragraph.

WHEREFORE, GPM respectfully requests that the plaintiff's action be dismissed with prejudice and that judgment enter in favor of GPM and that GPM recover its costs and attorneys' fees and for such further relief as the Court may deem just and proper.

## AFFIRMATIVE DEFENSES

Further answering plaintiff's complaint, and as additional defenses thereto, GPM incorporates by reference the foregoing answers as if fully set forth herein, without assuming the burden of proof where such burden is otherwise

## FIRST AFFIRMATIVE DEFENSE

Plaintiffs' Complaint, and each and every cause of action therein, fails to state facts sufficient to constitute a cause of action, or causes of action, against GPM.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs' Complaint, and each and every cause of action therein, fails to state a cause of action or causes of action appropriate for equitable relief against GPM.

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs have failed and refused to reduce and mitigate their alleged damages arising from the matters referred to in the Complaint.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs were careless and negligent and at fault in and about the matters complained of, and such carelessness, negligence and fault, proximately and concurrently caused the alleged damages sustained by plaintiffs, and under the principles of comparative fault, plaintiffs must bear sole or

partial responsibility for their injuries, damaged, and/or other alleged loss, if any there be, based on the percentage allocation of plaintiffs' fault or negligence.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' Complaint, and each and every cause of action therein, is barred by reason of plaintiffs' conduct, actions and inactions, which amount to an constitute a waiver of any right plaintiffs might have in reference to the matters and things alleged in the complaint.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' complaint, and each and every cause of action therein, is barred by plaintiffs' own conduct, actions and inaction, which constitute an estoppel of the causes of action, or any relief, as sought therein.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' Complaint fails to plead fraud with particularity.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' Complaint, and each and every cause of action therein, is barred in that plaintiffs did not justify, or in fact, rely on any representation of GPM.

### NINTH AFFIRMATIVE DEFENSE

Plaintiffs' Complaint, and each and every cause of action therein, is barred in whole or in part in that the damage or damages alleged therein were not proximately caused by the alleged acts, omissions or transactions set forth in the Complaint.

### TENTH AFFIRMATIVE DEFENSE

Plaintiffs' Complaint, and each and every cause of action therein, fails to state a claim for an award of punitive or exemplary damages against defendant in that plaintiffs have failed to set forth

the elements necessary under Civil Code Section 3294 for the imposition of punitive damages against GPM.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' Complaint, and each and every cause of action therein, fails to state a claim for an award of punitive or exemplary damages against defendant because any such claim for punitive damages violates GPM' rights to due process and equal protection under the 14th Amendment of the United States Constitution and Article 1, Section 7 of the California Constitution and GPM' right to be free of excessive fines under the 8th Amendment to the United States Constitution and Article 17 of the California Constitution.

### TWELVTH AFFIRMATIVE DEFENSE

Plaintiffs' Complaint, and each and every cause of action therein, is barred in that at all times GPM acted in good faith.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's alleged "qualified written request" is barred by the applicable statute of limitations.

### F RTENTH AFFIRMATIVE DEFENSE

Upon information and belief, answering GPM alleges that it presently has insufficient knowledge or information upon which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses available. Accordingly, answering defendant GPM reserves the right to assert additional affirmative defenses in the event discovery indicates that they would be appropriate.

Wherefore, GPM asks judgment as follows:

1. That plaintiffs take nothing by their Complaint or any claim for relief therein;

2. That the Complaint as against GPM be dismissed with prejudice;

3. That GPM be awarded its costs and attorney's fees herein; and

4. For such other and further relief as the Court deems just and proper.

Dated: August 21, 2007                                   ARLAS & SMITHTON

*Ronald M. Arlas*
RONALD M. ARLAS, ESQ.
Attorney for Defendant GPM

\pleading\Lopez v GPM Answer 8.07

# PROOF OF SERVICE

I declare that I am over the age of eighteen and not a party to the within entitled action. I am employed in the County of Marin, State of California. My business address is 100 Wood Hollow Drive, Novato, California, 94945. On August 21, 2007 I caused a copy of the Answer and Affirmative Defenses of Defendant Greenpoint Mortgage Funding, Inc. to be served on all parties in said action, by delivering a true copy thereof in a sealed envelope addressed as follows:

Thomas Spielbauer, Esq.
The Spielbauer Law Firm
50 Airport Parkway
San Jose, CA 95110

_____ (BY CERTIFIED MAIL) RETURN RECEIPT REQUESTED

_____ (BY OVERNIGHT COURIER) I caused the envelope to be sent via _____ .

__X__ (BY MAIL) Being familiar with this firm's collection and processing of documents for deposit into the United States mail, I caused each envelope to be placed in the United States mail at Novato, California with FIRST CLASS postage thereupon fully prepaid.

_____ (BY HAND) I caused each envelope to be delivered by hand through ONE LEGAL attorney service.

_____ (BY FACSIMILE) I caused each document to be electronically transmitted to the following number(s):

__X__ (Federal) I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 21st day of August 2007 at Novato, California.

_____
Lynn Klein