Glenn H. Wechsler, State Bar No. 118456
LAW OFFICES OF GLENN H. WECHSLER
1655 N. Main Street, Suite 230
Walnut Creek, California  94596
Telephone: (925) 274-0200
Facsimile: (925) 274-0202
Email: glenn@glennwechsler.com

Attorney for Defendants
GMAC MORTGAGE CORPORATION and
EXECUTIVE TRUSTEE SERVICES, LLC
erroneously sued as EXECUTIVE TRUST DEED
SERVICES, INC.

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO

| | |
|---|---|
| MARCOS LOPEZ, | ) CASE NO. CO7-03911 EMC |
|         Plaintiff, | ) <br> ) JUDGE: Edward M. Chen |
|     vs. | ) <br> ) **MEMORANDUM OF POINTS AND** |
| GMAC MORTGAGE CORP., et al., | ) **AUTHORITIES OF EXECUTIVE** <br> ) **TRUSTEE SERVICES, LLC IN** <br> ) **SUPPORT OF MOTION TO DISMISS** |
|         Defendants. | ) **PLAINTIFF'S FIRST, THIRD,** <br> ) **FOURTH, FIFTH, SIXTH AND** <br> **SEVENTH CLAIMS PURSUANT TO** <br> **RULE 12(b)(6) OF THE FEDERAL** <br> **RULES OF CIVIL PROCEDURE** |

DATE:        October 3, 2007
TIME:        9:30 a.m.
COURTROOM:  C, 15th Floor

**Action Filed:**  Alameda County Superior
Court, Case No. RG07336961
**Removed:**  July 31, 2007

MEMORANDUM OF POINTS AND AUTHORITIES OF
EXECUTIVE TRUSTEE SERVICES, LLC IN SUPPORT OF
MOTION TO DISMISS PLAINTIFF'S FIRST, THIRD, FOURTH,
FIFTH, SIXTH AND SEVENTH CLAIMS
Marcos Lopez v. GMAC Mortgage Corp., et al.
Northern District of California,
Civil Action No. C07-03911 EMC
Page 1 of 8

## MEMORANDUM OF POINTS AND AUTHORITIES

### INTRODUCTION

This dispute allegedly pertains to certain mortgage payments pertaining to Plaintiff's property commonly referred to as 7345 Holly Street, Oakland, CA 94621 "hereinafter "Property". Plaintiff alleges he bought his Property in April, 2005.

Plaintiff alleges his payments were not properly credited to his account. [Plaintiff's Complaint, ¶16]. As a result, Plaintiff claims he was charged excess fees for late payments, and eventually, the commencement of non-judicial foreclosure proceedings occurred.

Plaintiff identifies Defendant Executive Trustee Deed Services (hereinafter "ETDS") as the trustee of an alleged deed of trust on the Property. (*Plaintiff's Complaint, ¶4*). Plaintiff also alleges that ETDS recorded a notice of trustee sale on or about June 26, 2007. (*Plaintiff's Complaint, ¶16*).

What Plaintiff does not, and cannot do, is allege that ETDS was ever a mortgage lender, that Plaintiff was ever a borrower of ETDS, or was ever in privity to any contract involving Plaintiff.

Plaintiff alleges, *inter alia,* and ETDS seeks to dismiss, the following claims: (1) Declaratory Judgment; (3) RESPA; (4) Fraud; (5) Good Faith and Fair Dealing; (6) Punitive Damages and (7) Accounting.

### LEGAL ARGUMENT

In deciding a motion pursuant to Rule 12(b)(6), the court accepts all allegations of the complaint as true, construed in the light most favorable to the nonmoving party. A complaint should not be dismissed unless plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Wyler Summit Partnership v. Turner Broadcasting System, Inc.*, 135 F.3d 658, 661 (9th Cir. 1998). As a balancing principle, conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim. *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Circ. 2003); *Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir.

MEMORANDUM OF POINTS AND AUTHORITIES OF
EXECUTIVE TRUSTEE SERVICES, LLC IN SUPPORT OF
MOTION TO DISMISS PLAINTIFF'S FIRST, THIRD, FOURTH,
FIFTH, SIXTH AND SEVENTH CLAIMS
Marcos Lopez v. GMAC Mortgage Corp., et al.
Northern District of California,
Civil Action No. C07-03911 EMC
Page 2 of 8

2001). In *Dura Pharmaceuticals v.*, 544 U.S. 336, 125 S. Ct. 1627, 1634 (2005), the court held that allegations of loss were insufficient and stated: that "We concede that ordinary pleading rules are not meant to impose a great burden upon a plaintiff. [Citation.] But it should not prove burdensome for a plaintiff who has suffered an economic loss to provide a defendant with some indication of the loss and the causal connection that the plaintiff has in mind." Id.

A.    **PLAINTIFF'S ALLEGATIONS FOR DECLARATORY JUDGMENT TO PREVENT A PAST DATED TRUSTEE SALE OF JULY 27, 2007 MUST FAIL.**

There is no allegation in Plaintiff's Complaint that states a claim, even if true, states a claim for declaratory judgment. *First*, there is no allegation that a controversy exists as to ETDS, including no allegation of any written or oral agreement between Plaintiff and ETDS.    *Second*, Plaintiff's allegations pertain to events that are prior in time, and are altogether moot.  Therefore, the allegations are inappropriate to support a request for declaratory judgment.

The declaratory relief procedure operates prospectively and not merely for redress of past wrongs. *Mitsui Manufacturers Bank v. Superior Court* (1989) 212 Cal. App. 3d 726, 729; When only past wrongs are involved there is no basis for declaratory relief.  *Travers v. Louden* (1967) 254 Cal. App. 2d 926, 931. Only past wrongs are alleged by Plaintiff as a basis for relief.

Plaintiff's first claim for Declaratory Judgment states, *inter alia*, as follows:

> A judicial determination is necessary and appropriate at this time and under these circumstances in order that the plaintiff may ascertain his rights and duties and avoid the specter of foreclosure sale and the loss of income. Such trustee's sale, absent a judicial determination negating the Notice of Trustee Sale, or the issuance of the restraining order, <u>will occur Friday, July 27, 2007 at 12:00 p.m.</u> (noon). Such a trustee's sale would for surely cause Marcos Lopez the unjust loss of his home. [*Plaintiff's Complaint, ¶42 (*emphasis_ added*)].

MEMORANDUM OF POINTS AND AUTHORITIES OF
EXECUTIVE TRUSTEE SERVICES, LLC IN SUPPORT OF
MOTION TO DISMISS PLAINTIFF'S FIRST, THIRD, FOURTH,
FIFTH, SIXTH AND SEVENTH CLAIMS
Marcos Lopez v. GMAC Mortgage Corp., et al.
Northern District of California,
Civil Action No. C07-03911 EMC
Page 3 of 8

1    Plaintiff's first claim for Declaratory Judgment should be dismissed as a matter of law.

2    **B.    THERE IS NO CLAIM, AS A MATTER OF LAW, AS TO A VIOLATION OF RESPA**

3

4    Plaintiff has not alleged a particular basis as to ETDS for how it may have violated RESPA.

5    Plaintiff has not a single allegation in his Complaint that supports his claim.

6    First, Plaintiff does not, and could not allege, that he obtained a loan from ETDS. ETDS was

7    simply, as alleged by Plaintiff, the trustee of an alleged deed of trust on the Property. (*Plaintiff's*

8    *Complaint*, ¶4). Therefore,  RESPA is inapplicable as to ETDS because Plaintiff was never a borrower

9    as to ETDS.

10    In relevant part , RESPA states as follows:

11    If any servicer of a federally related mortgage loan receives a
       qualified written request from the **borrower** (or an agent of the
12    borrower) for information relating to the servicing of such loan, the
       servicer shall provide a written response acknowledging receipt of
13    the correspondence within 20 days (excluding legal public
       holidays, Saturdays, and Sundays) unless the action requested is
14    taken within such period. (12 U.S.C. §2605 [e] [1][A]).

15

16    In addition, certain actions are required to be taken by the servicer,
       including the investigation of the matter raised by the **borrower,**
17    and where appropriate, the correction of information as to the
       borrower's account (12 U.S.C.§2605[e][2]). Moreover, as a further
18    protection to the **borrower,** for a period of 60 days during which
       the servicer is to take the aforesaid actions, it is barred from
19    providing "information regarding any overdue payment, owed by
       such **borrower** and relating to such period or qualified written
20    request, to any consumer reporting agency" (12 U.S.C. §2605
       [e][3]).

21

22    ///

23    ///

24

25    MEMORANDUM OF POINTS AND AUTHORITIES OF
       EXECUTIVE TRUSTEE SERVICES, LLC IN SUPPORT OF
26    MOTION TO DISMISS PLAINTIFF'S FIRST, THIRD, FOURTH,
       FIFTH, SIXTH AND SEVENTH CLAIMS
27    Marcos Lopez v. GMAC Mortgage Corp., et al.
       Northern District of California,
28    Civil Action No. C07-03911 EMC
       Page 4 of 8

Second, Plaintiff's asserts that "*12 U.S.C 2605(e) RESPA forbids the conduct of a non-judicial foreclosure while a RESPA qualified written request is pending* " is patently wrong. (*Plaintiff's Complaint, ¶5*). No such provision exists in RESPA. No such case law, to ETDS' knowledge, has ever interpreted the statute to that conclusion.

Finally, Plaintiff's allegations that ETDS is somehow liable for simply publishing the Notice of a Trustee Sale does not support any claim against ETDS. (*Plaintiff's Complaint, ¶56*). Any publication of the foreclosure sale is a privileged publication. ETDS is protected by *California Civil Code* Section 2924.

It goes to state that:

> "The mailing, publication, and delivery of notices as required herein, and the performance of the procedures set forth in this article, shall constitute privileged communications within Section 47. There is a rebuttable presumption that the beneficiary actually knew of all unpaid loan payments on the obligation owed to the beneficiary and secured by the deed of trust or mortgage subject to the notice of default. However, **the failure to include an actually known default shall not invalidate the notice of sale and the beneficiary shall not be precluded from asserting a claim to this omitted default or defaults in a separate notice of default**.
> (Civil Code Section 2924, **emphasis** added.)

These authorities establish that ETDS simply complied with the foreclosure statutes, and that the foreclosure statutes specifically provide that (i) the trustee has no liability, (ii) the giving of notices and performance of procedures are "privileged."

This claim should be dismissed as a matter of law.

///

///

## C.    THERE IS NO CLAIM. AS A MATTER OF LAW, AS TO FRAUD

First, Plaintiff does <u>not allege</u> that ETDS ever made any false or misleading representations whatsoever to Plaintiff.  Plaintiff further, under his cause of action for fraud, states no facts at all, he only sets forth California Civil Code Section, §1572. This is insufficient.  The pleading requirements for an action if fraud are very specific. To maintain an action for fraud the following essential elements of fraud :

    1.  representation;

    2.  falsity of the representation;

    3.  defendant knew of the falsity of the representation;

    4.  defendant intended to deceive plaintiff;

    5.  plaintiff relied upon the representation; and

    6.  damages to plaintiff due to the false representation.

        (*Witkin*, (California Procedure, 3rd ed.) §661, page 109).

Fraud <u>must</u> be pled factually and specifically. (*Committee on Children's Television, Inc. v. General Foods Corp.* (1983) 35 Cal.3d 197, 216) "Every element of the cause of action for fraud must be alleged in the proper manner and the facts constituting the fraud must be alleged with the sufficient specificity to allow defendant to understand fully the nature of the charge made." (*Stansfield v. Starkey* (1990) 220 Cal.App.3d 59, 73)  Facts must be alleged that "show how, when, where, for whom, and by what means the representations were tendered."  (<u>Id.</u> at 73, emphasis added.). <u>As against a corporate employer</u>, plaintiff must also allege the employee's status as an officer, director or managing agent. (Civil Code Section 3294(b).)

No elements to support a claim for fraud are alleged against ETDS.  This claim should be dismissed.

///

MEMORANDUM OF POINTS AND AUTHORITIES OF
EXECUTIVE TRUSTEE SERVICES, LLC IN SUPPORT OF
MOTION TO DISMISS PLAINTIFF'S FIRST, THIRD, FOURTH,
FIFTH, SIXTH AND SEVENTH CLAIMS
Marcos Lopez v. GMAC Mortgage Corp., et al.
Northern District of California,
Civil Action No. C07-03911 EMC
Page 6 of 8

1

### D. THERE IS NO CLAIM, AS A MATTER OF LAW, AS TO THE CONTRACTUAL BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING AS THERE WAS NO CONTRACT ALLEGED, AND NO PRIVITY EXISTING, BETWEEN PLAINTIFF AND ETDS

2

3

4      Plaintiff' fourth claim is entitled "Contractual Breach of the Covenant of Good Faith and Fair

5  Dealing"  However, Plaintiff neither alleges the existence of any contract between ETDS and Plaintiff,

6  nor any of the requisite elements to support such a claim.

7      The prerequisite for any action for the "breach of implied covenant of good faith and fair

8  dealing" is the existence of a contractual relationship between the parties, since the covenant is an

9  implied term in the contract. *Smith v. San Francisco* (1990) 225 Cal. App. 3d 38,49.  No cause of

10  action can be established by plaintiff because Plaintiff cannot establish, and has not alleged,  that

11  ETDS was the party to any purported contract. Therefore, ETDS could not, as a matter of law,

12  impliedly covenanted to practice good faith and fair dealing as no privity of contract exists between

13  ETDS and Plaintiff. This claim too should be dismissed.

14  ///

15  ///

16  ///

17  ///

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25

MEMORANDUM OF POINTS AND AUTHORITIES OF
EXECUTIVE TRUSTEE SERVICES, LLC IN SUPPORT OF
MOTION TO DISMISS PLAINTIFF'S FIRST, THIRD, FOURTH,
FIFTH, SIXTH AND SEVENTH CLAIMS
Marcos Lopez v. GMAC Mortgage Corp., et al.
Northern District of California,
Civil Action No. C07-03911 EMC
Page 7 of 8

26

27

28

1

2

**E.      THERE IS NO SUCH CLAIM FOR "PUNITIVE DAMAGES' AND SUCH MUST FAIL AS MATTER OF LAW.**

3     Plaintiff's Sixth Cause of Action is for Punitive Damages.  It is hornbook law that punitive

4  damages are a remedy, not an individual cause of action.  As there is no such claim, Plaintiff's Sixth

5  Cause of Action should be dismissed.

6

7

**F.      THERE IS NO BASIS AGAINST ETDS ALLEGED TO SUPPORT A CLAIM FOR "ACCOUNTING"**

8     As outlined above, Plaintiff fails to allege facts sufficient to show the existence of any contract

9  between ETDS and Plaintiff. There is no basis for a claim for an accounting against it.  In fact, ETDS

10 would not be able to provide an accounting, even if it wanted to. It is simply the trustee of the deed of

11 trust and maintains none of this information.  Plaintiff has not alleged otherwise.  Plaintiff's final claim

12 against ETDS should also be dismissed.

13

14 Dated:  August 22, 2007          LAW OFFICES OF GLENN H. WECHSLER

15

16                                  By: _____

17                                       GLENN H. WECHSLER

18 E:\Glenn\DOCS\GMAC\LOPEZ\EXECUTIVE TRUST-MTN TO DISMISS\MPA re Mtn to Dismiss.doc

19

20

21

22

23

24

25

26

27

28

MEMORANDUM OF POINTS AND AUTHORITIES OF
EXECUTIVE TRUSTEE SERVICES, LLC IN SUPPORT OF
MOTION TO DISMISS PLAINTIFF'S FIRST, THIRD, FOURTH,
FIFTH, SIXTH AND SEVENTH CLAIMS
Marcos Lopez v. GMAC Mortgage Corp., et al.
Northern District of California,
Civil Action No. C07-03911 EMC
Page 8 of 8