1   Glenn H. Wechsler, State Bar No. 118456
    LAW OFFICES OF GLENN H. WECHSLER
2   1655 N. Main Street, Suite 230
    Walnut Creek, California 94596
3   Telephone: (925) 274-0200
    Facsimile: (925) 274-0202
4   Email: glenn@glennwechsler.com

5
    Attorney for Defendants
6   GMAC MORTGAGE CORPORATION and
    EXECUTIVE TRUSTEE SERVICES, LLC
7   erroneously sued as EXECUTIVE TRUST DEED
    SERVICES, INC.
8

9

                    **UNITED STATES DISTRICT COURT**
10

11          **FOR THE NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO**

12
    MARCOS LOPEZ,                          )   CASE NO. CO7-03911 EMC
13                                         )
                Plaintiff,                 )   JUDGE: Edward M. Chen
14                                         )
        vs.                                )   **DEFENDANT GMAC MORTGAGE**
15                                         )   **CORPORATION'S**
                                           )   **MEMORANDUM OF POINTS AND**
16  GMAC MORTGAGE CORP., et al.,           )   **AUTHORITIES IN SUPPORT OF**
                                           )   **MOTION TO DISMISS**
17              Defendants.                )   **PLAINTIFF'S FIRST, FIFTH, AND**
                                           )   **SIXTH CLAIMS FOR RELIEF**
18  ─────────────────────────────────────     **PURSUANT TO RULE 12(b)(6) OF**
                                               **THE FEDERAL RULES OF CIVIL**
19                                             **PROCEDURE**

20
                                               DATE:        October 3, 2007
21                                             TIME:        9:30 a.m.
                                               COURTROOM:   C, 15th Floor
22

23                                             **Action Filed:** Alameda County
                                               Superior Court, Case No. RG07336961
24                                             **Removed:** July 31, 2007

25
    ───────────────────────────────────────────────────────────────────
26          MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
            OF MOTION TO DISMISS PLAINTIFF'S FIRST, FIFTH, AND
27                      SIXTH CLAIMS FOR RELIEF
                 Marcos Lopez v. GMAC Mortgage Corp., et al.
28                     Northern District of California,
                     Civil Action No. C07-03911 EMC
                                Page 1 of 5

1             **MEMORANDUM OF POINTS AND AUTHORITIES**

2                        **INTRODUCTION**

3         This dispute allegedly pertains to certain mortgage payments pertaining to Plaintiff's property

4 commonly referred to as 7345 Holly Street, Oakland, CA 94621 "hereinafter "Property". Plaintiff

5 alleges he bought his Property in April, 2005. Plaintiff further alleges, after purchasing his home, he

6 refinanced the Property with defendant GMAC MORTGAGE CORP (hereinafter "GMAC") in

7 January of 2005. [Plaintiff's Complaint, ¶14].

8         Plaintiff alleges, *inter alia*, causes of action for declaratory judgment, for fraud and for punitive

9 damages in his Complaint against GMAC. However, Plaintiff admits that within a month of the loan

10 transaction, "GMAC assigned the note to defendant GREENPOINT. Thereafter, there occurred

11 confusing reassignments of his note between GREENPOINT and GMAC. This note and trust deed,

12 however, eventually returned to GMAC which commenced non-judicial foreclosure proceedings

13 during March 2007." [Plaintiff's Complaint, ¶15]. <u>This allegation is notable</u> as it undermines

14 Plaintiff's cause of action for Fraud and Punitive Damages, as discussed *infra,* for it is clear that any

15 errors alleged, even if true, were not a result of <u>intentional</u> conduct by GMAC as would be required to

16 support these causes of action.

17         Plaintiff alleges his payments were not properly credited to his account by, *inter alia*, GMAC.

18 [Plaintiff's Complaint, ¶16]. As a result, Plaintiff claims he was charged excess fees for late

19 payments, and eventually, the commencement of non-judicial foreclosure proceedings occurred.

20         In sum, even assuming that all facts alleged are true as alleged, Plaintiff has failed to state

21 claims against GMAC for his First Cause of Action for Declaratory Judgment, his Fifth Cause of

22 Action for Fraud and for his Sixth Cause of Action for Punitive Damage. Therefore, Plaintiff's First,

23 Fifth and Sixth Causes of Action should be dismissed.

24 ///

25 ///

---

26
27
28

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF MOTION TO DISMISS PLAINTIFF'S FIRST, FIFTH, AND
SIXTH CLAIMS FOR RELIEF
Marcos Lopez v. GMAC Mortgage Corp., et al.
Northern District of California,
Civil Action No. C07-03911 EMC

1

**LEGAL ARGUMENT**

2

In deciding a motion pursuant to Rule 12(b)(6), the court accepts all allegations of the

3

complaint as true, construed in the light most favorable to the nonmoving party. A complaint should

4

not be dismissed unless plaintiff can prove no set of facts in support of his claim which would entitle

5

him to relief. *Wyler Summit Partnership v. Turner Broadcasting System, Inc.*, 135 F.3d 658, 661 (9th

6

Cir. 1998). As a balancing principle, conclusory allegations of law and unwarranted inferences are

7

insufficient to defeat a motion to dismiss for failure to state a claim. *Warren v. Fox Family Worldwide,*

8

*Inc.*, 328 F.3d 1136, 1139 (9th Circ. 2003); *Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir.

9

2001). In *Dura Pharmaceuticals v.*, 544 U.S. 336, 125 S. Ct. 1627, 1634 (2005), the court held that

10

allegations of loss were insufficient and stated: that "We concede that ordinary pleading rules are not

11

meant to impose a great burden upon a plaintiff. [Citation.] But it should not prove burdensome for a

12

plaintiff who has  suffered an economic loss to provide a defendant with some indication of the loss

13

and the causal connection that the plaintiff has in mind." Id.

14

15

    **A.**    **PLAINTIFF'S ALLEGATIONS FOR DECLARATORY JUDGMENT TO
PREVENT A PAST DATED TRUSTEE SALE OF JULY 27, 2007.**

16

Plaintiff's allegations pertain to events that are prior in time, and are altogether moot.

17

Therefore, the allegations are inappropriate to support a request for declaratory judgment, which is a

18

claim for prospective relief.

19

The declaratory relief procedure operates prospectively and not merely for redress of past

20

wrongs. *Mitsui Manufacturers Bank v. Superior Court* (1989) 212 Cal. App. 3d 726, 729; When only

21

past wrongs are involved, there is no basis for declaratory relief. *Travers v. Louden* (1967) 254 Cal.

22

App. 2d 926, 931. Only past wrongs are alleged by Plaintiff as a basis for relief.

23

///

24

///

25

///

26

27

28

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF MOTION TO DISMISS PLAINTIFF'S FIRST, FIFTH, AND
SIXTH CLAIMS FOR RELIEF
Marcos Lopez v. GMAC Mortgage Corp., et al.
Northern District of California,
Civil Action No. C07-03911 EMC
Page 3 of 5

Plaintiff's first claim for Declaratory Judgment states, *inter alia*, as follows:

> A judicial determination is necessary and appropriate at this time
> and under these circumstances in order that the plaintiff may
> ascertain his rights and duties and avoid the specter of foreclosure
> sale and the loss of income. Such trustee's sale, absent a judicial
> determination negating the Notice of Trustee Sale, or the issuance
> of the restraining order, will occur Friday, July 27, 2007 at 12:00
> p.m. (noon). Such a trustee's sale would for surely cause Marcos
> Lopez the unjust loss of his home. [*Plaintiff's Complaint, ¶42
> (*emphasis added*)*].

Plaintiff's first claim for Declaratory Judgment should therefore be dismissed as a matter of law.

**B.    PLAINTIFF HAS FAILED TO ALLEGE ANY ELEMENT, OR FACT, SUFFICIENT TO SUPPORT A CLAIM FOR FRAUD.**

First, Plaintiff does not allege that GMAC has ever made any false or misleading representations whatsoever to Plaintiff. *Plaintiff further, under his cause of action for fraud, states no facts at all, he only sets forth California Civil Code Section, §1572.* This is improper.

To maintain an action for fraud the following essential elements of fraud :

1. representation;

2. falsity of the representation;

3. defendant knew of the falsity of the representation;

4. defendant intended to deceive plaintiff;

5. plaintiff relied upon the representation; and

6. damages to plaintiff due to the false representation.

(*Witkin*, (California Procedure, 3rd ed.) §661, page 109).

Fraud must be pled factually and specifically. (*Committee on Children's Television, Inc. v. General Foods Corp.* (1983) 35 Cal.3d 197, 216) "Every element of the cause of action for fraud must be alleged in the proper manner and the facts constituting the fraud must be alleged with the sufficient

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF MOTION TO DISMISS PLAINTIFF'S FIRST, FIFTH, AND
SIXTH CLAIMS FOR RELIEF
Marcos Lopez v. GMAC Mortgage Corp., et al.
Northern District of California,
Civil Action No. C07-03911 EMC
Page 4 of 5

1  specificity to allow defendant to understand fully the nature of the charge made." (*Stansfield v.*

2  *Starkey* (1990) 220 Cal.App.3d 59, 73)  Facts must be alleged that "show how, when, where, for

3  whom, and by what means the representations were tendered."  (Id. at 73, emphasis added.). As

4  against a corporate employer, plaintiff must also allege the employee's status as an officer, director or

5  managing agent. (Civil Code Section 3294(b).)

6      In fact, Plaintiff admits there was confusion but never alleges any intentional conduct on the

7  part of GMAC.  To wit, "GMAC assigned the note to defendant GREENPOINT.  Thereafter, there

8  occurred confusing reassignments of his not between GREENPOINT and GMAC.  This note and trust

9  deed, however, eventually returned to GMAC which commenced non-judicial foreclosure proceedings

10  during March 2007."  [Plaintiff's Complaint, ¶15].]  Even if true, this does not rise to the level of

11  intentional conduct necessary for fraud. Plaintiff's Fifth Cause of Action should be dismissed.

12  **C.    THERE IS NO CLAIM AS A MATTER OF LAW, FOR PUNITIVE DAMAGES.**

13

14  Plaintiff's Sixth Cause of Action is for Punitive Damages.  It is hornbook law that punitive

15  damages are a remedy, not an individual cause of action.  As there is no such claim, Plaintiff's Sixth

16  Cause of Action should be dismissed.

17  Dated:  August 22, 2007        LAW OFFICES OF GLENN H. WECHSLER

18

19                          By: _____

20                              GLENN H. WECHSLER

21

22  E:\Glenn\DOCS\GMAC\LOPEZ\GMAC-MOTION TO DISMISS\Mtc to Dismiss MPA.doc

23

24

25

26  MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
    OF MOTION TO DISMISS PLAINTIFF'S FIRST, FIFTH, AND
27  SIXTH CLAIMS FOR RELIEF
    Marcos Lopez v. GMAC Mortgage Corp., et al.
28  Northern District of California,
    Civil Action No. C07-03911 EMC
    Page 5 of 5