Thomas Spielbauer, Esq.
SBN 78281
THE SPIELBAUER LAW FIRM
50 Airport Parkway
San Jose, CA 95110
(408)451-8499
Fax: (610)423-1395
thomas@spielbauer.com

Attorneys for Marcos Lopez, Plaintiff

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MARCOS LOPEZ,<br><br>　　　　　　　　　Plaintiff.<br><br>v.s.<br><br>GMAC MORTGAGE CORPORATION USA, et Al.,<br>　　　　　　　　　Defendants. | No: **4:07-cv-3911-CW**<br><br>MEMORANDUM IN OPPOSITION TO DEFENDANT GMAC's MOTION TO DISMISS PURSUANT TO RULE 12(b)(6)<br><br>Date: October 11, 2007<br>Time: 2:00 p.m.<br>Courtroom 2, 4th Floor<br>1301 Clay Street<br>Oakland, CA 94612 |

  Plaintiff files this response asking that this court to deny defendant GMAC's motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).

  Defendant GMAC's (hereinafter referred to as GMAC) motion is without merit and contains numerous misrepresentations.  Its motion is frivolous.  A troubling concern is what these pleadings portent as to the type and quality of pleadings yet to come from defendant GMAC.

//

//

MEMORANDUM OF POINTS AND AUTHORITIES

When considering defendant's motion, the court must construe the factual allegations in the complaint in the light most favorable to the plaintiff.[1] Only if no possible construction of the alleged facts will entitle plaintiff to relief should the court grant defendant's motion.[2] If the factual allegations in plaintiff's complaint support any legal theory that entitles plaintiff to some relief, the court should overrule defendant's motion.

GMAC has made the following claims.

1. GMAC argues that since plaintiff stated in his complaint that because a confusing series reassignments of the promissory note occurred between defendants GREENPOINT MORTGAGE and GMAC, that plaintiff's use of the word "confusing" actually means confusing to GMAC. Since GMAC was confused, these series of reassignments therefore could not have been the result of intentional conduct on the part of GMAC. Thus, there can be no fraud nor can there be punitive damages.

Paragraph 18 of the complaint presents a clear and detailed accounting of the payments which Mr. Lopez made, and attempted to make, when and to whom. Paragraph 15 of the complaint states the following: "The terms of the note required mortgage payments in the amount of $1112.01 from plaintiff Marcos Lopez. Within approximately a month of this loan transaction, GMAC assigned the note to defendant GREENPOINT. Thereafter, there occurred confusing reassignments of this note between GREENPOINT and GMAC. This note and trust deed, however, eventually returned to GMAC which commenced non-judicial foreclosure proceedings during March 2007."

---

[1] *In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1403 (9th Cir. 1996); *Jones v. General Elec. Co.*, 87 F.3d 209, 211 (7th Cir. 1996).

[2] *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232 (1984).

The context of the paragraph reflects that the reassignments were confusing to plaintiff Marcos Lopez. Defendants GMAC and GREENPOINT were obligated by RESPA to not only notify Mr. Lopez of the assignments, but to credit him with payments for 60 days from the assignment notification and not report Mr. Lopez as being late. GREENPOINT certainly understood that it was Mr. Lopez who was confused. Incredibly, GMAC attempts the argument that Marcos Lopez was alleging GMAC was confused.

GMAC ignores the fact that the complaint alleges plaintiff's RESPA Qualified Written Request which was sent to each of the defendants and which went unanswered by all defendants. See complaint ¶¶23-30. In fact, GMAC and Executive Trust Deed attempted to go forward to sale. See complaint ¶29. GMAC was certainly not confused about that. GMAC also ignores that plaintiff alleges throughout his complaint that its actions were "wilful and knowing" and "wilful, knowing and malicious."

2. GMAC then goes on to argue that since the trustee sale was calendared for Friday, July 27, 2007, a sale date four days after plaintiff filed his state court action, and one day before he obtained his state court restraining order, that plaintiff's request to have to foreclosure process declared void and improper is moot since the date of July 27, 2007 has come and gone.

The misrepresentation present in this argument is stunning. ¶41 of the verified complaint states, "Defendants have scheduled a trustee sale and intend to proceed with the sale on July 27, 2007 despite their violations of the federal Fair Debt Collection Practices Act, RESPA, and California Non-Judicial Foreclosure Law, California Civil Code §2924 et seq.." Plaintiff sought an order declaring the foreclosure sale set for that date void.

GMAC conceals from this court the fact that the Alameda Superior Court granted a temporary restraining order on July 26, 2007. As a direct result of this, GMAC and Executive Trust Deed *continued the foreclosure sale to October 26,*

*2007.* GMAC's argument is fraudulent in that it leaves the impression that the sale was cancelled, which it was not. However, even if it had been cancelled, plaintiff is still entitled to a declaration that the pending foreclosure action was void as such a declaration is necessary in order for plaintiff to be the prevailing party in this action and thereby be awarded attorney fees.

GMAC further neglects to mention that plaintiff has alleged in ¶¶ 50, 60, 74, "Defendants' actions as discussed in this cause of action have been wilful and knowing and malicious."

3. GMAC then goes on to argue that while GMAC is being sued as a defendant, plaintiff is somehow obligated to name the specific actors who were employees of GMAC in his request for punitive damages. GMAC argues that their identities are required by Civil Code §3294(b).

This argument is specious. California Civil Code §3294(b) speaks to a situation entirely different from that alleged in this case. It says,

> An employer shall not be liable for damages pursuant to subdivision (a), based upon acts of an employee of the employer, unless the employer had advance knowledge of the unfitness of the employee and employed him or her with a conscious disregard of the rights or safety of others or authorized or ratified the wrongful conduct for which the damages are awarded or was personally guilty of oppression, fraud, or malice. With respect to a corporate employer, the advance knowledge and conscious disregard, authorization, ratification or act of oppression, fraud, or malice must be on the part of an officer, director, or managing agent of the corporation.

4. GMAC finally argues that plaintiff's request for punitive damages should be struck since he listed it as a cause of action, the sixth cause of action.

Indeed, a request for punitive damages is not in and of itself a cause of action. However, plaintiff requests that the court simply strike the words, "SIXTH CAUSE OF ACTION" which encaptions the discussion of California Civil Code §3294, and leave the rest standing so as to provide notice to GMAC that plaintiff is seeking punitive damages from GMAC.

//

Conclusion

Because plaintiff's factual allegations support a claim on which relief can be granted, the court should deny defendants GMAC's motion and retain the case on the court's docket. In the alternative, if the court determines plaintiff has failed to properly state a claim, plaintiff asks the court to grant leave to amend the complaint.

Respectfully Submitted

THE SPIELBAUER LAW FIRM

*/s/ Thomas J. Spielbauer*

by Thomas Spielbauer, Esq.
Attorney for Plaintiff, Marcos Lopez