Thomas Spielbauer, Esq.
SBN 78281
THE SPIELBAUER LAW FIRM
50 Airport Parkway
San Jose, CA 95110
(408)451-8499
Fax: (610)423-1395
thomas@spielbauer.com

Attorneys for Marcos Lopez, Plaintiff

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MARCOS LOPEZ,<br><br>                   Plaintiff.<br><br>v.s.<br><br><br>GMAC MORTGAGE CORPORATION USA, et Al.,<br>                   Defendants. | No: **4:07-cv-3911-CW**<br><br>MEMORANDUM IN OPPOSITION TO DEFENDANT EXECUTIVE TRUST DEED's MOTION TO DISMISS PURSUANT TO RULE 12(b)(6)<br><br>Date: October 11, 2007<br>Time: 2:00 p.m.<br>Courtroom 2, 4th Floor<br>1301 Clay Street<br>Oakland, CA 94612 |

    Plaintiff files this response asking that this court deny defendant Executive Trust Deed's motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).

    Defendant Executive Trust Deed's (hereinafter referred to as ETD) motion to dismiss is without merit and contains gross misrepresentations.

    ETD argues that all but the second cause of action should be dismissed alleging that the complaint fails to state sufficient facts to state a claim. ETD, however, never develops this argument other than stating it as a conclusion in its notice.

MEMORANDUM OF POINTS AND AUTHORITIES

When considering defendant's motion, the court must construe the factual allegations in the complaint in the light most favorable to the plaintiff.[1] Only if no possible construction of the alleged facts will entitle plaintiff to relief should the court grant defendant's motion.[2] If the factual allegations in plaintiff's complaint support any legal theory that entitles plaintiff to some relief, the court should overrule defendant's motion.

ETD has made the following claims.

1. In its notice of motion, ETD makes the allegation that generally speaking plaintiff has failed to state a claim in all of his causes of action other than the second cause of action alleging a violation of Fair Debt Collection.

- ETD ignores and must ignore the allegations of Paragraph 5 of the complaint which alleges agency and co-conspiracy of each of the defendants to each other.

- ETD ignores the allegation of paragraph 9 of the complaint which alleges the obligation of ETD to comply with RESPA.

- ETD ignores the agency allegations of paragraph 16, 19, and 20 when ETD recorded the notice of default.

- ETD ignores the allegations of paragraphs 23, and 27-30 whereby a RESPA qualified written request was sent to ETD.

- It ignores the allegations of the first cause of action, Declaratory Judgment, which is pled against ETD as well as the other defendants (¶¶32-43).

- ETD ignores the allegations of the third cause of action, RESPA, which is pled against ETD as well as the other defendants (¶¶51-60).

---

[1] *In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1403 (9th Cir. 1996); *Jones v. General Elec. Co.*, 87 F.3d 209, 211 (7th Cir. 1996).

[2] *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232 (1984).

● ETD ignores the allegations of the fourth cause of action, Breach of the Covenant of Good Faith and Fair Dealing, which is pled against ETD as well as the other defendants (¶¶63-70).

● ETD ignores the allegations of the Fifth Cause of Action, Fraud, which is pled against ETD as well as the other defendants (¶¶71-74).

2. ETD then goes on to make the same frivolous and specious argument that GMAC did in its motion to dismiss. It argues that since the trustee sale was calendared for Friday, July 27, 2007, a sale date four days after plaintiff filed his state court action, and one day before he obtained his state court restraining order, that plaintiff's request to have to foreclosure process declared void and improper is moot since the date of July 27, 2007 has come and gone.

The misrepresentation present in this argument is stunning. Paragraph 41 of the verified complaint states, "Defendants have scheduled a trustee sale and intend to proceed with the sale on July 27, 2007 despite their violations of the federal Fair Debt Collection Practices Act, RESPA, and California Non-Judicial Foreclosure Law, California Civil Code §2924 et seq.." Plaintiff sought an order declaring the foreclosure sale set for that date void.

ETD conceals from this court the fact that the Alameda Superior Court granted a temporary restraining order on July 26, 2007. As a direct result of this, GMAC and Executive Trust Deed ***continued the foreclosure sale to October 26, 2007.*** ETD's argument is fraudulent in that it leaves the impression that the sale was cancelled, which it was not. However, even if it had been cancelled, plaintiff is still entitled to a declaration that the pending foreclosure action was void as such a declaration is necessary in order for plaintiff to be the prevailing party in this action and thereby be awarded attorney fees.

ETD further neglects to mention that plaintiff has alleged in ¶¶ 50, 60, 74, "Defendants' actions as discussed in this cause of action have been wilful and knowing and malicious."

3. ETD then goes on to argue that RESPA does not apply to ETD. This is not what the verified complaint alleges. In making this argument, ETD ignores all of the agency and co-conspirator allegations referred to in subsection 1 of this memorandum of points and authorities.

● ETD ignores, as it specifically pertains to RESPA, the allegations of paragraphs 23, and 27-30 whereby a RESPA qualified written request was sent to ETD.

● ETD ignores the allegations of the third cause of action, RESPA, which is pled against ETD as well as the other defendants (¶¶51-60).

ETD then goes on to argue that plaintiff's allegations concerning RESPA are false. ETD's authority for its contentions? Because ETD says so, that is why. It offers no legal authority for its position. Plaintiff, in paragraph 55 of his complaint, cited the statutory language of RESPA. Paragraph 55 states in relevant part,

> 12 U.S.C. 2605(e) (RESPA) forbids the defendants from providing any, "information regarding any overdue payment, owed by such borrower and relating to such period or qualified written request, to any consumer reporting agency."

A logical interpretation of this prohibition is the conduct of a foreclosure sale and even the recording of a notice of default. Upon sale, the trustee issues a trustee's deed upon sale which is recorded with the county recorder. There can be no greater negative report concerning a default or delinquent payment than recording the default, or a notice of trustee sale, or a trustee's deed upon sale with the county recorder for the entire world to see.

Indeed, there may no cases interpreting the RESPA prohibitions in the context of a non-judicial foreclosure. Homeowners in foreclosure simply do not have the financial resources to secure appellate interpretation of the relationship of RESPA to non-judicial foreclosure. This leaves that relationship open to legal argument and judicial interpretation on the trial court level, but certainly not the

basis for a 12(b)(6) motion.

Amazingly, ETD then goes on to attempt to argue that some kind of immunity is extended to the trustee by Civil Code §2924. The section which ETD cites speaks to the comprehensiveness of the notice of trustee sale in listing all of the known defaults on the part of the borrower. It simply states that the notice of sale does not have to include every known default to be proper. It only has to include valid ones. The cited section speaks to the relationship between the trustee and the beneficiary. It is not an immunity statute as ETD argues.

4. ETD then goes on to argue that there is no claim of fraud against ETD. Its chief argument is that there is not enough specificity. It also makes the same specious argument that GMAC made in its motion, that while ETD is being sued as a defendant, plaintiff is somehow obligated to name the specific actors who were employees of ETD in his request for punitive damages. ETD argues that their identities are required by Civil Code §3294(b).

ETD ignores the agency and co-conspirator allegations referred to in the subsection 1 of this memorandum of points and authorities. It ignores the allegations of the fifth cause of action, Fraud, which is pled against ETD as well as the other defendants (¶¶71-74).

As mentioned in the memorandum discussing GMAC's motion to dismiss, California Civil Code §3294(b) speaks to a situation entirely different from that alleged in this case. It says,

> An employer shall not be liable for damages pursuant to subdivision (a), based upon acts of an employee of the employer, unless the employer had advance knowledge of the unfitness of the employee and employed him or her with a conscious disregard of the rights or safety of others or authorized or ratified the wrongful conduct for which the damages are awarded or was personally guilty of oppression, fraud, or malice. With respect to a corporate employer, the advance knowledge and conscious disregard, authorization, ratification or act of oppression, fraud, or malice must be on the part of an officer, director, or managing agent of the corporation.

5. ETD next argues that this no claim concerning a Contractual Breach of the Convenant of Good Faith and Fair dealing. In order to make this claim, ETD again must ignore the agency and co-conspirator allegations of subsection 1 of this memorandum of points and authorities. It ignores the allegations of the Fourth Cause of Action, Breach of the Covenant of Good Faith and Fair Dealing, which is pled against ETD as well as the other defendants (¶¶63-70).

6. ETD next argues that plaintiff's request for punitive damages should be struck since he listed it as a cause of action, the sixth cause of action.

Indeed, a request for punitive damages is not in and of itself a cause of action. However, plaintiff requests that the court simply strike the words, "SIXTH CAUSE OF ACTION" which encaptions the discussion of California Civil Code §3294, and leave the rest standing so as to provide notice to ETD that plaintiff is seeking punitive damages from ETD.

7. ETD finally argues that there is no claim for accounting against it. It claims that it cannot provide an accounting even if it wants to. This is false.

Generally, the trustee has only the duty to discharge the responsibilities specified in the security instrument and statutes.[3] The trustee's duties are to reconvey the property to the trustor on satisfaction of the debt or obligation or, in the event of default, to conduct a foreclosure sale.[4] However, the trustee, ETD, has gone far beyond this and interposed itself as a shield on behalf of the beneficiary, GMAC. In the notices it issued on behalf of GMAC, ETD provided only its own addresses and telephone number as the sole means of dealing with GMAC in this foreclosure process. In no place did these notices either of default

---

[3] *Sugiyama v. Cuneo* (1962, 1st Dist) 208 Cal. App. 2d 397, 25 Cal. Rptr. 348.

[4] Monterey S. P. Partnership v. W. L. Bangham, Inc. (1989) 49 Cal 3d 454, 261 Cal Rptr 587, 777 P2d 623; Witkin, 3 Summary of California L., Security Interests in Real Property §7 (9th ed.).

or trustee sale provide the means to Marcos Lopez to contact the beneficiary, GMAC directly. It is clear that ETD went beyond any statutory agency with GMAC and involved itself with GMAC almost as its sole agent.

### Observations

There are two important observations which must be made.

One is that ETD has attempted to argue facts which are outside of the complaint, and ignore allegations within the complaint which undermine the bases of its motion to dismiss. Even if one were to assume that ETD's positions are correct, ETD's motion is one to be dealt with in a summary judgment motion.

The second observation is California Civil Code §2924l.

California Civil Code §2924l(a) permits a trustee under a deed of trust to file a declaration of non-monetary status when it is named in an action or proceeding in which the deed of trust is the subject. The trustee may file this declaration when he reasonably believes that he has been named in the action or proceeding solely in his capacity as trustee, rather than out of any wrongful acts or omissions on its part in performing its duties as trustee. California Civil Code §2924l(b) sets forth the procedures for the filing of such a declaration. Significant to plaintiff, California Civil Code §2924l(b) requires that "the trustee agrees to be bound by whatever order or judgment is issued by the court regarding the subject deed of trust."

California law envisions permitting a non-culpable trustee to remove himself from litigation, as long as he agrees to be bound by the orders issued by the court. It does not envision permitting trustees to remove themselves from litigation involving a beneficiary, such as GMAC, by motions to dismiss. If this court were to dismiss the complaint against ETD (whose counsel is the same as that for GMAC), ETD would be able to conduct a trustee sale even if this court were to order GMAC not to. California Civil Code §2924l eliminates this problem.

If ETD wants out, let ETD file a declaration of non-monetary status pursuant to California Civil Code §2924l. However, ETD's non-culpability is far from clear, particularly in light of its own failure to respond to plaintiff's Qualified Written Request under RESPA.

<u>Conclusion</u>

Because plaintiff's factual allegations support a claim on which relief can be granted, the court should deny defendant ETD's motion and retain the case on the court's docket. In the alternative, if the court determines plaintiff has failed to properly state a claim, plaintiff asks the court to grant leave to amend the complaint.

Respectfully Submitted

THE SPIELBAUER LAW FIRM

*[signature: Thomas J. Spielbauer]*

by Thomas Spielbauer, Esq.
Attorney for Plaintiff, Marcos Lopez