Glenn H. Wechsler, State Bar No. 118456
LAW OFFICES OF GLENN H. WECHSLER
1655 N. Main Street, Suite 230
Walnut Creek, California 94596
Telephone: (925) 274-0200
Facsimile: (925) 274-0202
Email: glenn@glennwechsler.com

Attorney for Defendants
GMAC MORTGAGE CORPORATION and
EXECUTIVE TRUSTEE SERVICES, LLC
erroneously sued as EXECUTIVE TRUST DEED
SERVICES, INC.

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA – OAKLAND

| | |
|---|---|
| MARCOS LOPEZ,<br><br>      Plaintiff,<br><br>vs.<br><br>GMAC MORTGAGE CORP., et al.,<br><br>      Defendants. | CASE NO. C07-03911 CW<br><br>JUDGE: Claudia Wilken<br><br>**DEFENDANT EXECUTIVE TRUSTEE SERVICES LLC'S REPLY TO OPPOSITION IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S FIRST, THIRD, FOURTH, FIFTH, SIXTH AND SEVENTH CLAIMS PURSUANT TO RULE 12(b)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE**<br><br>DATE:    October 11, 2007<br>TIME:    2:00 p.m.<br>COURTROOM:  2, 4th Floor<br>                1301 Clay Street<br>                Oakland, CA 94612<br><br>**Action Filed:** Alameda County Superior Court, Case No. RG07336961<br>**Removed:** July 31, 2007 |

REPLY TO OPPOSITION TO EXECUTIVE TRUSTEE SERVICES,
LLC'S MOTION TO DISMISS PLAINTIFF'S FIRST, THIRD,
FOURTH, FIFTH, SIXTH AND SEVENTH CLAIMS
Marcos Lopez v. GMAC Mortgage Corp., et al.
Northern District of California,
Civil Action No. C07-03911 CW
Page 1 of 4

## REPLY BRIEF

Executive Trustee Services, LLC (hereafter "ETS") has argued that Plaintiff's Complaint, as pled, fails to set forth facts that show a causal connections between ETS' acts and Plaintiff's alleged injuries and therefore fails to state a claim under his **First Cause of Action for Declaratory Judgment, Third Cause of Action for Violation of RESPA, Fourth Cause of Action for Fraud** and **Fifth Cause of Action for Breach of the Covenant of Good Faith and Fair Dealing, Sixth Cause of Action for Punitive Damage**s and Seventh Cause of Action for Accounting.

What is immediately apparent in Plaintiff's Opposition to ETS' motion is that he does not argue that the elements of any cause of action have been pled, and does not cite any case law that would relieve him of this requirement.

Specifically:

(1) The Motion to Dismiss Plaintiff's First Cause of Action for Declaratory Judgment should be granted because Plaintiff simply fails to state a legal basis for this cause of action to lie. Plaintiff's allegations, in support thereof, pertain to past wrongs or events. Moreover, Plaintiff fails to state what declaration of what rights he is actually seeking to have resolved by this cause of action. Past wrongs are not a basis for declaratory relief. As alleged, this claim must fail. *Travers v. Luden* (1967) 254 Cal. App. 2d 926, 931.

(2) The Motion to Dismiss Plaintiff's Third Cause of Action for Violation of RESPA should be granted because Plaintiff has not alleged any basis, as a matter of law, for which ETS could be held liable. Plaintiff alleges that ETS was only a "trustee of an alleged deed of Trust" [*Plaintiff's Complaint*, ¶4]. Plaintiff does not allege ETS was a lender, or a servicer of any loan product. [*Plaintiff' Complaint*]. RESPA facially defines who falls under the statute.[12 U.S.C §2605]

REPLY TO OPPOSITION TO EXECUTIVE TRUSTEE SERVICES,
LLC'S MOTION TO DISMISS PLAINTIFF'S FIRST, THIRD,
FOURTH, FIFTH, SIXTH AND SEVENTH CLAIMS
Marcos Lopez v. GMAC Mortgage Corp., et al.
Northern District of California,
Civil Action No. C07-03911 CW
Page 2 of 4

Plaintiff also fails to cite authority for his unique allegation that "RESPA forbids the conduct of a non-judicial foreclosure while a RESPA qualified written request is pending." [*Plaintiff's Complaint* ¶5]. Plaintiff takes issue that ETS characterized this representation to RESPA as "false". [*Plaintiff's Opposition to Motion to Dismiss*, p.4:10-14]. ETS simply points Plaintiff to the statute which patently does not have any such language.

(3) The Motion to Dismiss Plaintiff's Fourth Cause of Action for Fraud should be granted because Plaintiff has failed to substantively oppose ETS' arguments. Plaintiff does not attempt to state that he has provided facts as to ETS supporting any element of fraud, and fails to explain why he should be exempt from Civil Code §3294(b). " As against a corporate employer, plaintiff must also allege the employee's status as an officer, director or managing agent." (Civil Code Section-3294(b), emphasis added.)

(4) The Motion to Dismiss Plaintiff's Fifth Cause of Action for Breach of the Covenant of Good Faith and Fair Dealing should be granted because again, Plaintiff has failed to substantively oppose ETS' motion to dismiss. Plaintiff only states that ETS "ignores the allegations of the Fourth Cause of Action…which is plead against ETS as well as other defendants" [*Plaintiff's Opposition to Motion to Dismiss*, p.4:]. It is precisely Plaintiff's Fourth Cause of Action, and allegations therein, that are subject to the motion to dismiss. Plaintiff has not alleged that ETS was party to any contract involving plaintiff, either written or implied. Therefore as a matter of law, it is not possible for a cause of action for breach of the covenant of good faith and fair dealing (implied in all contracts) to be maintained.

(5) The Motion to Dismiss Plaintiff's Sixth Cause of Action for Punitive Damages should be granted. Plaintiff has conceded no such cause of action lies.

///

///

(6) The Motion to Dismiss Plaintiff's Seventh Cause of Action for Accounting should be dismissed because as there is no contract alleged between Plaintiff and ETS, there cannot be, as a matter of law, a basis for a claim for accounting.

## CONCLUSION

For all reasons set forth, ETS respectfully requests that this Court dismiss Plaintiff's claims for relief as set forth herein.

Dated: September 25, 2007    LAW OFFICES OF GLENN H. WECHSLER

By: _____
GLENN H. WECHSLER

E:\Glenn\DOCS\GMAC\LOPEZ\EXECUTIVE TRUST-MTN TO DISMISS\Reply to Opposition re Mtn to Dismiss.doc