IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCOS LOPEZ,<br><br>    Plaintiff,<br><br>  v.<br><br>GMAC MORTGAGE CORP.; EXECUTIVE TRUST SERVICES, LLC; GREENPOINT MORTGAGE FUNDING, INC.,<br><br>    Defendants.<br>_____/ | No. C 07-3911 CW<br><br>ORDER GRANTING IN PART WITH LEAVE TO AMEND AND DENYING IN PART DEFENDANTS' MOTIONS TO DISMISS |

    Defendant Executive Trustee Services, LLC (ETS) moves pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss Plaintiff's first, third, fourth, fifth, and sixth causes of action.[1] Defendant GMAC Mortgage Corporation (GMAC) moves separately pursuant to Rule of 12(b)(6) to dismiss Plaintiff's first, fifth and sixth causes of action.[2] Plaintiff opposes these motions. The

---

[1] ETS also moves to dismiss what it calls Plaintiff's seventh cause of action. However, as discussed below, Plaintiff only lists six causes of action. ETS has mischaracterized a prayer for relief as a seventh cause of action.

[2] Defendant Greenpoint Mortgage Funding, Inc. has filed an answer and has not moved to dismiss any causes of action.

matter was heard on October 11, 2007. Having considered all of the papers filed by the parties and oral argument on the motions, the Court GRANTS IN PART and DENIES IN PART Defendants' motions to dismiss and GRANTS Plaintiff leave to amend.

## BACKGROUND

The allegations of the complaint are assumed to be true for purposes of these motions, except where noted. Plaintiff brings this lawsuit in connection with the attempted foreclosure sale of the property located at 7345 Holly Street, Oakland, California. In April, 2005, Plaintiff purchased the property. In January, 2006, Plaintiff refinanced the property with GMAC with a note in the amount of $371,327.71 secured by a trust deed in favor of GMAC. Under the terms of the note, Plaintiff is required to make monthly mortgage payments in the amount of $1112.01. Within a month of the refinancing, GMAC reassigned the note to Greenpoint. Over the next several months, the note was reassigned back and forth between GMAC and Greenpoint, eventually ending up with GMAC. During this time, GMAC and Greenpoint rejected Plaintiff's attempts to make timely mortgage payments.

In March, 2007, GMAC started non-judicial foreclosure proceedings on the property. On or about June 26, 2007, ETS recorded a notice of trustee sale. In this notice, GMAC demanded that Plaintiff pay $409,557.49 as the unpaid balance of the note plus reasonably estimated costs and expenses. This amount is $38,229.78 in excess of the principal amount of the note and of what Plaintiff owes given his timely payments. The trustee sale was scheduled to take place on July 27, 2007.

1  Plaintiff brings six causes of action: (1) a request for a
2 declaration that a trustee sale would be invalid; (2) violation of
3 the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692-
4 1692o; (3) violation of the Real Estate Settlement and Procedures
5 Act (RESPA), 12 U.S.C. §§ 2601-2617; (4) breach of the covenant of
6 good faith and fair dealing; (5) fraud; and (6) a claim for
7 punitive damages.

## LEGAL STANDARD

When evaluating a motion to dismiss for failure to state a claim, all material allegations in the complaint will be taken as true and construed in the light most favorable to the plaintiff. NL Indus., Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986). Although the court is generally confined to consideration of the allegations in the pleadings, when the complaint is accompanied by attached documents, such documents are deemed part of the complaint and may be considered in evaluating the merits of a Rule 12(b)(6) motion. Durning v. First Boston Corp., 815 F.2d 1265, 1267 (9th Cir. 1987).

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). "Each averment of a pleading shall be simple, concise, and direct. No technical forms of pleading or motions are required." Fed. R. Civ. P. 8(e). The Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim. See Bell Atl. Corp. v. Twombly, __ U.S. __, 127 S.Ct. 1955, 1964 (2007). To the contrary, all the Rules require is that the plaintiff "give the defendant fair notice

3

of what the [plaintiff's] claim is and the grounds on which it rests." Id. (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)) (internal quotation marks omitted).

When granting a motion to dismiss, a court is generally required to grant a plaintiff leave to amend, even if no request to amend the pleading was made, unless amendment would be futile. Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc., 911 F.2d 242, 246-47 (9th Cir. 1990).

## DISCUSSION

I. Declaratory Judgment

Plaintiff requests a declaration, pursuant to California Civil Code § 1060, that a trustee sale, such as that originally scheduled for July 27, 2007, would be invalid and unlawful and that the necessary foundation has not been laid for a trustee sale as described in California Civil Code § 2924 et seq. Defendants cite state law to argue that Plaintiff has no basis for declaratory relief because he seeks a determination of his rights and duties with respect to a past wrong.

Although Plaintiff and Defendants cite state law, once a case is removed to federal court, whether to grant declaratory relief becomes a procedural matter implicating the Declaratory Judgment Act (DJA), 28 U.S.C. § 2201. Golden Eagle Ins. Co. v. Travelers Cos., 103 F.3d 750, 753 (9th Cir. 1996), overruled on other grounds by Gov't Employees. Ins. Co. v. Dizol, 133 F.3d 1220 (9th Cir. 1998).

The DJA permits a federal court to "declare the rights and other legal relations" of parties to "a case of actual

4

controversy." 28 U.S.C. § 2201; see <u>Wickland Oil Terminals v. Asarco, Inc.</u>, 792 F.2d 887, 893 (9th Cir. 1986). The "actual controversy" requirement of the DJA is the same as the "case or controversy" requirement of Article III of the United States Constitution. <u>American States Ins. Co. v. Kearns</u>, 15 F.3d 142, 143 (9th Cir. 1993).

Under the DJA, a two-part test is used to determine whether a declaratory judgment is appropriate. <u>Principal Life Ins. Co. v. Robinson</u>, 394 F.3d 665, 669 (9th Cir. 2005). First, the court must determine if an actual case or controversy exists within the court's jurisdiction. <u>Id.</u> Second, if so, the court must decide whether to exercise its jurisdiction. <u>Id.</u>

Plaintiff alleges an actual controversy. While the trustee sale of July 27, 2007 did not occur, the sale was rescheduled for October 26, 2007, after the Alameda Superior Court issued a temporary restraining order on July 26, 2007.

Accordingly, Defendants' motion to dismiss Plaintiff's first cause of action is denied.

II. RESPA

Plaintiff alleges that he mailed to ETS a RESPA-qualified request for information, as defined in 12 U.S.C. § 2605(e)(1)(B). Plaintiff contends that ETS violated RESPA by failing to respond to this request in the manner prescribed by 12 U.S.C. § 2605(e)(2)-(3). Plaintiff further contends that ETS violated § 2605(e) of RESPA by refusing to postpone the trustee sale of the property while the RESPA-qualified request was outstanding. ETS argues that this cause of action against it must be dismissed because 12 U.S.C.

5

§ 2605(e) does not apply to it.

The title of the section is "Duty of loan servicer to respond to borrower inquiries." 12 U.S.C. § 2605(e). A loan servicer is defined by statute as a person responsible for "receiving any scheduled periodic payments from a borrower pursuant to the terms of any loan." 12 U.S.C. § 2605(i)(3).

Plaintiff has not alleged that ETS is a loan servicer. Plaintiff alleges that ETS is the trustee of the disputed loan, but has not alleged that ETS ever received or was responsible for receiving periodic payments on the loan. Furthermore, Plaintiff cites no authority to support his contention that a trustee can be sued under RESPA directly or as an agent of a loan servicer.

Because Plaintiff has not alleged any facts that would establish that ETS has any duties under § 2605(e), ETS's motion to dismiss Plaintiff's third cause of action is granted. Plaintiff is given leave to amend to allege, if he can truthfully do so, that ETS is a loan servicer as defined by 12 U.S.C. § 2605(i)(3).

III.  Breach of the Covenant of Good Faith and Fair Dealing

Plaintiff claims that ETS breached the covenant of good faith and fair dealing. ETS argues that this claim against it must be dismissed because it has no contractual relationship with Plaintiff.

Under California law, "[t]he prerequisite for any action for breach of the implied covenant of good faith and fair dealing is the existence of a contractual relationship between the parties, since the covenant is an implied term in the contract." Smith v. City & County of San Francisco, 225 Cal. App. 3d 38, 49 (1990).

6

Plaintiff has not alleged that he has any direct contractual relationship with ETS.  Plaintiff's allegation that ETS acted as an agent, employee, alter-ego, principal, employer, or co-conspirator of the contracting party, GMAC, is conclusory.  See Twombly, 127 S.Ct. at 1964.  Therefore, Plaintiff has not plead facts sufficient to state a claim that an implied covenant exists between Plaintiff and ETS.

Accordingly, ETS's motion to dismiss Plaintiff's fourth cause of action is granted.  Plaintiff is given leave to amend to allege, if he can truthfully do so, that he has a contractual relationship with ETS.

## IV. Fraud

Plaintiff argues that Defendants committed fraud as defined by California Civil Code § 1572.  The moving Defendants rely on state law to argue that Plaintiff has not plead his fraud cause of action with sufficient specificity.

Under California law, fraud is defined as:

any of the following acts, committed by a party to the contract, or with his connivance, with intent to deceive another party thereto, or to induce him to enter into the contract:

1. The suggestion, as a fact, of that which is not true, by one who does not believe it to be true;

2. The positive assertion, in a manner not warranted by the information of the person making it, of that which is not true, though he believes it to be true;

3. The suppression of that which is true, by one having knowledge or belief of the fact;

4. A promise made without any intention of performing it; or,

5. Any other act fitted to deceive.

7

Cal. Civ. Code § 1572.

In a case that has been removed to federal court, the pleading requirements for a claim of fraud are analyzed under Federal Rule of Civil Procedure 9(b). <u>Vess v. Ciba-Geigy Corp. USA</u>, 317 F.3d 1097, 1103 (9th Cir. 2003) ("It is established law, in this circuit and elsewhere, that Rule 9(b)'s particularity requirement applies to state-law causes of action."). "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Fed. R. Civ. P. 9(b). The allegations must be "specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." <u>Semegen v. Weidner</u>, 780 F.2d 727, 731 (9th Cir. 1985). Statements of the time, place and nature of the alleged fraudulent activities are sufficient, <u>Wool v. Tandem Computers, Inc.</u>, 818 F.2d 1433, 1439 (9th Cir. 1987), provided the plaintiff sets forth "what is false or misleading about a statement, and why it is false." <u>In re GlenFed, Inc., Sec. Litig.</u>, 42 F.3d 1541, 1548 (9th Cir. 1994).

Plaintiff has not plead his fraud cause of action with sufficient specificity. Plaintiff provides just one general allegation: that by violating California Civil Code § 2924, the FDCPA and RESPA, Defendants attempted to deceive Plaintiff into foregoing his rights under California Civil Code § 2924. However, Plaintiff fails to provide any details as to the time, place and nature of any alleged fraudulent actions. <u>See</u> <u>Wool</u>, 818 F.2d at 1439. Nor does Plaintiff tie particular actions to specific

Defendants or provide an explanation of how he was deceived by Defendants' actions. Thus, Plaintiff does not provide Defendants with notice of the particular misconduct which is alleged to constitute the fraud charged. <u>Semegen</u>, 780 F.2d at 731.

Accordingly, the Court grants Defendants' motions to dismiss Plaintiff's fifth cause of action. Plaintiff is given leave to amend to plead the fraud with the required particularity.

## V. Punitive Damages

As his sixth cause of action Plaintiff alleges that Defendants are guilty of malice, fraud and oppression and asks for punitive damages pursuant to California Civil Code § 3294.

Defendants contend and Plaintiff agrees that a request for punitive damages is not a cause of action, but a prayer for relief. Plaintiff may pursue it as such if he chooses to re-allege his cause of action for fraud.[3] <u>See</u> Cal. Civ. Code § 3294.

## VI. Accounting

Plaintiff requests that Defendants provide a detailed accounting of the financial status of the disputed note. ETS claims that there is no basis for this request because it has no contractual relationship with Plaintiff and it does not maintain the records necessary for such an accounting.

As noted above, ETS has mischaracterized Plaintiff's prayer for relief as a seventh cause of action. Plaintiff may pursue it

---

[3] Plaintiff requests that a person named Gregory Thomas should recover punitive damages. Because this name is not referred to in other parts of the complaint, the Court assumes this to be a typographical error and that Plaintiff intended the name to be his name, Marcos Lopez.

9

as a prayer for relief, if any of his causes of action provide for such relief.  Or, he may state it as a cause of action if state or federal law creates such a cause of action.

## CONCLUSION

For the foregoing reasons, Defendants' motions to dismiss Plaintiff's first cause of action are DENIED.  Defendants' motions to dismiss Plaintiff's fifth and sixth causes of action are GRANTED.  ETS's motion to dismiss Plaintiff's third and fourth causes of action is GRANTED.  Plaintiff is granted leave to file, within two weeks of the date of this order, an amended complaint to remedy the deficiencies noted above.  If Plaintiff does not file an amended complaint within this time period, he may pursue the causes of action that have not been dismissed.

IT IS SO ORDERED.

Dated: 11/1/07

CLAUDIA WILKEN
United States District Judge

10