Thomas Spielbauer, Esq.
SBN 78281
THE SPIELBAUER LAW FIRM
50 Airport Parkway
San Jose, CA  95110
(408)451-8499
Fax: (610)423-1395
thomas@spielbauer.com

Attorneys for Marcos Lopez, Plaintiff

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCOS LOPEZ,<br><br>                              Plaintiff.<br><br><br>v.s.<br><br><br><br>GMAC MORTGAGE CORPORATION USA; GREENPOINT MORTGAGE FUNDING, INC; and EXECUTIVE TRUST DEED SERVICES, INC.<br><br>                              Defendants. | No: **4:07-cv-3911-CW**<br><br>FIRST AMENDED COMPLAINT FOR DECLARATORY JUDGMENT PURSUANT TO CCP §1060,  FAIR DEBT COLLECTION PRACTICES ACT, RESPA, FRAUD, GOOD FAITH AND FAIR DEALING, UNFAIR BUSINESS PRACTICES, PUNITIVE DAMAGES, AND FOR AN ACCOUNTING<br><br>JURY TRIAL REQUESTED |

Plaintiff, Marcos Lopez, alleges:

### PARTIES

1.  Plaintiff Marcos Lopez is and at all times herein mentioned was a resident of Alameda County, California.  Marcos Lopez resides at 7345 Holly Street, Oakland, CA 94621.

2.  Defendant GMAC MORTGAGE CORPORATION USA. (herein after referred to as GMAC)  is a business entity with a principal place of business located at 100 Witmer Road, Horsham, PA 19044.  GMAC does business in the State of California and within the County of Alameda, California on a regular basis.  GMAC's agent for the service of process in the State of California is CSC

-1-

1   Lawyers Incorporating Service, Post Office Box 526036, Sacramento, CA 95852.

2       3.  Defendant GREENPOINT MORTGAGE FUNDING, INC. (herein after

3   referred to as GREENPOINT)  is a business entity with a principal place of

4   business located at Hollow Wood Drive, Novato, CA 94945.   GREENPOINT

5   does business in the State of California and within the County of Alameda,

6   California on a regular basis.   GREENPOINT's agent for the service of process

7   in the State of California is C. T. Corporation System, 818 West Seventh Street

8   Los Angeles, CA 90017.

9       4.  Defendant EXECUTIVE TRUST DEED SERVICES (herein after

10  referred to as EXECUTIVE)  is a business entity with a principal place of

11  business located at 15455 San Fernando Mission Boulevard, Suite 208, Mission

12  Hills, CA 91345.  EXECUTIVE is the trustee of an alleged deed of Trust on the

13  property 7345 Holly Street, Oakland, CA 94621.  That trust deed number is

14  Alameda County number 2006078356.  EXECUTIVE regularly conducts

15  business in Alameda County, California.

16      5. Plaintiff is informed and believes, and thereon alleges, that each

17  Defendant is and at all relevant times herein was, the agent, employee, alter-ego,

18  principal, employer, or co-conspirator of each of the remaining co-Defendants,

19  and in committing the acts herein alleged, was acting in the scope of their

20  authority as such agents, employees, principals, employers, alter-egos, or co-

21  conspirators and with the permission and consent of the remaining co-

22  Defendants.

23      6. Whenever in this Cross Complaint an act or omission of a corporation or

24  business entity is alleged, the said allegation shall be deemed to mean and include

25  an allegation that the corporation or business entity acted or omitted to act

26  through its authorized officers, directors, agents, servants, and/or employees,

27  acting within the course and scope of their duties, that the act or omission was

28  authorized by corporate managerial officers or directors, and that the act or

1     omission was ratified by the officers and directors of the corporation.

2        7. Defendants, and each of them, are debt collectors as defined by by 15

3     USCA § 1692a(6), the Federal Fair Debt Collection Practices Act.

4        8. Defendants, and each of them, were required to comply with the Federal

5     Fair Debt Collection Practices Act, 15 U.S.C. §§1692-1692o, and the federal Real

6     Estate Settlement Procedures Act (RESPA), 12 U.S.C. §2601-2617.

7        9. Since the filing of the original complaint and its removal into federal

8     court, defendant EXECUTIVE has filed a declaration pursuant to California Civil

9     Code §2924l. Plaintiff Marcos Lopez has not and does not object to this

10     declaration. As a result, while EXECUTIVE will be bound by the findings and

11     orders of this Court, it will also be excused as a party to this litigation. As a

12     result of this 2924l declaration, Plaintiff Marcos Lopez has removed the

13     allegations against EXECUTIVE from his causes of action with the exception of

14     the first seeking a declaratory judgment.

15                  **JURISDICTION**

16        10. The transactions and events which are the subject matter of this

17     complaint all occurred within the County of Alameda, State of California.

18        11. The property located at 7345 Holly Street, Oakland, CA 94621 is

19     located in the County of Alameda, California. The legal description is Lot 23,

20     Putnam Terrace, Filed July 1, 1926, Map Book 9, Page 7, Alameda County

21     Records. APN 040-3324-023.

22             **FACTUAL ALLEGATIONS**

23        12. The property of 7345 Holly Street, Oakland, CA 94621 is the home of

24     plaintiff Marcos Lopez and his family, including his 8 year old child. There are

25     two trust deeds on the property, one currently held by GMAC. This is the

26     foreclosing trust deed. This GMAC trust deed is Deed of Trust 2006078356.

27     There is a second trust deed on the property in the amount of $45,900 which is

28     held by Greenpoint Mortgage. This second trust deed is not within the subject

matter of this litigation.

13. Marcos Lopez purchased his home located at 7345 Holly Street in Oakland, CA 94621 during April 2005. He subsequently refinanced the property with defendant GMAC during January 2006. He refinanced with a first note in the amount of $371,327.71 and secured this note with a trust deed in favor of GMAC. The loan number is 0307664370 and the Deed of Trust securing this loan is Alameda County trust deed number 2006078356.

14. The terms of the note required mortgage payments in the amount of $1112.01 from plaintiff Marcos Lopez. Within approximately a month of this loan transaction, GMAC assigned the note to defendant GREENPOINT. Thereafter, there occurred confusing reassignments of this note between GREENPOINT and GMAC, confusing to plaintiff in part due to defendants failure to notify Plaintiff Marcos Lopez of these assignments. This note and trust deed, however, eventually returned to GMAC which commenced non-judicial foreclosure proceedings during March 2007.

15. EXECUTIVE, acting on behalf of GMAC, recorded a notice of trustee sale on or about June 26, 2007. In this notice of trustee sale, GMAC is demanding from Marcos Lopez the amount of $409,557.49 as the unpaid balance and reasonably estimated costs and expenses. This amount is $38,229.78 in excess of the principal amount of the note and is $38,229.78 more than what plaintiff Marcos Lopez owes given the timely payments he has made on this loan.

16. Marcos Lopez tendered timely monthly mortgage payments, payments which GMAC and GREENPOINT have failed to credit to Mr. Lopez. Had GMAC and GREENPOINT properly accepted and credited plaintiff Marcos Lopez's monthly mortgage payments, and had GMAC and GREENPOINT fulfilled their legal duty to credit Mr. Lopez with his monthly mortgage payments in a timely manner, there would have been no arrearage or deficiency giving rise to the non-judicial foreclosure sale which was initially scheduled for July 27,

2007 but has been continued for periods of time and is still pending.   There also would be no legal basis for any of defendants' fees, expenses, costs, and advances.

17. After the refinance, Marcos Lopez thereafter made the following, timely, monthly mortgage payments:

| Date | Payee | Amount |
|---|---|---|
| February 2006 | Greenpoint | $1,112.01 |
| March 2006 | Greenpoint | $1,112.01 |
| April 2006 | Greenpoint | $1,112.01 |
| May 2006 | Greenpoint | $1,112.01 |
| June 2006 | GMAC | $1,112.01 |
| July 2006 | GMAC | $1,112.01 |
| August 2006 | GMAC | $1,112.01 |
| September 2006 | GMAC | $1,112.01 |
| October 2006 | GMAC | $1,112.01 |
| November 2006 | Greenpoint | $1,112.01 |
| December 2006 | Greenpoint | $1,112.01 |
| January 2007 | Greenpoint | $1,112.01 *Greenpoint negotiated this check but subsequently refunded this amount. |
| February 2007 | Greenpoint | $1,112.01 *Greenpoint negotiated this check but subsequently credited payment as 15 days late. |
| March 2007 | Greenpoint | $1,112.01 *Greenpoint refused payment citing assignment to GMAC. |
| March - April 2007 | GMAC | @$4,448.04 *Payment tendered on line but refused by GMAC. |

| May 2007 | GMAC | GMAC refused to accept monthly mortgage payments, instead demanded extraordinary fees and cited that their foreclosure attorneys now had this case. |
| June 2007 | GMAC | |
| July 2007 | GMAC | |

18. Defendants recorded a notice of default on the property of 7345 Holly Street, Oakland, CA 94621 during the month of March 2007.

19. Defendants GMAC and EXECUTIVE recorded a notice of trustee sale, on or about June 26, 2007. In this notice of trustee sale, GMAC and EXECUTIVE erroneously made a statement of amounts due of $409,557.49. This demand, on the loan of $371,327.71, is grossly inaccurate. This notice of Trustee Sale is attached as Exhibit 1 to this complaint.

20. When plaintiff Marcos Lopez became aware that his monthly mortgage payments were not being properly credited to him, he contacted both GREENPOINT and GMAC and spoke to unidentified representatives, agents and officers. He furnished to these representatives, agents and officers of GREENPOINT and GMAC proof of his timely monthly mortgage payments, only to be told by their respective representatives that they would contact him after investigating the matter. Defendants GREENPOINT nor GMAC never investigated plaintiff's payments nor did they contact him concerning the information he provided concerning his payments.

21. California non-judicial foreclosure law requires that the notice of default contain an accurate statement of the amount in arrears. California non-judicial foreclosure law likewise mandates that the Notice of Trustee Sale contain an accurate statement of the total amount of the unpaid balance, to include a reasonable estimate of the costs, expenses, and advances incurred at the time of the initial publication of the notice of sale. The notice of default and the notice of trustee sale contain erroneous amounts and are invalid under California non-

1    judicial foreclosure law.

2        22. On July 11, 2007, plaintiff Marcos Lopez mailed via United States

3    Express mail a qualified written pursuant to the federal Real Estate Settlement

4    Procedures Act (RESPA) 12 U.S.C. 2605(e).  This same letter also served as a

5    request for debt verification pursuant to the federal Fair Debt Collection Practices

6    Act,  (15 U.S.C. 1692 et seq.).  This letter is attached as Exhibit 2 to this

7    complaint.

8        23. In this letter, Marcos Lopez further requested that defendants GMAC

9    and GREENPOINT furnish to him a detailed accounting of the amounts they are

10   demanding.   Marcos Lopez requested that defendants provide him to written

11   notice containing the precise amount of the debt, the name of the creditor, and a

12   detailed accounting and verification of the amounts being demanded.

13       24. The letter to GMAC in Waterloo, IA was assigned a tracking number of

14   EB131498138US and was delivered by the United States Post Office on July 12,

15   2007 at 11:47 a.m., according the Post Office web site of www.usps.gov.    The

16   letter to GMAC in Louisville, KY was assigned a tracking number of

17   EB131498124US and was delivered by the United States Post Office on July 12,

18   2007 at 11:17 a.m..

19       25. The letter to GREENPOINT in Industry, CA was assigned a tracking

20   number of EB131498098US and was delivered by the United States Post Office

21   on July 12, 2007 at 8:58 a.m., according the Post Office web site of

22   www.usps.gov.    This address in Industry, CA is the address consumers are

23   directed in the billing statements to sent correspondence concerning their loans.

24       26. The letter to EXECUTIVE in Mission Hills, CA was assigned a

25   tracking number of EB131498115US and was delivered by the United States Post

26   Office on July 12, 2007 at 11:06 a.m. according to the Post Office web site of

27   www.usps.gov.

28       27. On July 16, 2007, GMAC acknowledged receipt of this July 11th letter.

1    Their letter is attached as Exhibit 3.

2        28. On July 20, 2007, GMAC agent Mike Morano ordered EXECUTIVE

3    proceed forward to trustee sale, despite the fact that the federal Fair Debt

4    Collections Act specifically mandates that, "the debt collector shall cease

5    collection of the debt, or any disputed portion thereof, until the debt collector

6    obtains verification of the debt...." 15 U.S.C. §1692g(b). Mr. Morano ordered

7    this despite the fact that GMAC promise on July 16, 2007 that, "a temporary hold

8    has been placed on the foreclosure pending further investigation." See Exhibit 3.

9        29. Defendants GMAC nor GREENPOINT have not provided to the

10   plaintiff any verification of their claimed debt. Defendants further have not

11   responded to nor addressed the issues raised in plaintiff's "qualified written

12   request."

13       30. A valid foreclosure by the private power of sale requires strict

14   compliance with the requirements of California Civil Code §2924 et seq..

15                        **FIRST CAUSE OF ACTION**
                 **REQUEST FOR DECLARATORY JUDGMENT**
16                (Defendant GMAC and Executive Trust Deed Services)

17       31. Plaintiff Marcos Lopez realleges and incorporates by reference

18   paragraphs 1 to 30 of this complaint.

19       32. An actual controversy has arisen and now exists between plaintiff and

20   defendant GMAC concerning their respective rights and duties. Plaintiff desires

21   a judicial determination of his rights and duties.

22       33. California Civil Code §2924f mandates that the Notice of Trustee Sale

23   contain an *accurate* statement of the total amount of the unpaid balance and

24   reasonably estimated costs, expenses, advances at the time of the initial

25   publication of the notice of sale.

26       34. A valid foreclosure by the private power of sale requires strict

27   compliance with the requirements of California Civil Code §2924 et seq..

28       35. Defendant GMAC has unlawfully initiated a non-judicial foreclosure

on the plaintiff's home.  California Civil Code §§2924 and 2924c(b)(1) require that the notice of default contain an accurate statement that a breach of the secured obligation has occurred and specification of the nature of the default.

36. Defendant GMAC has falsely stated in its notice of default an alleged default on the part of plaintiff, alleging his failure to make timely monthly mortgage payments,  thereby incurring additional charges in fees.  These statements, allegations and insinuations are and were untrue.

37. California Civil Code §2924f, subd. (b)(1) mandates that the notice of trustee sale must state the total amount of the unpaid balance of the secured obligation and a reasonable estimate of the costs, expenses, and advances as of the initial publication of the notice.

38. Defendant GMAC has falsely stated in its notice of sale that the reasonable estimate of costs, expenses, and advances is $409,557.49.  This amount is $38,229.78 more than the principal which plaintiff owes, particularly in light of his timely monthly mortgage payments and his bona fide attempts to tender payment.

39. Defendant GMAC has failed to provide a detailed itemization of fees (assuming a legitimate sale) they are demanding, despite plaintiff's request for this itemization.  This failure to provide an accounting prohibits plaintiff from assessing whether the fees themselves are within the amounts permitted by law, or whether they are fraudulent. This failure denies plaintiff the protections accorded by California Civil Code §2924 et seq..

40.  Defendant GMAC has scheduled a trustee sale and intends to proceed with the sale despite its violations of the federal Fair Debt Collection Practices Act, RESPA, and California Non-Judicial Foreclosure Law, California Civil Code §2924 et seq..

41. A judicial declaration is necessary and appropriate at this time and under these circumstances in order that plaintiff may ascertain his rights and

1  duties and avoid the specter of a foreclosure sale and the loss of his home. Such

2  trustee's sale based on loan number is 0307664370 and Alameda County trust

3  deed number 2006078356, absent a judicial determination negating the Notice of

4  Trustee Sale, or the issuance of a restraining order, will occur in the near future.

5  Such a trustee's sale would surely cause Marcos Lopez the unjust loss of his

6  home.

7          42. Defendant's actions in this matter have been wilful and knowing.

## SECOND CAUSE OF ACTION
## FEDERAL FAIR DEBT COLLECTIONS ACT (15 U.S.C. §§1692-1692o)
(Defendants GMAC and GREENPOINT)

10          43. Plaintiff realleges and incorporates by reference paragraphs 1 to 42 of

11  this complaint.

12          44. The Federal Fair Debt Collection Practices Act (FDCPA) is contained

13  in 15 U.S.C. §§1692-1692o.

14          45. The Federal Fair Debt Collection Practices Act (FDCPA) is a *strict

15  liability* statute.

16          46. Defendants GMAC and GREENPOINT violated the federal Fair Debt

17  Collection Practices Act by failing to acknowledge plaintiff's dispute of the

18  amounts being demanded. They violated the FDCPA by attempting to collect

19  amounts on a debt which plaintiff Marcos Lopez does not owe. Defendants

20  violated the FDCPA by failing to cease collection of the debt, or any disputed

21  portion thereof, until defendants provided verification of the debt, as mandated by

22  15 U.S.C. §1692g(b).

23          47. Defendants GMAC and GREENPOINT attempted to mislead and

24  defraud plaintiff by requiring him to pay sums of money which he did not and

25  does not owe to defendants. Defendant GMAC required this money under threat

26  of foreclosure, with the intent of taking possession of plaintiff's home if he did

27  not pay these sums. GMAC's actions have been tantamount to extortion.

48. Defendants further violated the federal Fair Debt Collections Practices Act by their actions as set forth in the factual circumstances of this complaint.

49. Defendants' actions as discussed in this cause of action have been wilful and knowing and malicious.

**THIRD CAUSE OF ACTION**
**RESPA (12 U.S.C. §2601-2617)**
(Defendants GMAC and GREENPOINT)

50. Plaintiff realleges and incorporates by reference paragraphs 1 to 49 of this complaint.

51. Defendants GMAC and GREENPOINT violated federal RESPA by failing to investigate and respond to plaintiff's oral dispute of the amounts being demanded.

52. On July 12, 2007, defendants received a "qualified written request" as defined in 12 U.S.C. 2605(e) (RESPA). As a result, defendants are and were required by law to acknowledge receipt of this correspondence within 20 days and to undertake and notify plaintiff of corrective actions within 60 days.

53. Defendants have further failed to undertake any corrective action relating to this request.

54. 12 U.S.C. §2605 (b) through (d) require that both GMAC and GREENPOINT shall have provided notice to Marcos Lopez in writing not less than 15 days before the effective date the assignment of his mortgage. This notice was to include the name and toll-free number of the assignee as well as the date that the assignor will cease to accept payments and the date that the assignee will begin to accept payments. This law further requires that during the 60-day period beginning on the transfer date, no late fee may be imposed on Marcos Lopez with respect to any payment on the loan, and no such payment may be treated as late, if received by the assignor in an otherwise timely manner. The assignor is obligated to forthwith transfer these payments to the assignee.

55. Unidentified representatives, officers and agents of GMAC and

1    GREENPOINT failed to provide to plaintiff Marcos Lopez the notices required

2    under 12 U.S.C. §2605(b) through (d).  Defendants GMAC and GREENPOINT

3    have further failed to credit plaintiff Marcos Lopez with his timely mortgage

4    payments and with his attempt to tender timely monthly mortgage payments.

5    Defendants GMAC and GREENPOINT and their unidentified representatives,

6    agents and officers have further sought to impose unlawful fees and charges upon

7    plaintiff Marcos Lopez, in direct violation of RESPA.

8        56. Defendants actions in this matter have been knowing, wilful and

9    malicious.

10                      **FOURTH CAUSE OF ACTION**
      **CONTRACTUAL BREACH OF THE CONVENANT OF GOOD FAITH**
11                          **AND FAIR DEALING**
                          (GMAC and GREENPOINT)

12

13       57. Plaintiff realleges and incorporates by reference paragraphs 1 to 56 of

14   this complaint.

15       58. Every contract imposes upon each party a duty of good faith and fair

16   dealing in its performance and its enforcement.  This implied covenant of good

17   faith and fair dealing requires that no party will do anything that will have the

18   effect of impairing, destroying, or injuring the rights of the other party to receive

19   the benefits of their agreement.  This covenant implies that in all contracts each

20   party will do all things reasonably contemplated by the terms of the contract to

21   accomplish its purpose.   This covenant protects the benefits of the contract that

22   the parties reasonably contemplated when they entered into the agreement,

23       59. The terms of the promissory note and trust deed imposed upon the

24   defendants a duty of good faith and fair dealing in this matter.

25       60. Defendants enjoyed substantial discretionary power affecting the rights

26   of plaintiff during the events alleged in this complaint.  Defendants were required

27   to exercise such power in good faith.

28       61. California foreclosure law and procedure is based on the social policy.

1   The goal of California foreclosure law, trust deed foreclosure under California

2   Civil Code §2924 et seq. is to provide fast, efficient and non-judicial remedies to

3   beneficiaries while at the same time providing protection to trustors. California

4   non-judicial foreclosure law also is intended to protect the trustor from a

5   wrongful or unfair loss of his property.  GREENPOINT took the assignment of

6   the note and trust deed from GMAC in this matter subject to the terms agreed

7   upon between GMAC and Plaintiff, and subject to the defenses which Plaintiff

8   could raise against GMAC.

9        62. California non-judicial foreclosure law requires strict compliance on

10  the part of beneficiaries and trustees.

11       63. Defendants wilfully breached their implied covenant of good faith and

12  fair dealing with plaintiff Marcus Lopez.  They have breached this covenant by

13  the following actions: Defendants' erroneous statement of amount due in their

14  notice of trustee sale of June 26, 2007; defendants' failure to respond to

15  plaintiff's oral disputes and their false promise to investigate and respond to

16  plaintiff; defendant GMAC's scheduling of the trustee sale for July 27, 2007;

17  defendant GMAC's  refusal to postpone the sale date despite the fact that GMAC

18  promise on July 16, 2007 that, "a temporary hold has been placed on the

19  foreclosure pending further investigation"; defendants' failure to credit Marcos

20  Lopez with timely monthly mortgage payments and then refuse the payments;

21  defendants' categorization of Marcos Lopez's payments as being delinquent;

22  defendants' demands upon Marcos Lopez for extraordinary fees and charges;

23  defendant GMAC's threats and actions to foreclose on plaintiff's home;

24  defendants' failure to comply with the provisions of the federal Fair Debt

25  Collection Procedures Act and RESPA; defendants' refusal to render an itemized

26  and detailed accounting of the amounts they are demanding from plaintiff; and

27  defendant GMAC's ongoing attempts to sell plaintiff's home demonstrate

28  defendants' breach of this covenant.

64. Defendant GMAC breached its covenant of good faith and fair dealing with plaintiff by violating California Civil Code §2924c(b)(1), California Civil Code §2924f, subd. (b)(1), California Civil Code §2924 and by its actions as alleged in this complaint.

65. As a result of defendants' breach of this covenant, plaintiff Marcos Lopez has suffered injury.  The injury has caused plaintiff to suffer the specter of a foreclosure sale of his home  and incur attorney fees and other costs and expenses in order to prevent this sale.

### FIFTH CAUSE OF ACTION
### FRAUD
(GMAC and GREENPOINT)

66. Plaintiff realleges and incorporates by reference paragraphs 1 to 65 of this complaint.

67. California Civil Code §1572 states that fraud exists when any of the following act and situations occur. Actual fraud consists in any of the following acts, committed by a party to the contract, or with his connivance, with intent to deceive another party:

a. The suggestion, as a fact, of that which is not true, by one who does not believe it to be true; b. The positive assertion, in a manner not warranted by the information of the person making it, of that which is not true, though he believes it to be true; c. The suppression of that which is true, by one having knowledge or belief of the fact; d. A promise made without any intention of performing it; or, e. Any other act fitted to deceive.

68. The acts of the defendants in their violation of California Non-Judicial Foreclosure Law (California Civil Code §2924 et seq.), their violation of the federal Fair Debt Collection Practices Act, and their violation of RESPA, and the facts as alleged in this complaint clearly demonstrate fraud.

● These facts show that unidentified representatives, officers and agents of

GMAC and GREENPOINT, and Mike Moreno of GMAC, attempted to deceive the plaintiff into foregoing his rights under California Non-Judicial Foreclosure law and thereby lose his home to a foreclosure sale. They did this by failing to disclose the assignments of the note and deed of trust as mandated by 12 U.S.C. §2605 (b) through (d) . This failure prohibited Marcos Lopez from making timely mortgage payments to the proper parties. Defendants GMAC and GREENPOINT did this by refusing to accept and to credit the mortgage payments that Marcos Lopez did tender and attempted to tender.

- GMAC and GREENPOINT, and Mike Moreno of GMAC,  attempted to collect money they were not entitled to.   The money that they attempted to collect were improper late and interest fees as well as other unaccounted for charges.

- GMAC and its unidentified representatives, officers and agents initially threatened and then in fact did initiate non-judicial foreclosure proceedings upon Marcos Lopez's home unless Marcos Lopez paid GMAC the money it was demanding, money that GMAC was not legally entitled to.

- GMAC has attempted to collect fees under California Civil Code §2924c(b)(1), California Civil Code §2924f, subd. (b)(1), fees which it was not lawfully entitled to.   GMAC has further attempted to collect foreclosure costs, and other charges which have not been itemized, moneys that it was not entitled to.

- The facts show that the unidentified representatives, officers and agents of GMAC and GREENPOINT, and Mike Moreno of GMAC, never investigated plaintiff's payments nor did they contact him concerning the information he provided concerning his payments.

- GMAC and GREENPOINT ignored and failed to respond to Marcos Lopez's (as defined in 12 U.S.C. 2605(e) (RESPA)), which they received on or about July 12, 2007.   Defendants were required by law to acknowledge receipt of

this "qualified written request" within 20 days and to undertake and notify plaintiff of corrective actions within 60 days. Neither has complied with this RESPA requirement. They have not done this so that Marcos Lopez will be left only with their inflated and unaccounted demands for money.

● Defendants GMAC and GREENPOINT violated the Fair Debt Collection Practices Act by failing to cease collection of the debt, or any disputed portion thereof, until defendants provided verification of the debt, as mandated by 15 U.S.C. §1692g(b). They have not done this so that Marcos Lopez will be left only with their inflated and unaccounted demands for money.

69. Defendants' actions in engaging in the actions alleged in this complaint have been wilful and malicious.

## SIXTH CAUSE OF ACTION

### UNFAIR BUSINESS PRACTICES
(GMAC and GREENPOINT)

70. Plaintiff realleges and incorporates by reference paragraphs 1 to 69 of this complaint.

71. California Business and Professions Code §17200 prohibits any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising and any act prohibited by Business and Professions Code §17500 et seq..

72. California Business and Professions Code §17500 et seq. prohibits the making of a statement or a publication or a declaration concerning any circumstance or matter of fact connected with the proposed performance or disposition of real or personal property, which pronouncements is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading.

73. Defendants GMAC and GREENPOINT made the following untrue and misleading statements, and engaged in the following unfair business practices.

74. Defendant GMAC has unlawfully initiated a non-judicial foreclosure on the plaintiff's home by recording without legal basis a notice of default and notice of trustee sale.

75. California Civil Code §§2924 and 2924c(b)(1) require that the notice of default contain an accurate statement that a breach of the secured obligation has occurred and specification of the nature of the default.  Amounts consisting of foreclosure fees, late fees, additional interest, and other fees, which GMAC has demanded from plaintiff are erroneous and fraudulent, a fact which GMAC knew and  should have reasonably known.

76. Defendant GMAC has falsely stated in its notice of default that Marcos Lopez's failed to make timely monthly mortgage payments,  thereby incurring additional charges in fees.  These statements, allegations and insinuations are and were untrue, a fact which GMAC knew and should have reasonably known.

77. Defendant GMAC has falsely stated in its notice of sale that the reasonable estimate of costs, expenses, and advances is $409,557.49.  This amount is $38,229.78 more than the principal which plaintiff owes, particularly in light of his timely monthly mortgage payments and his bona fide attempts to tender payment.

78. Defendant GMAC has failed to provide a detailed itemization of fees (assuming a legitimate sale) it is demanding, despite plaintiff's request for this itemization.  This failure to provide an accounting prohibits plaintiff from assessing whether the fees themselves are within the amounts permitted by law, or whether they are fraudulent. This failure denies plaintiff the protections accorded by California Civil Code §2924 et seq..   This failure is likewise an unfair business practice.

79.  Defendant GMAC has scheduled a trustee sale and intends to proceed with the sale despite its violations of the federal Fair Debt Collection Practices Act, RESPA, and California Non-Judicial Foreclosure Law, California Civil Code

1    §2924 et seq..

2    80. Defendant GMAC and GREENPOINT violated the federal Fair Debt

3    Collection Practices Act by failing to acknowledge plaintiff's dispute of the

4    amounts being demanded.  They violated the FDCPA by attempting to collect

5    amounts on a debt which plaintiff Marcos Lopez does not owe.  Defendants

6    violated the FDCPA by failing to cease collection of the debt, or any disputed

7    portion thereof, until defendants provided verification of the debt, as mandated by

8    15 U.S.C. §1692g(b).   These failures constitute unfair business practices.

9    81. Defendants GMAC and GREENPOINT attempted to mislead and

10   defraud plaintiff by requiring him to pay sums of money which he did not and

11   does not owe to defendants, and by requiring this money under threat of

12   foreclosure, with the intent of taking possession of plaintiff's home if he did not

13   pay these sums. These acts are unfair business practices.

14   82. Defendants GMAC and GREENPOINT violated federal RESPA by

15   failing to investigate and respond to plaintiff's oral dispute of the amounts being

16   demanded.   This violation is an unfair business practice.

17   83. On July 12, 2007, defendants received a "qualified written request" as

18   defined in 12 U.S.C. 2605(e) (RESPA).  As a result, defendants are and were

19   required by law to acknowledge receipt of this correspondence within 20 days

20   and to undertake and notify plaintiff of corrective actions within 60 days.  This

21   failure is an unfair business practice.

22   84. Defendants have further failed to undertake any corrective action

23   relating to this request.  This failure is an unfair business practice.

24   85. 12 U.S.C. §2605 (b) through (d) require that both GMAC and

25   GREENPOINT shall have provided notice to Marcos Lopez in writing not less

26   than 15 days before the effective date the assignment of his mortgage.  This

27   notice was to include the name and toll-free number of the assignee as well as the

28   date that the assignor will cease to accept payments and the date that the assignee

will begin to accept payments.  This law further requires that during the 60-day period beginning on the transfer date, no late fee may be imposed on Marcos Lopez with respect to any payment on the loan, and no such payment may be treated as late, if received by the assignor in an otherwise timely manner.  The assignor is obligated to forthwith transfer these payments to the assignee. Defendants failed to do this.

86. Defendants GMAC and GREENPOINT failed to provide to plaintiff Marcos Lopez the notices required under 12 U.S.C. §2605(b) through (d). Defendants GMAC and GREENPOINT have further failed to credit plaintiff Marcos Lopez with his timely mortgage payments and with his attempt to tender timely monthly mortgage payments.  Defendants GMAC and GREENPOINT have further sought to impose unlawful fees upon plaintiff Marcos Lopez, in direct violation of RESPA.  These actions and failures constitute unfair business practices.

87. Defendants violated Business and Professions Code §17200 and §17500 et seq. by violating California Civil Code §2924c(b)(1), California Civil Code §2924f, subd. (b)(1), California Civil Code §2924 and by their actions as alleged in this complaint.

## SEVENTH CAUSE OF ACTION
### ACCOUNTING

88. Plaintiff realleges and incorporates by reference paragraphs 1 to 87 of this complaint.

89. There is and was a relationship between and among defendants GMAC and GREENPOINT and plaintiff Marcos Lopez in which GMAC and GREENPOINT received mortgage payments from plaintiff.  GMAC and GREENPOINT had a legal duty to accurately and timely account for these payments and apply these payments to the trust deed mortgage.

90. Only defendants GMAC and GREENPOINT have the information as to

1   how they received, accounted for, and applied the mortgage payments tendered

2   by plaintiff in this matter.  Only defendants GMAC and GREENPOINT have

3   information as to what charges and fees and costs they added to the amounts they

4   were demanding from Marcos Lopez and the justification for these amounts.

5       91. An accurate amount that plaintiff Marcos Lopez owes and owed to

6   defendants GMAC and GREENPOINT can only be determined by information in

7   the possession of these defendants, and by a detailed and itemized accounting.

8   The amounts which Marcos Lopez owes is uncertain at this time and cannot be

9   determined without an accounting.

10      92. *Whann v. Doell*[1] and *James Church v. Superior Court*[2] authorize an

11  accounting when there is an unknown amount due that cannot be determined

12  without an accounting.

13      93. Marcos Lopez has demanded an accounting from the defendants in this

14  matter and they have refused to provide this accounting.

15      94. Defendants' GMAC and GREENPOINT's actions, and failure to act,

16  have been wilful and knowing.

17
18                         **PUNITIVE DAMAGES**
                      (GMAC and GREENPOINT)

19      95. Plaintiff realleges and incorporates by reference paragraphs 1 to 94 of

20  this complaint.

21      96. Plaintiff Marcos Lopez alleges that defendants GMAC and

22  GREENPOINT, as demonstrated by their unidentified officers and agents and

23  representatives, and each of them, are guilty of malice, fraud and oppression as

24  defined by California Civil Code §3294, and that Marcos Lopez should recover,

25  in addition to actual damages, damages to make an example of and to punish

26  _____

27     [1] *Whann v. Doell* (1923) 192 Cal. 680, 684.

28     [2] *James Church v. Superior Court* (1955) 135 Cal.App.2d 352, 359.

defendants and each of them for their actions.

## PRAYER

WHEREFORE, plaintiff prays judgment against GMAC and GREENPOINT  as follows:

1. For a declaration that the notice of default and the notice of trustee Sale filed on or about June 26, 2007 and attached as Exhibit 1 and is invalid, unlawful, and does not provide the necessary foundation for the conduct of a trustee sale, as described in California Civil Code §2924 et seq..

2. For a declaration that defendants have violated California Civil Code California Civil Code §2924c(b)(1) and California Civil Code §2924f, subd. (b)(1) in this non-judicial foreclosure process.

3. For a permanent injunction prohibiting defendants from conducting a non-judicial foreclosure sale of plaintiff's home located at 7345 Holly Street, Oakland, CA 94621 pursuant to deed of trust 2006078356.

4. Defendants render a full, complete, detailed, and itemized accounting reflecting the amounts they claim are  past due, the principal, interest, taxes, assessments, insurance premiums, or advances, and recurring obligations, and particularly attorney and trustee fees.  That they render proof of existence of their alleged note and security interest on  7345 Holly Street, Oakland, CA 94621 . That defendants substantiate their accounting with detailed documentation.

5.  For a permanent injunction pursuant to California Business and Professions Code §17200 prohibiting defendants GMAC and GREENPOINT from

failing to respond and strictly honor any and all borrower "qualified written requests" as defined in 12 U.S.C. 2605(e) (RESPA) and pursuant to the mandates of 12 U.S.C. 2605(e).

6.  For a permanent injunction pursuant to California Business and Professions Code §17200 prohibiting defendants GMAC and GREENPOINT

from failing to provide written notice of assignments to borrowers more than 15 days before the effective date the assignment of his mortgage, as mandated by 12 U.S.C. §2605 (b) through (d).

7. For a permanent injunction pursuant to California Business and Professions Code §17200 mandating that GMAC and GREENPOINT cease collection of the debt, or any disputed portion thereof, until defendants provided verification of the debt, as mandated by 15 U.S.C. §1692g(b).

8. For a permanent injunction pursuant to California Business and Professions Code §17200 mandating that GMAC and GREENPOINT provide a detailed and itemized accounting to customers who demand such an accounting on debts owed to GMAC and GREENPOINT.

9. That Plaintiff Marcos Lopez be declared to be the prevailing party.

10. For attorney fees pursuant to California Civil Code §1717, the Fair Debt Collections Act, 15 U.S.C. 1692k, and RESPA 12 U.S.C. 2605.

11. For an award of one thousand dollars ($1,000) as permitted by 12 U.S.C. 2605.

12. For an award of one thousand dollars ($1,000) as permitted by 15 U.S.C. 1692k.

13. For general and special damages.

14. For punitive damages.

15. For costs of suit herein incurred and costs as authorized by the Fair Debt Collections Act, 15 U.S.C. 1692k and RESPA, 12 U.S.C. 2605, California Business and Professions Code §§17200 et seq. and 17500 et seq..

//

//

16. For such other and further relief as the court may deem proper.

SPIELBAUER LAW FIRM

Thomas Spielbauer, Esq.
Attorney for Plaintiff

## JURY TRIAL DEMAND

Marcos Lopez  requests a jury trial on all issues in this matter.

SPIELBAUER LAW FIRM

Thomas Spielbauer, Esq.
Attorney for Plaintiff