# TABLE OF EXHIBITS

Exhibit

Notice of Trustee Sale of June 26, 2007 .................................... 1

Plaintiff's July 11, 2007 Dispute Letter .................................... 2

GMAC Acknowledgment Letter .................................... 3

# Exhibit 1

Notice of Trustee Sale

RECORDING REQUESTED BY
**EXECUTIVE TRUSTEE SERVICES, LLC.**

AND WHEN RECORDED MAIL TO:
**EXECUTIVE TRUSTEE SERVICES, LLC.**
**15455 SAN FERNANDO MISSION BLVD**
**SUITE #208**
**MISSION HILLS, CA 91345**

T.S. No. **GM-104630-C**
Loan No. **0307664370**

---

SPACE ABOVE THIS LINE FOR RECORDER'S Use

## NOTICE OF TRUSTEE'S SALE

**YOU ARE IN DEFAULT UNDER A DEED OF TRUST DATED 2/16/2006. UNLESS YOU TAKE ACTION TO PROTECT YOUR PROPERTY, IT MAY BE SOLD AT A PUBLIC SALE. IF YOU NEED AN EXPLANATION OF THE NATURE OF THE PROCEEDING AGAINST YOU, YOU SHOULD CONTACT A LAWYER.**

A public auction sale to the highest bidder for cash, cashier's check drawn on a state or national bank, check drawn by a state or federal credit union, or a check drawn by a state or federal savings and loan association, or savings association, or savings bank specified in Section 5102 of the Financial Code and authorized to do business in this state, will be held by the duly appointed trustee. The sale will be made, but without covenant or warranty, expressed or implied, regarding title, possession, or encumbrances, to satisfy the obligation secured by said Deed of Trust. The undersigned Trustee disclaims any liability for any incorrectness of the property address or other common designation, if any, shown herein.

TRUSTOR:**MARCOS LOPEZ, A MARRIED MAN**
Recorded **3/2/2006** as Instrument No. **2006078356** in Book  , page   of
 Official Records in the office of the Recorder of **Alameda** County, California,
Date of Sale:**7/27/2007** at **12:30 PM**
Place of Sale:   **AT THE FALLON STREET ENTRANCE TO THE COUNTY COURTHOUSE, 1225 FALLON STREET, OAKLAND, CALIFORNIA**
Property Address is purported to be:         **7345 HOLLY ST**
                                             **OAKLAND, CA 94621**

APN #:  **040-3324-023**

The total amount secured by said instrument as of the time of initial publication of this notice is **$409,557.49**, which includes the total amount of the unpaid balance (including accrued and unpaid interest) and reasonable estimated costs, expenses, and advances at the time of initial publication of this notice.

Date: **June 26, 2007**

        **EXECUTIVE TRUSTEE SERVICES, LLC**
        **15455 SAN FERNANDO MISSION BLVD**
        **SUITE #208**
        **MISSION HILLS, CA 91345**
        **Sale Line 714-259-7850**

        **DIANNA SANDOVAL**
        **TRUSTEE SALE OFFICER**

# Exhibit 2

Plaintiff's July 11, 2007 Dispute Letter

# THE SPIELBAUER LAW FIRM
## Attorneys at Law

*Keeping Clients Where They Belong . . . in Their Homes*

50 AIRPORT PARKWAY • SAN JOSE, CA 95110 • (408)451-8499 • FAX: (610)423-1395
thomas@spielbauer.com

Wednesday, July 11, 2007

GMAC Mortgage
3451 Hammond Avenue
P. O. Box 780
Waterloo, IA 50704
[EB131498138US]

GMAC Mortgage
6716 Grade Lane
Building 9, Suite 910
Louisville, KY 40213-1407
[EB131498124US]

Executive Trust Deed Services
15455 San Fernando Mission Blvd.
Suite 208
Mission Hills, CA 91345
Fax: (818)361-8876
[EB131498115US]

Greenpoint Mortgage
P. O. Box 79363
City of Industry, CA 91716-9363
[EB131498098US]

    Re: 7345 Holly Street, Oakland, CA 94621
    Deed of Trust 2006078356
    Loan Number 0307664370
    Trustee Sale Number GM-104630-C
    APN 040-3324-023
    Alameda County Foreclosure sale date: July 27, 2007 at 12:30 p.m.

<u>Delivery by Overnight Mail and by Fax</u>

Dear GMAC, Greenpoint, and Executive Trust Deed Service,

    I am writing you on behalf of Marcos Lopez, who is my client. I have enclosed with this letter a copy of a letter of authorization signed by Mr. Lopez. I am specifically writing to ask that you postpone the trustee sale which is scheduled for Friday, July 27, 2007 at 12:30 p.m.. I am requesting on Mr. Lopez's behalf a postponement and eventual cancellation of the sale so that we may discuss these matters and come to a mutually beneficial resolution.

The property which is subject to the foreclosure sale is a two bedroom, one bath home in Oakland, California. It is the home of Mr. Lopez and his family, including his 8 year old child. There is a trust deed on the property, currently held by GMAC. This is the foreclosing trust deed. There is a second trust deed on the property in the amount of $45,900 which is held by Greenpoint Mortgage. This second trust deed is not the subject matter of this letter.

After having reviewed this matter, I have come to the conclusion that GMAC and Executive Trust Deed do not have the legal right to conduct this foreclosure sale. This office is prepared to litigate this matter in court.

Marcos Lopez purchased his home located at 7345 Holly Street in Oakland, CA 94621 during April 2005. He subsequently refinanced the property with GMAC during January 2006. He refinanced a first note on the property in the amount of $371,327.71 and secured this note with a trust deed in favor of GMAC. The trust deed number and the loan numbers are reflected on the first page of this letter. The mortgage payments required of Mr. Lopez were in the amount of $1112.01. Within approximately a month of this loan transaction, GMAC assigned the note to Greenpoint Mortgage. Thereafter, there occurred confusing reassignments of this note between Greenpoint Mortgage and GMAC. This note and trust deed, however, eventually returned to GMAC Mortgage which commenced non-judicial foreclosure proceedings during March 2007. Executive Trust Deed, acting on behalf of GMAC Mortgage, recorded a notice of trustee sale on or about June 26, 2007. GMAC is demanding from Marcos Lopez the amount of $409,557.49 as the unpaid balance and reasonably estimated costs and expenses.

Marcos Lopez tendered to the beneficiary timely monthly mortgage payments, payments which GMAC and Greenpoint Mortgage have failed to credit to Mr. Lopez. Had GMAC and Greenpoint Mortgage fulfilled their legal duty to credit Mr. Lopez with his monthly mortgage payments, and had they done so in a timely manner, it would be evident that there is and was no basis for the issuance of a notice of default nor for this scheduled trustee sale of July 27, 2007. There is no legal basis for any of GMAC's, Greenpoint Mortgage's or Executive Trust Deed's charges of fees, expenses, costs, and advances.

Marcos Lopez made the following, timely, monthly mortgage payments:

| Date | Payee | Amount |
| --- | --- | --- |
| February 2006 | Greenpoint | $1,112.01 |
| March 2006 | Greenpoint | $1,112.01 |
| April 2006 | Greenpoint | $1,112.01 |
| May 2006 | Greenpoint | $1,112.01 |
| June 2006 | GMAC | $1,112.01 |
| July 2006 | GMAC | $1,112.01 |
| August 2006 | GMAC | $1,112.01 |
| September 2006 | GMAC | $1,112.01 |
| October 2006 | GMAC | $1,112.01 |
| November 2006 | Greenpoint | $1,112.01 |
| December 2006 | Greenpoint | $1,112.01 |
| January 2007 | Greenpoint | $1,112.01 *Greenpoint negotiated this check but subsequently refunded this amount. |
| February 2007 | Greenpoint | $1,112.01 *Greenpoint negotiated this check but subsequently credited payment as 15 days late. |
| March 2007 | Greenpoint | $1,112.01 *Greenpoint refused payment citing assignment to GMAC. |

| March - April 2007 | GMAC | @$4,448.04 *Payment tendered on line but refused by GMAC. |
|---|---|---|
| May 2007 | GMAC | GMAC refused to accept monthly mortgage payments, instead demanded extraordinary fees and cited that their foreclosure attorneys now had this case. |
| June 2007 | GMAC | |
| July 2007 | GMAC | |

The notice of trustee sale, recorded on or about June 26, 2007, erroneously made a statement of amounts due of $409,557.49. This demand, on the loan of $371,327.71, is grossly inaccurate and is a direct result of either gross error or malice on the part of GMAC and Greenpoint Mortgage.

When Marcos Lopez became aware that his monthly mortgage payments were not being properly credited to him, he contacted both Greenpoint and GMAC. He furnished to Greenpoint and GMAC proof of his timely monthly mortgage payments, only to be told by their respective representatives that they would contact him after investigating the matter. Their "contact" ended up being the notice of default and the notice of trustee sale.

California non-judicial foreclosure law requires that the notice of default contain an <u>accurate</u> statement of the amount in arrears. California non-judicial foreclosure law likewise mandates that the Notice of Trustee Sale contain an <u>accurate</u> statement of the total amount of the unpaid balance, to include a reasonable estimate of the costs, expenses, and advances incurred at the time of the initial publication of the notice of sale. The notice of default and the notice of trustee sale are invalid under California non-judicial foreclosure law.

This foreclosure activity is a flagrant violation of California foreclosure law, the California Fair Debt Collection law, the Federal Fair Debt Collection law, and RESPA, among other laws.

Marcos Lopez hereby advises GMAC and Greenpoint and Executive Trust Deed that he disputes the amounts being demanded in this matter. Marcos Lopez hereby requests, pursuant to the Fair Debt Collections Act (15 U.S.C. 1692 et seq.) and California foreclosure law and California Civil Code §2943, that GMAC, Greenpoint and Executive Trust Deed furnish to him forthwith a detailed accounting of the amounts they are demanding. Marcos Lopez further requests that GMAC, Greenpoint and Executive Trust Deed provide him written notice containing the precise amount of the debt, the name of the creditor, and a detailed accounting and verification of the amounts being demanded.

Marcos Lopez reminds GMAC, Greenpoint and Executive Trust Deed that, pursuant to the FDCA, for a 30-day period during which the debt is disputed, collection efforts must cease until verification of the debt is sent to the debtor. Marcos Lopez further reminds GMAC, Greenpoint and Executive Trust Deed of the 5 day notice requirement of 15 U.S.C. 1692g(a).

I also remind you that the Federal Fair Debt Collection Act is considered a "strict liability" statute: i.e., debt collectors generally are liable for violating the FDCPA's requirements without regard to intent, knowledge or willfulness.[2]

As I mentioned above, Marcos Lopez, has already and on several occasions, brought to GMAC and Greenpoint's attention his timely mortgage payments, payments which were never credited to him. GMAC and Greenpoint never responded to nor addressed these communications and concerns. As I write this letter, GMAC and Greenpoint have already violated the Federal Fair Debt Collection Practice Act. They have also directly violated the Real Estate Settlement Procedures Act, specifically 12 U.S.C. 2605(e) [mentioned below]. They both have continued this violation, now in conjunction with Executive Trust Deed, by this foreclosure proceeding.

---

[2] *Russell v. Equifax A.R.S.* (2nd Cir. 1996) 74 F.3d 30, 33; *Booth v. Collection Experts*, Inc. (ED WI 1997) 969

GMAC and Greenpoint have violated, and continue to violate, the mandates of 12 U.S.C. §2605 (RESPA).  Among other things, this law prohibits any late fee in this matter, given the facts outlined in this letter. It prohibits the reporting of any negative credit information.  It prohibits the failure to credit payments, as has occurred in this matter.

Please further consider this letter to be a qualified written request as discussed in 12 U.S.C. 2605(e) (RESPA).   I am sure that you are aware that you are required by law to acknowledge receipt of this correspondence within 20 days and to undertake and notify this office of corrective actions within 60 days.  Furthermore, you are forbidden by law from providing any "information regarding any overdue payment, owed by such borrower and relating to such period or qualified written request, to any consumer reporting agency."  Clearly, the conduct of a foreclosure sale and its con-commitant recordation and public reports falls within the prohibited acts of the federal RESPA law.  Marcos Lopez hereby, and has previously, disputes this debt and specifically the amounts being demanded in the notice of default and the notice of trustee sale.

By this letter, I am also specifically requesting on behalf of Marcos Lopez that GMAC, Greenpoint and Executive Trust Deed render a full and detailed accounting of all payments made by Marcos Lopez to GMAC and Greenpoint, as well as a full and detailed accounting of the amounts being demanded by GMAC, Greenpoint and Executive Trust Deed.

It is my opinion that GMAC's and Executive Trust Deed's effort to conduct a foreclosure sale upon the property of 7345 Holly Street, Oakland, CA 94621 is illegal and in violation of California non-judicial foreclosure law, California Civil Code §2924 et seq..

7345 Holly Street, Oakland, CA 94621 is Marcos Lopez's home. Mr. Lopez is prepared to undertake whatever legal actions are necessary to preserve his home, for himself, his wife, and for his young daughter.   I remind you that under 12 U.S.C. 2605(f) (RESPA), under the Fair Debt Collection Act, as well as under the trust deed and promissory note, GMAC,  Greenpoint and Executive Trust Deed will be legally liable and will continue to be liable for Marcos Lopez's attorney fees in the event that court action is necessary to sustain his rights.  The litigation fees charged by this firm will make this an expensive and distasteful proposition for GMAC, Greenpoint and Executive Trust Deed Service.

I ask that you postpone or continue the trustee sale which is set for Mr. Lopez's home on July 27, 2007.  If, however,  GMAC and Executive Trust Deed Service decline to continue the trustee sale, I must advise you of the fact that I intend to file a complaint with the Alameda Superior Court.  In this complaint, I will seek a court declaration that  GMAC's and Executive Trust Deed Service's attempt to non-judicially foreclose on Marcos Lopez's home is void and invalid.  I will also seek general, special and punitive damages consistent with the issues I have raised in this letter.  I intend to file this complaint on Thursday or Friday of next week. I will thereafter file a request for an injunction prohibiting the foreclosure sale.

You must contact me within five days of your receipt of this letter, with an agreement to postpone the sale, if you wish to avoid court action.

In anticipation of the need for litigation, I hereby provide you the following, and required, notice.  Unless the trustee sale is postponed, I intend to approach the Superior Court with an exparte application that the court issue a temporary restraining order  prohibiting the sale set for July 27, 2007 at 12:30 p.m. and an injunction prohibiting the sale generally.  I intend to seek this order from the **Alameda County Superior Court** located at **201 13th Street, 2nd Floor, Oakland, CA 94612**.  I will advise you of the time and date of the TRO application once I am aware of them.  The court clerk provides this information only after the complaint has been filed.  Please provide to me a telephone number to which I can verbally advise you of the department and time.  Please also provide me a fax number to where this information and notice can be faxed.  You should further forward this letter to your legal counsel.

I request that you postpone the trustee sale and that you provide to me the requested statements.  Please contact me upon receipt of this letter.

Truly yours,

Thomas Spielbauer

# Exhibit 3

GMAC Acknowledgment Letter

# GMAC Mortgage

**Risk Management Operations**
*Voice of the Customer*

Sent via fax 610-423-1395

July 16, 2007

Thomas Speilbauer, Esquire
50 Airport Parkway
San Jose, CA  95110

Account Number:      0307664370
Property Address:    7345 Holly St
                     Oakland, CA 94621

Dear Mr. Speilbauer:

This will acknowledge receipt of your qualified written request dated July 11, 2007.  We will review this matter and provide you with a written response.  Please note that a temporary hold has been placed on the foreclosure pending further investigation.

Should you need to contact me directly, you may reach me at 888-462-2864, extension 5750.

Sincerely,

*Theresa M Darst*
Theresa M. Darst
Voice of the Customer

GMAC Mortgage Corporation    Tel: (800) 627-0128
100 Witmer Road              www.gmacmortgage.com
Horsham, PA 19044