1 Thomas Spielbauer, Esq.
SBN 78281
2 THE SPIELBAUER LAW FIRM
50 Airport Parkway
3 San Jose, CA 95110
(408)451-8499
4 Fax: (610)423-1395
thomas@spielbauer.com
5
Attorneys for Marcos Lopez, Plaintiff
6

**UNITED STATES DISTRICT COURT**
7 **NORTHERN DISTRICT OF CALIFORNIA**

8

| MARCOS LOPEZ, | No: **4:07-cv-3911-CW** |
| | |
| Plaintiff. | |
| | EX PARTE APPLICATION OF MARCOS LOPEZ FOR TEMPORARY RESTRAINING ORDER AND MOTION FOR ISSUANCE OF A PRELIMINARY INJUNCTION |
| v.s. | |
| | |
| GMAC MORTGAGE CORPORATION USA; GREENPOINT MORTGAGE FUNDING, INC; and EXECUTIVE TRUST DEED SERVICES, INC., | |
| Defendants. | |

19     Plaintiff Marcos Lopez applies for a temporary restraining order restraining

20 defendants GMAC MORTGAGE CORPORATION and EXECUTIVE TRUST

21 DEED SERVICES, their agents, servants, and employees, from conducting a

22 trustee's sale of the plaintiff's property located at 7345 Holly Street, Oakland, CA

23 94621.  This trustee's sale is currently scheduled for Monday, November 26,

24 2007 at 12:30 p.m. at the courthouse steps located at 1225 Fallon Street, Oakland,

25 CA.

26     Plaintiff Marcos Lopez further applies for an order setting a preliminary

27 injunction hearing for the issuance of a preliminary injunction enjoining

28

1  defendants and their agents, servants, and employees from conducting any kind of
2  foreclosure sale or alienation or transfer or attempted transfer of title and
3  ownership of the property located at 7345 Holly Street, Oakland, CA 94621
4  during the pendency of this action.

5      This application is made on the grounds that plaintiff's first amended and
6  verified complaint demonstrates that he is entitled to the relief demanded,  and on
7  the ground that great and irreparable injury will result to plaintiff before the
8  matter can be decided without the imposition of an exparte restraining order.
9  Additionally, a declaratory judgment and a judgment which is in the plaintiff's
10 favor will be rendered ineffectual by a foreclosure sale of plaintiff's home.
11 Pecuniary compensation will not afford adequate relief, particularly in light of the
12 fact that it would be extremely difficult to ascertain the amount of compensation
13 which could afford adequate relief.  This residence is Marcos Lopez home for
14 himself and his family, including his 8 year old child.

15     Restraint of the sale is necessary if a declaratory judgment is to have any
16 effect and accomplish its purpose of avoiding a multiplicity of litigation.

17     This application is based on the verified complaint on file in this case,on
18 the attached memorandum of points and authorities.
19 Dated: November 15, 2007

20

21

22                          Thomas J Spielbauer

23                          Thomas Spielbauer
                            Attorney for Plaintiff
24

25

26

27

28

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2      Under California Civil Code §2924 et seq., a lender must properly serve

3  and record a notice of default setting forth the borrower's breach in order to effect

4  a foreclosure.  After 90 days, three months, have elapsed, the lender must

5  thereafter properly serve and record the Notice of Trustee Sale at least 20 days

6  prior to the actual sale.  Assuming proper compliance with the law, the property is

7  then auctioned to the highest bidder at the foreclosure sale.

8      California foreclosure law, which is nonjudicial in its entirety, was

9  intended to reflect a fair balance of the respective interests of the trustors, the

10  trustees and the beneficiaries.  While beneficiaries want an inexpensive and

11  speedy remedy for defaults, trustors need protection against the unjust loss of

12  their property rights. This is particularly true since the entire foreclosure process

13  occurs without judicial oversight.[1]

14      The statutory requirements are intended to protect the trustor from a

15  wrongful or unfair loss of the property, and a valid foreclosure by the private

16  power of sale requires ***strict compliance*** with the requirements of the statute.[2]  It

17  has been a cornerstone of foreclosure law that the statutory requirements,

18  intending to protect the trustor from a wrongful or unfair loss of the property,

19

20

21  _____

22      [1] Miller & Starr, California Real Estate (3d ed.), Deeds of Trust and
23  Mortgages, Chapter 10 §10.179;  *I. E. Associates v. Safeco Title Ins. Co.* (1985) 39
   Cal. 3d 281.

24

25      [2] Miller & Starr, California Real Estate (3d ed.), Deeds of Trust and
   Mortgages, Chapter 10 §10.179; *Anderson v. Heart Federal Sav. & Loan Assn.*,
26  208 Cal. App. 3d 202, 211  (3d Dist. 1989), reh'g denied and opinion modified,
   (Mar. 28, 1989); *Miller v. Cote* (4th Dist. 1982) 127 Cal. App. 3d 888, 894; *System
27  Inv. Corp. v. Union Bank* (2d Dist. 1971) 21 Cal. App. 3d 137, 152-153; *Bisno v.
28  Sax* (2d Dist. 1959) 175 Cal. App. 2d 714, 720.

1    must be complied with strictly.[3]  Close does not count.

2    As a result, any trustee's sale based on a statutorily deficient Notice of

3    Default is invalid.[4]   Additionally, any trustee's sale based on a statutorily

4    deficient Notice of Trustee Sale is invalid.[5]

5    Courts will set aside a foreclosure sale when there has been fraud, when the

6    sale has been improperly, unfairly, or unlawfully conducted, or when there has

7    been such a mistake that it would be inequitable to let it stand.[6]

8    The Notice of Trustee Sale must contain, among other information, an

9    accurate statement of the total amount of the unpaid balance of the obligation

10   secured by the real property to be sold as well as a statement of the costs,

11   expenses, and advances incurred at the time of the initial publication of the notice

12   of sale.[7]

13   _____

14   [3] Miller & Starr, California Real Estate (3d ed.), Deeds of Trust and
15   Mortgages, Chapter 10 §10.182.

16   [4] Miller & Starr, California Real Estate (3d ed.), Deeds of Trust and
17   Mortgages, Chapter 10 §10.182; *Anderson v. Heart Federal Sav. & Loan Assn.* (3d
     Dist. 1989) 208 Cal. App. 3d 202, 211, reh'g denied and opinion modified, (Mar.
18   28, 1989);  *Miller v. Cote* (4th Dist. 1982) 127 Cal. App. 3d 888, 894; *System Inv.*
19   *Corp. v. Union Bank* (2d Dist. 1971) 21 Cal. App. 3d 137, 152-153; *Saterstrom v.*
     *Glick Bros. Sash, Door & Mill Co.*(3d Dist. 1931) 118 Cal. App. 379.
20
21   [5]*Anderson v. Heart Federal Sav. & Loan Assn*. (3d Dist. 1989) 208 Cal.
     App. 3d 202, 211, ,reh'g denied and opinion modified, (Mar. 28, 1989).
22
23   [6] *Bank of America Nat. Trust & Savings Ass'n v. Reidy* (1940) 15 Cal. 2d
     243, 248; *Whitman v. Transtate Title Co.*(4th Dist. 1985) 165 Cal. App. 3d 312,
24   322-323; *In re Worcester* (9th Cir. 1987) 811 F.2d 1224, 1228.
25   See also *Smith v. Williams* (1961) 55 Cal. 2d 617, 621; *Stirton v. Pastor* (4th
     Dist. 1960) 177 Cal. App. 2d 232, 234; *Brown v. Busch* (3d Dist. 1957) 152 Cal.
26   App. 2d 200, 203-204.
27
28   [7] Miller & Starr, California Real Estate (3d ed.), Deeds of Trust and
     Mortgages, Chapter 10 §10.198.

With these legal concepts in mind, it is clear from the verified complaint that GMAC and Executive Trust Deed have failed to properly comply with the requirements of California Civil Code §2924 et seq.. They should not be allowed to enjoy the benefits of the severe consequences that the non-judicial foreclosure law permits, consequences caused by their own bad acts.

It is significant that the Alameda Superior Court granted a temporary restraining order on July 25, 2007 prohibiting the then pending foreclosure sale. On July 31, 2007, defendant GREENPOINT removed this case into Federal District Court. The case was removed into Federal Court the day before scheduled hearing on the preliminary injunction was to be held in state court. *As a result, the state court temporary restraining order is technically still in effect. Neither defendant, and particularly GMAC, have moved to set aside this order.* Plaintiff Marcos Lopez, however, is bringing this request for a TRO out of an abundance of caution.

**Despite the fact the state court temporary restraining order is technically still in effect, GMAC has announced that it intends to proceed forward to foreclosure sale on November 26, 2007, having communicated this through counsel on today's date of November 15, 2007.** GMAC has rejected Marcos Lopez's offer to re-commence making the monthly mortgage payments of $1,112.01 to GMAC in exchange for a postponement of the foreclosure sale until this litigation can be resolved.

*Marcos Lopez simply is asking that the status quo remain in effect.*

Before a non-judicial foreclosure can be initiated, there must have occurred some breach of the secured obligation. In this case, it would appear that GMAC is claiming that Marcos Lopez defaulted on his mortgage payments. California Civil Code §§2924 and 2924c(b)(1) specifically requires that the notice of default contain an accurate statement that a breach of the secured obligation has occurred and specification of the nature of the default.

From the facts as stated in the verified complaint, no default occurred.
Marcos Lopez paid his mortgage payments in a timely manner and then continued
to attempt to pay his mortgage payments in a timely manner until defendant
GMAC and GREENPOINT continuously refused to accept his payments.

The fact that the GMAC and GREENPOINT assigned and reassigned the
note has no negative consequence to plaintiff Marcos Lopez, excepting the fact
that the GMAC and GREENPOINT did not provide the notice of these
reassignments as required by the Real Estate Settlement and Procedures Act
(RESPA)[8] .

RESPA[9] puts the burden on the defendants, particularly GMAC and
Greenpoint, to insure that Marcos Lopez's mortgage payments were properly
credited for a 60-day period, assuming proper notice of assignment to Mr. Lopez.
All Mr. Lopez had to do was pay on time, which he did.

There was no breach of the secured obligation.  There was, however,
ineffectiveness on the part of GMAC and Greenpoint, for which they now seek to
blame Marcos Lopez.  As a result, defendants have no legal right to initiate let
alone proceed with a foreclosure sale of plaintiff's home.

California Civil Code §2924f, subd. (b)(1) mandates that the notice of
trustee sale must state the total amount of the unpaid balance of the secured
obligation and a reasonable estimate of the costs, expenses, and advances as of
the initial publication of the notice.  The notice of trustee sale states that this
amount is $409,557.49.  This stated amount of $409,557.49 is $38,229.78 more
than the legitimate principal (of $371,327.71) which plaintiff owes, particularly in
light of his timely monthly mortgage payments and his bona fide attempts to
tender payment.  Setting aside the legal question of breach of the security, this

---

[8] 12 U.S.C. §2605 (b) through (d).

[9] 12 U.S.C. §2605 (b) through (d).

1  erroneously stated amount is $38,229.78 is gross and substantial.

2      Faced with a recalcitrant defendant, GMAC, which appeared to be eager to

3  proceed to a foreclosure sale in direct violation of California State and Federal

4  law, Marcos Lopez utilized his legal rights under the Real Estate Settlement and

5  Procedures Act[10] and the federal Fair Debt Collection Practices Act[11].

6      The federal Fair Debt Collection Act is a "strict liability" statute: i.e., debt

7  collectors generally are liable for violating the FDCPA's requirements without

8  regard to intent, knowledge or willfulness.[12]

9      On July 11, 2007, Marcos Lopez sent to defendants a request for

10  verification of the alleged debt  and a "qualified written request".  Defendants

11  received these request the following day, on July 12, 2007.  The reality of this

12  situation is that Marcos Lopez had been contesting the amounts claimed by the

13  defendants from the very beginning, albeit orally and by telephone.  He finally

14  put his dispute into writing on July 11, 2007.

15      The federal Fair Debt Collection Practices Act (FDCPA) requires that the

16  defendants cease collection of the debt, or any disputed portion thereof, until

17  defendants provided verification of the debt to the plaintiff.[13]  Defendants have

18  failed to provide verification of the debt and the amounts they are claiming from

19  Marcos Lopez.

20      Defendants' actions are all the more egregious given GMAC's letter of July

21  16, 2007, which is attached as ExhibIt 3 to the verified complaint.  In that letter,

22  Theresa Darst states, "a temporary hold has been placed on the foreclosure

23

24      [10] 15 U.S.C. §§1692-1692o.

25      [11] 12 U.S.C. §2601-2617.

26
27      [12] *Russell v. Equifax A.R.S.* (2nd Cir. 1996) 74 F.3d 30, 33; *Booth v. Collection Experts*, Inc. (ED WI 1997) 969.

28      [13] 15 U.S.C. §1692g(b).

1  pending further investigation."  A reasonable person would believe that the
2  trustee sale was going to be postponed until the completion of the investigation
3  concerning the issues raised in Mr. Lopez's letter was complete .  This
4  postponement did not occur voluntarily in July but only occurred as a result of a
5  temporary restraining order which the Alameda Superior Court Issued on July 25,
6  2007.

7       As a result of Marcos Lopez's July 11, 2007 "qualified written request",
8  defendants  are and were required under RESPA to acknowledge receipt of this
9  correspondence within 20 days and to undertake and notify plaintiff of corrective
10  actions within 60 days.[14]   At least GMAC did acknowledge receipt of this letter.
11  However, GMAC has failed to undertake any corrective action relating to this
12  request.

13       These unlawful and fraudulent actions on the part of GMAC, as discussed
14  in these points and authorities and outlined in the verified First Amended
15  complaint, justify without question the granting of an exparte order restraining
16  the foreclosure sale scheduled for Monday, November 26, 2007 at 12:30 p.m..

17       This matter is a textbook example of why this Court has the equitable
18  power to grant an order restraining the pending foreclosure sale.

19       As a result of defendants' violations of law, plaintiff Marcos Lopez has
20  suffered injury.  The injury has caused him to suffer the specter of a foreclosure
21  sale of his home and incur attorney fees and expenses in order to prevent this sale.
22  It has caused he and his family and his eight year old child unnecessary anxiety.
23  //
24  //
25
26
27
28
     [14] 12 U.S.C. 2605(e).

1

2

<u>INJUNCTIONS</u>

I.

A PRELIMINARY INJUNCTION SHOULD BE ISSUED WHERE PLAINTIFF'S RIGHT TO RELIEF IS APPARENT FROM THE COMPLAINT AND THE RELIEF CONSISTS IN RESTRAINING THE COMMISSION OR CONTINUANCE OF THE ACT COMPLAINED OF, TO AVOID IRREPARABLE INJURY DURING LITIGATION, AND WHERE THE LEGAL REMEDY IS INADEQUATE..

The federal standard for the grant of a temporary restraining order and a preliminary injunction is similar to that of California. The case of *Miss World Limited v. Mrs. America Pageants, Inc.*[15], defines the standard for the grant of a preliminary injunction. "To obtain a preliminary injunction, a party must show either (1) a likelihood of success on the merits and the possibility of irreparable injury, or (2) the existence of serious questions going to the merits and the balance of hardships tipping in its favor." [Citation.] "These are not two distinct tests, but rather the opposite ends of a single 'continuum in which the required showing of harm varies inversely with the required showing of meritoriousness.'" [Citations.][16]

An injunction may be granted when it appears by the complaint that the plaintiff is entitled to the relief demanded and such relief, or any part thereof, consists in restraining the commission or continuance of the act complained of, either for a limited period or perpetually.[17]

An injunction may be granted when it appears by the complaint or

---

[15] *Miss World Limited v. Mrs. America Pageants, Inc.* (9th Cir. 1988) 856 F.2d 1445.

[16] *Miss World Limited v. Mrs. America Pageants, Inc.* (9th Cir. 1988) 856 F.2d 1445, 1448.

[17] *Ingram v. Ault* (11th Cir. 1995) 50 F.3d 898, 900; CCP § 526 first subd (1); *Dingley v. Buckner* (1909) 11 Cal.App. 181, 183-184, 104 P. 478].

affidavits that the commission of some act during the litigation would produce great or irreparable injury to a party in the action.[18]  The term "irreparable injury" means that species of damages, whether great or small, that ought not to be submitted to on the one hand or inflicted on the other.[19]   This definition warrants the use of the injunctive power of the court against a wrong which a trial judge deems insufferable because it constitutes an overbearing assumption by one person of superiority and domination over the rights and property of others.[20]

An injunction may be granted when the threatened harm to plaintiff outweighs the harm a temporary restraining order would inflict on defendant.[21]  It should be granted when pecuniary compensation would not afford adequate relief[22] or where it would be extremely difficult to ascertain the amount of compensation which would afford adequate relief.[23]

An injunction should also be granted where the restraint is necessary to prevent a multiplicity of judicial proceedings. [24]

---

[18]CCP § 526 first subd (2); *Smith v. Smith* (1942) 49 Cal.App.2d 716, 718-719, 122 P.2d 346

[19]*Wind v. Herbert* (1960) 186 Cal.App.2d 276, 285, 8 Cal.Rptr. 817

[20] *Fretz v. Burke* (1967) 247 Cal.App.2d 741, 746, 55 Cal.Rptr. 879.

[21] *Ingram v. Ault* (11th Cir. 1995) 50 F.3d 898, 900.

[22] *Ingram v. Ault* (11th Cir. 1995) 50 F.3d 898, 900;  CCP § 526 first subd (4).

[23] *Ingram v. Ault* (11th Cir. 1995) 50 F.3d 898, 900;  CCP § 526 first subd (5); *Union Oil Co. v Domengeaux* (1939) 30 Cal App2d 266, 270-271, 86 P2d 127).

[24] *Ingram v. Ault* (11th Cir. 1995) 50 F.3d 898, 900;  CCP § 526 first subd (6); *Rynsburger v. Dairymen's Fertilizer Coop., Inc*. (1968) 266 Cal.App.2d 269, 279, 72 Cal.Rptr. 102; *Aldrich v Transcontinental Land & Water Co.* (1955) 131 Cal.App.2d 788, 796-797, 281 P.2d 362.

1

2

## II.

## GROUNDS FOR A PERMANENT INJUNCTION

A trial court should grant a permanent injunction when (1) When pecuniary

compensation would not afford adequate relief;[25]  (2) When it would be extremely

difficult to ascertain the amount of compensation that would afford adequate

relief;[26]  (3) When the restraint is necessary to prevent a multiplicity of judicial

proceedings.[27]  These grounds are the same as four of the grounds listed for the

granting of a preliminary injunction.

In this matter, Marcos Lopez's home will be sold by foreclosure sale.  This

is his home, where he and his family, including his eight year old child, live.

There is no other house like it to him.  Losing 7345 Holly Street will not be just

losing a piece of property.  It will be losing his home.

## III.

## TRO/PRELIMINARY INJUNCTION BOND

A trial court must evaluate two factors in determining whether it should

issue a preliminary injunction.  One factor is the likelihood that Marcos Lopez

will prevail on the merits at trial.[28]  The second factor is the balance of any

interim harm to Mr. Lopez if the injunction is denied compared with the harm to

GMAC MORTGAGE and GREENPOINT and  EXECUTIVE TRUST DEED

---

[25] *Ingram v. Ault* (11th Cir. 1995) 50 F.3d 898, 900;  Civ. Code § 3422(1).

[26]*Ingram v. Ault* (11th Cir. 1995) 50 F.3d 898, 900;  Civ. Code § 3422(2).

[27] *Ingram v. Ault* (11th Cir. 1995) 50 F.3d 898, 900;  Civ. Code § 3422(3)

[28] *Ingram v. Ault* (11th Cir. 1995) 50 F.3d 898, 900;  See *Teachers Ins. & Annuity Assn. v. Furlotti* (1999) 70 Cal. App. 4th 1487, 1493, and *Dodge, Warren & Peters Insurance Services, Inc. v. Riley* (2003) 105 Cal. App. 4th 1414, 1418.

1  SERVICES if the injunction is issued.[29]

2      The more likely that Marcos Lopez will ultimately prevail, however, the

3  less severe the harm that must be shown, especially when the injunction

4  maintains, rather than alters, the status quo.[30]  Thus, if Marcos Lopez can make a

5  sufficiently strong showing of likelihood of success on the merits, the trial court

6  has discretion to issue the injunction notwithstanding that Mr. Lopez's inability to

7  show that the balance of harms tips in his favor.[31]

8      The facts of this case clearly demonstrate a very high probability that

9  Marcos Lopez will prevail.  The records that Marcos Lopez has sustains his

10  claims, i.e., that he paid and attempted to pay his mortgage with GMAC and

11  GREENPOINT in a timely manner.   The records which will be produced as a

12  part of discovery by GMAC and by GREENPOINT will confirm the fact that

13  Marcos Lopez was not delinquent in his mortgage payments.

14      The harm that Marcos Lopez will suffer, however, is enormous.  The harm

15  Mr. Lopez will suffer is the loss of his home through a foreclosure sale.  This is

16  home for him and his family.  Such a foreclosure sale will further unjustly and

17  severely damage Mr. Lopez's credit-worthiness.

18      On the other hand, defendants' security is not threatened.  Their security is

19  very well-protected.  Marcos Lopez stands willing and able to make his monthly

20  mortgage payments.  Marcos Lopez is not willing, however, to pay the inflated

21

22
23      [29] *Ingram v. Ault* (11th Cir. 1995) 50 F.3d 898;  See *14859 Moorpark
    Homeowner's Assn. v. VRT Corp.* (1998) 63 Cal. App. 4th 1396, 1402; *Pro-Family
24  Advocates v. Gomez* (1996) 46 Cal. App. 4th 1674, 1681; *Hunt v. Superior Court*
    (1999) 21 Cal. 4th 984, 999.
25

26      [30] *King v. Meese* (1987) 43 Cal. 3d 1217, 1227;  *14859 Moorpark
    Homeowner's Assn. v. VRT Corp.* (1998) 63 Cal. App. 4th 1396, 1407.
27

28      [31] *14859 Moorpark Homeowner's Assn. v. VRT Corp.* (1998) 63 Cal. App.
    4th 1396, 1407.

1
2
fees and charges and arrears that defendants have sought to unlawfully extract from him.  Defendants are in this predicament as a result of their own bad acts.

3
4
***California courts retain common law authority to waive the requirement of an undertaking in cases involving litigants with limited means.***[32]

5
6
Given the equities involved in this case, Marcos Lopez requests that this Court impose no bond pursuant to its authority described in *Conover v. Hall*.

7
8
9
Marcos Lopez is frugal and manages his finances wisely.  However, he is also a man with a modest income.  His primary occupation is that of being a waiter.

10
11
Alternatively, Marcos Lopez  requests that this Court impose a bond of $100.

12
EXPARTE ISSUANCE OF TEMPORARY RESTRAINING ORDER

13
14
15
16
17
18
19
20
The court should enter a temporary restraining order without notice to GMAC because plaintiff will suffer immediate and irreparable injury, loss, or damage if the TRO is not granted before defendant can be heard.  GMAC made it clear on today's date that it intends to proceed with the foreclosure sale despite the fact that the state court temporary restraining order is still in effect and GMAC has done nothing to set it aside.  Given the fact of the Thanksgiving holidays and the very few court days prior to the scheduled foreclosure sale, there is no less drastic means to protect Marcos Lopez's interests.[33]

21
22
Plaintiff asks the court to set the request for a preliminary injunction for hearing at the earliest possible time.

23
24
25
For the reasons set forth in these papers, plaintiff prays that this court grant the requested temporary restraining order, preliminary injunction, and set the

26
27
28

---

[32] *Conover v. Hall* (1974) 11 Cal. 3d 842, 847, 850-852.

[33] See  Federal Rules of Civil Procedure  65(b); *First Tech. Safety Sys. v. Depinet*  (6th Cir. 1993) 11 F.3d 641, 650.

matter for hearing for a full permanent injunction.

Respectfully submitted

Thomas Spielbauer
Attorney for Plaintiff, Marcos Lopez