Thomas Spielbauer, Esq.
SBN 78281
THE SPIELBAUER LAW FIRM
50 Airport Parkway
San Jose, CA 95110
(408)451-8499
Fax: (610)423-1395
thomas@spielbauer.com

Attorneys for Marcos Lopez, Plaintiff

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MARCOS LOPEZ,<br><br>                  Plaintiff.<br><br>v.s.<br><br><br>GMAC MORTGAGE CORPORATION USA, et Al.,<br>                  Defendants. | No: **4:07-cv-3911-CW**<br><br>REPLY TO GMAC'S OPPOSITION TO GRANT OF TRO AND PRELIMINARY INJUNCTION<br><br>Honorable Claudia Wilken |

    This matter is far more than an accounting dispute. GMAC is seeking to sieze Marcos Lopez's home despite Mr. Lopez's good faith, timely and diligent efforts to pay the mortgage payments.

    Under the worse case scenario for Mr. Lopez, GMAC concedes that Marcos Lopez missed only two mortgage payments, those being January and February 2007. Yet GMAC's very own documents, particularly the letter from Citbank to Mr. Lopez dated June 12, 2007 reflects that Marcos Lopez in fact did make these two payments.

    GMAC seeks to blame Marcos Lopez for everything. Marcos tendered payment, and GREENPOINT and GMAC rejected and refused payment. Marcos complied with his legal obligation. However, GMAC blames Mr. Lopez on lines 16 and 17 of page 2 of the opposition, saying, "Plaintiff does not seek to explain why the money was refunded or what became of the moneys refunded. Plaintiff

does not contend that he re-tendered the refunded sums." The people who would know why the money was refunded is, of course, GREENPOINT and GMAC. Yet GMAC refuses to disclose any of the information in its possession which would explain why this money was refunded.

GMAC mistates the facts in its opposition. No where has it been established that Citbank is the servicer for GREENPOINT. It is noteworthy that GREENPOINT is the defendant to clarify this situation, not GMAC. Additionally, it seems bizarre that Citibank would reject payments on behalf of GREENPOINT due to an inaccurate account number (assuming accuracy both as to the role of Citibank and the incorrect account number). Normal business practice would be for the recipient of the funds to contact Mr. Lopez to ascertain the correct account number. Tender was made at the time of the electronic transfer, even under GMAC's version of events. Citibank's June 12, 2007 further confirms this.

Indeed Mr. Lopez had attempted frequent contact with Citibank as well as GREENPOINT and GMAC. He did the best he could do faced with amorphous and non-responsive lending institutions. It is also noteworthy that Citibank provided proof of the January and February 2007 payments in its June 12, 2007 by letter to Marcos Lopez. This letter is included in the exhibits attached in GMAC's opposition. It should be pointed out that the letters furnished by GMAC in its opposition are documents which Marcos Lopez furnished to GMAC's counsel in an effort to resolve this matter, with the exception of the last page.

GMAC's position is that Mr. Lopez is to pay fees and costs of $28,079.41 demanded by GMAC in order to reinstate. Never mind that GMAC engaged in an illegal foreclosure of Mr. Lopez's home.

GMAC demands that Marcos Lopez deposit the amount of $28,079.41 into court as money it is allegedly owed, excluding attorney fees. The monthly mortgage payment is and was $1,112.01. This would make Mr. Lopez in arrears

the amount of $11,120.10.  GMAC, without satisfactory explanation, not as a fault of Marcos Lopez, and not including its attorney fees, wants almost $17,000 more than the actual arrears.  This Court can now clearly understand why Mr. Lopez is demanding a detailed and itemized accounting in this matter.

GMAC attempts to argue that Mr. Lopez is in arrears of with real estate taxes.  However, GMAC produces no evidence to substantiate this and these claims are not corroborated by the payoff demand attached as the last page to GMAC's opposition.  Marcos Lopez objects to this exhibit as hearsay, and these claims as unfounded hearsay.

An important evaluation that this court must make both in granting the preliminary injunction/temporary restraining order as well as in consideration of the bond is the likelihood of success for Mr. Lopez.  GMAC's very own opposition, along with the verified first amended complaint which Mr. Lopez has filed, shows a very strong likelihood of success.  The harm Marcos Lopez will suffer, the loss of his home, is enormous if the injunction is denied.

GMAC will be liable for Mr. Lopez's attorney fees, which will be considerable given the probability of a jury trial in this matter.  GMAC refuses to accept responsibility and seeks to blame.  This obdurate perspective is obvious in its opposition.  Thus, a jury's determination will be necessary.

//
//

Marcos Lopez's suggestion that he commence monthly mortgage payments in December as a condition of the preliminary injunction and that this court impose no or a nominal bond is fair and reasonable given the equities in this matter.

Respectfully Submitted
THE SPIELBAUER LAW FIRM

*[signature: Thomas J. Spielbauer]*

by Thomas Spielbauer, Esq.
Attorney for Plaintiff, Marcos Lopez