1  Glenn H. Wechsler, State Bar No. 118456
   LAW OFFICES OF GLENN H. WECHSLER
2  1655 North Main Street, Suite 230
   Walnut Creek, California 94596
3  Telephone: (925) 274-0200
   Facsimile: (925) 274-0202
4  E-mail: glenn@glennwechsler.com

5  Attorneys for Defendants
   GMAC MORTGAGE CORPORATION and
6  EXECUTIVE TRUST DEED SERVICES, INC.

7

8

9                 IN THE UNITED STATES DISTRICT COURT
                  NORTHERN DISTRICT OF CALIFORNIA
10                        OAKLAND DIVISION

11

12  MARCOS LOPEZ, as an individual,        )   CIVIL ACTION NO. 4:07-CV-3911 CW
                                           )
13           Plaintiff,                     )
                                           )
14      vs.                                 )   **ANSWER TO FIRST AMENDED**
                                           )   **COMPLAINT**
15  GMAC MORTGAGE CORPORATION,              )
    et al,                                  )
16                                          )
             Defendants.                    )
17  _____)

18

19                                   1

20

21          **COMES NOW** defendants GMAC MORTGAGE LLC erroneously sued as GMAC

22  MORTGAGE CORPORATION ("GMAC") and EXECUTIVE TRUSTEE SERVICES LLC

23  erroneously sued as EXECUTIVE TRUST DEED SERVICES, INC. ("ETDS") in response to the

24  verified Complaint (hereafter referred to as "the Complaint") filed by plaintiff MARCOS LOPEZ on

25  or about November 14, 2007:

26                              **SPECIFIC RESPONSES**

27          1.    In response to the allegations contained in paragraph 1 of the Complaint, GMAC and

28  ETDS lack sufficient information to admit or deny said allegations and based thereon denies each and

1    every allegation, singular and plural and each and every said allegation contained therein.

2        2.    In response to the allegations contained in paragraph 2 of the Complaint, GMAC admits

3    that it maintains one of its principal places of business in Horsham, Pennsylvania, conducts business in

4    the State of California, and that CSC is an agent for service of process in the State of California;

5    except as otherwise admitted, GMAC denies each and every other remaining allegation set forth

6    therein.  ETDS lacks sufficient information to admit or deny said allegations and based thereon denies

7    each and every allegation, singular and plural and each and every said allegation contained therein.

8        3.    In response to the allegations contained in paragraph 3 of the Complaint, GMAC and

9    ETDS lack sufficient information to admit or deny said allegations, and based thereon, denies each and

10   every allegation, singular and plural and each and every said allegation contained therein.

11       4.    In response to the allegations contained in paragraph 4 of the Complaint, ETDS admits

12   that it is a substitute trustee under said deed of trust recorded on March 2, 2006, as instrument no.

13   2006-078356, conducts business in the State of California, and an agent for service of process in the

14   State of California except as otherwise admitted, denies each and every other remaining allegation set

15   forth therein.  GMAC lacks sufficient information to admit or deny said allegations and based thereon

16   denies each and every allegation, singular and plural and each and every said allegation contained

17   therein.

18       5.    In response to the allegations contained in paragraph 5 of the Complaint, GMAC and

19   ETDS deny the allegations contained therein, and each and every allegations, singular and plural and

20   each and every said allegation contained therein.

21       6.    In response to the allegations contained in paragraph 6 of the Complaint, GMAC and

22   ETDS lack sufficient information to admit or deny said allegations, and based thereon, denies each and

23   every allegation, singular and plural and each and every said allegation contained therein.

24       7.    In response to the allegations contained in paragraph 7 of the Complaint, GMAC and

25   ETDS contend the allegations are vague and ambiguous in that they do not state any facts regarding

26   the context in which plaintiff alleges that the referenced statute applies to such that GMAC and ETDS

27   lack sufficient information to admit or deny said allegations, and based thereon, denies each and every

28   allegation, singular and plural and each and every said allegation contained therein. .

Answer to First Amended Complaint                                              Marcos Lopez v. GMAC Mortgage, et al.,,
Page 2 of 21                                                         Northern District of California, Oakland Division
                                                                                            Case No. 4:07-cv-3911-CW

8.    In response to the allegations contained in paragraph 8 of the Complaint, the allegations are vague and ambiguous in that they do not state any facts regarding the context in which plaintiff alleges that the referenced statute applies to GMAC and ETDS, which therefore lack sufficient information to admit or deny said allegations, and based thereon, denies each and every allegation, singular and plural and each and every said allegation contained therein.

9.    In response to the allegations contained in paragraph 9 of the Complaint, GMAC and lacks sufficient information to admit or deny said allegations, and based thereon, denies each and every allegation, singular and plural and each and every said allegation contained therein. ETDS admits that it has filed a declaration pursuant to California Civil Code §2924l.  As to the remaining allegations, ETDS lacks sufficient information to admit or deny said allegations, and based thereon, denies each and every allegation, singular and plural and each and every said allegation contained therein

10.    In response to the allegations contained in paragraph 10 of the Complaint, GMAC and ETDS lack sufficient information to admit or deny said allegations, and based thereon, denies each and every allegation, singular and plural and each and every said allegation contained therein.

11.    In response to the allegations contained in paragraph 11 of the Complaint, GMAC admits that the referenced real property is encumbered by the foreclosing deed of trust.

12.    In response to the allegations contained in paragraph 12 of the Complaint, GMAC admits it has in an interest, secured by a deed of trust, in the subject property but lacks sufficient information to admit or deny said allegations, and based thereon, denies each and every allegation, singular and plural and each and every said allegation contained therein.    ETDS lacks sufficient information to admit or deny said allegations, and based thereon, denies each and every allegation, singular and plural and each and every said allegation contained therein.

13.    In response to the allegations contained in paragraph 13 of the Complaint, GMAC and ETDS deny that Lopez refinanced the mortgage with GMAC; rather, Green Point Mortgage Funding was the lender.  With regard to the remaining allegations not specifically admitted, defendants lack sufficient information to admit or deny said allegations, and based thereon, denies each and every allegation, singular and plural and each and every said allegation contained therein.  It is admitted that

1   said deed of trust pertains to and encumbers the Holly Street property. The deed of trust, however,

2   recites that it secured a loan for $367,200 not the amount stated by Plaintiff.

3       14.    In response to the allegations contained in paragraph 14 of the Complaint, GMAC and

4   ETDS lack sufficient information to admit or deny said allegations, and based thereon, denies each and

5   every allegation, singular and plural and each and every said allegation contained therein.  GMAC

6   denies that there was anything confusing about the assignment.

7       15.    In response to the allegations contained in paragraph 15 of the Complaint, GMAC

8   admits that ETDS prepared and recorded a Notice of Trustee's Sale on it behalf and that the terms of

9   the default and amount demanded are set forth within said document which speaks for itself; GMAC

10  and ETDS lack sufficient information to admit or deny said allegations, and based thereon, denies each

11  and every allegation, singular and plural and each and every said allegation contained therein

12      16.    In response to the allegations contained in paragraph 16 of the Complaint, GMAC and

13  ETDS lack sufficient information to admit or deny said allegations, and based thereon, denies each and

14  every allegation, singular and plural and each and every said allegation contained therein.  GMAC

15  contends, however, that the payments for January and February 2007 tendered to Greenpoint were

16  accompanied by an invalid account number, not honored by Greenpoint and that Plaintiff's account

17  was promptly refunded the amounts tendered.

18      17.    In response to the allegations contained in paragraph 17 of the Complaint, GMAC and

19  ETDS lack sufficient information to admit or deny said allegations, and based thereon, denies each and

20  every allegation, singular and plural and each and every said allegation contained therein.  GMAC

21  contends, however, that the payments for January and February 2007 tendered to Greenpoint were

22  accompanied by an invalid account number, not honored by Greenpoint and that Plaintiff's account

23  was promptly refunded the amounts tendered.

24      18.    In response to the allegations contained in paragraph 18 of the Complaint, GMAC and

25  ETDS admit that a Notice of Default was recorded in March 2007 and except as specifically admitted,

26  defendants lack sufficient information to admit or deny said allegations and based thereon denies each

27  and every allegation, singular and plural and each and every said allegation contained therein.

28      19.    In response to the allegations contained in paragraph 19 of the Complaint, GMAC and

ETDS deny the amount demanded was grossly inaccurate; As to the remaining allegations, GMAC and ETDS lack sufficient information to admit or deny said allegations and based thereon denies each and every allegation, singular and plural and each and every said allegation contained therein.

20.    In response to the allegations contained in paragraph 20 of the Complaint, GMAC and ETDS deny that the never investigated plaintiff's complaint and further affirmatively contend that the advised plaintiff on number times that the payments for January and February 2007 tendered to Greenpoint were accompanied by an invalid account number, not honored by Greenpoint and that Plaintiff's account was promptly refunded the amounts tendered. As for the remaining allegations, defendants lack sufficient information to admit or deny said allegations and based thereon denies each and every allegation, singular and plural and each and every said allegation contained therein.

21.    In response to the allegations contained in paragraph 21 of the Complaint, GMAC and ETDS lack sufficient information to admit or deny said allegations and based thereon denies each and every allegation, singular and plural and each and every said allegation contained therein. To the extent Plaintiff cites specific statutes; GMAC and ETDS contend that these statutes speak for themselves.

22.    In response to the allegations contained in paragraph 22 of the Complaint, GMAC and ETDS lack sufficient information to admit or deny said allegations and based thereon denies each and every allegation, singular and plural and each and every said allegation contained therein.  To the extent Plaintiff refers to a specific statute, GMAC and ETDS contend that the letter and statute speaks for themselves.

23.    In response to the allegations contained in paragraph 23 of the Complaint, GMAC and ETDS lack sufficient information to admit or deny said allegations and based thereon denies each and every allegation, singular and plural and each and every said allegation contained therein.  To the extent Plaintiff refers to a specific statute, GMAC and ETDS contend that the letter and statute speaks for themselves.

24.    In response to the allegations contained in paragraph 24 of the Complaint, GMAC and ETDS lack sufficient information to admit or deny said allegations and based thereon denies each and every allegation, singular and plural and each and every said allegation contained therein.  To the

1    extent Plaintiff refers to a specific statute, GMAC and ETDS contend that the letter and statute speaks

2    for themselves.

3        25.     In response to the allegations contained in paragraph 25 of the Complaint, GMAC and

4    ETDS lack sufficient information to admit or deny said allegations and based thereon denies each and

5    every allegation, singular and plural and each and every said allegation contained therein.

6        26.     In response to the allegations contained in paragraph 26 of the Complaint, GMAC and

7    ETDS lack sufficient information to admit or deny said allegations and based thereon denies each and

8    every allegation, singular and plural and each and every said allegation contained therein.

9        27.     In response to the allegations contained in paragraph 27 of the Complaint, GMAC and

10   ETDS lack sufficient information to admit or deny said allegations and based thereon denies each and

11   every allegation, singular and plural and each and every said allegation contained therein.

12       28.     In response to the allegations contained in paragraph 28 of the Complaint, GMAC and

13   ETDS affirmatively contend that the advised plaintiff on number times that the payments for January

14   and February 2007 tendered to Greenpoint were accompanied by an invalid account number, not

15   honored by Greenpoint and that Plaintiff's account was promptly refunded the amounts tendered.

16   Defendants further contend that they timely responded to Lopez's July 11, 2007, qualified written

17   request and place a hold on foreclosure proceedings. Moreover, defendants deny that they continued to

18   collect the date; rather, Morano advised counsel for Lopez that the inquiry was being researched and

19   that the foreclosure sale was not going to be cancelled on that same date.  The response did not say it

20   would not be cancelled or that any additional efforts to collect the debt were being made.  In fact, the

21   foreclosure sale was postponed.  Except as otherwise stated defendants lack sufficient information to

22   admit or deny said allegations and based thereon denies each and every allegation, singular and plural

23   and each and every said allegation contained therein.

24       29.     In response to the allegations contained in paragraph 29 of the Complaint, EDTS sent

25   Lopez a Debt Validation Notice on  April 2, 2007.  Except as otherwise admitted, GMAC and ETDS

26   lack sufficient information to admit or deny said allegations and based thereon denies each and every

27   allegation, singular and plural and each and every said allegation contained therein.

28       30.     In response to the allegations contained in paragraph 30 of the Complaint, GMAC and

1   ETDS lack sufficient information to admit or deny said allegations and based thereon denies each and
2   every allegation, singular and plural and each and every said allegation contained therein. To the
3   extent this allegations cite specific legal authority GMAC and ETDS content the statute speaks for
4   itself.

5        31.    In response to the allegations contained in paragraph 31 of the Complaint, GMAC and
6   ETDS repeat and replead their responses to paragraphs 1 through 30, inclusive,  as though fully set
7   forth therein.

8        32.    In response to the allegations contained in paragraphs 32 of the Complaint GMAC and
9   ETDS lack sufficient information to admit or deny said allegations and based thereon denies each and
10  every allegation, singular and plural and each and every said allegation contained therein. To the
11  extent this.

12       33.    In response to the allegations contained in paragraph 33 of the Complaint, GMAC and
13  ETDS state that the statute speaks for itself and is neither able to admit or deny.

14       34.    In response to the allegations contained in paragraph 34 of the Complaint, GMAC and
15  ETDS state that the statute speaks for itself and is neither able to admit or deny.

16       35.    In response to the allegations contained in paragraphs 35 of the Complaint, GMAC and
17  ETDS deny the allegations contained therein. In further response to the allegations, GMAC and ETDS
18  contend that the statutes referred to speak for themselves.

19       36.    In response to the allegations contained in paragraphs 36 of the Complaint, GMAC and
20  ETDS deny the allegations contained therein.

21       37.    In response to the allegations contained in paragraphs 37 of the Complaint, GMAC and
22  ETDS contend that the statutes referred to speak for themselves.

23       38.    In response to the allegations contained in paragraphs 38 of the Complaint, GMAC and
24  ETDS deny the allegations contained therein.

25       39.    In response to the allegations contained in paragraphs 39 of the Complaint, GMAC and
26  ETDS deny the allegations contained therein that GMAC failed to provide information to Plaintiff.
27  GMAC and ETDS lack sufficient information to admit or deny remaining allegations and based
28  thereon denies each and every allegation, singular and plural and each and every said allegation

1    contained therein

2    40.    In response to the allegations contained in paragraphs 40 of the Complaint, GMAC and

3    ETDS admit a trustee sale had been scheduled, but lacks sufficient information to admit or deny

4    remaining allegations and based thereon denies each and every allegation, singular and plural and each

5    and every said allegation contained therein

6    41.    In response to the allegations contained in paragraphs 41 of the Complaint, GMAC and

7    ETDS lack sufficient information to admit or deny said allegations and based thereon denies each and

8    every allegation, singular and plural and each and every said allegation contained therein. To the

9    extent this.

10    42.    In response to the allegations contained in paragraphs 42 of the Complaint, GMAC and

11    ETDS deny the allegations contained therein as it applies to these Defendants.  GMAC and ETDS lack

12    sufficient information to admit or deny said allegations as to other defendants named herein, and based

13    thereon denies each and every allegation, singular and plural and each and every said allegation

14    contained therein. To the extent this.

15    43.    In response to the allegations contained in paragraph 43 of the Complaint, GMAC and

16    ETDS repeat and replead their responses to paragraphs 1 through 42, inclusive,  as though fully set

17    forth therein.

18    44.    In response to the allegations contained in paragraph 44 of the Complaint, GMAC and

19    ETDS state that the statute speaks for itself and is neither able to admit or deny.

20    45.    In response to the allegations contained in paragraph 45 of the Complaint, GMAC and

21    ETDS state that the statute speaks for itself and is neither able to admit or deny.

22    46.    In response to the allegations contained in paragraphs 46 of the Complaint, GMAC

23    denies the allegations contained therein that GMAC knowingly violated any statute.  Defendants

24    further contend that they timely responded to Lopez's July 11, 2007, qualified written request and

25    place a hold on foreclosure proceedings. Moreover, defendants deny that they continued to collect the

26    date; rather, Morano advised counsel for Lopez that the inquiry was being researched and that the

27    foreclosure sale was not going to be cancelled on that same date.  The response did not say it would

28    not be cancelled or that any additional efforts to collect the debt were being made.  In fact, the

Answer to First Amended Complaint                                    Marcos Lopez v. GMAC Mortgage, et al.,.
Page 8 of 21                                          Northern District of California, Oakland Division
                                                      Case No. 4:07-cv-3911-CW

foreclosure sale was postponed. ETDS lack sufficient information to admit or deny remaining allegations and based thereon denies each and every allegation, singular and plural and each and every said allegation contained therein

47.    In response to the allegations contained in paragraphs 47 of the Complaint, GMAC denies the allegations contained therein. ETDS lack sufficient information to admit or deny remaining allegations and based thereon denies each and every allegation, singular and plural and each and every said allegation contained therein

48.    In response to the allegations contained in paragraphs 48 of the Complaint, GMAC denies the allegations contained therein. ETDS lack sufficient information to admit or deny remaining allegations and based thereon denies each and every allegation, singular and plural and each and every said allegation contained therein

49.    In response to the allegations contained in paragraphs 49 of the Complaint, GMAC denies the allegations contained therein. ETDS lack sufficient information to admit or deny remaining allegations and based thereon denies each and every allegation, singular and plural and each and every said allegation contained therein

50.    In response to the allegations contained in paragraph 50 of the Complaint, GMAC and ETDS repeat and replead their responses to paragraphs 1 through 49, inclusive,  as though fully set forth therein.

51.    In response to the allegations contained in paragraphs 51 of the Complaint, GMAC denies the allegations contained therein. ETDS lack sufficient information to admit or deny remaining allegations and based thereon denies each and every allegation, singular and plural and each and every said allegation contained therein

52.    In response to the allegations contained in paragraph 52 of the Complaint, GMAC and ETDS lack sufficient information to admit or deny said allegations and based thereon denies each and every allegation, singular and plural and each and every said allegation contained therein.

53.    In response to the allegations contained in paragraphs 53 of the Complaint, GMAC denies the allegations contained therein. ETDS lack sufficient information to admit or deny remaining allegations and based thereon denies each and every allegation, singular and plural and each and every

1  said allegation contained therein;  Defendants further affirmatively contend that the advised plaintiff

2  on number times that the payments for January and February 2007 tendered to Greenpoint were

3  accompanied by an invalid account number, not honored by Greenpoint and that Plaintiff's account

4  was promptly refunded the amounts tendered.

5      54.    In response to the allegations contained in paragraphs 54 of the Complaint, GMAC

6  denies the allegations contained therein.  ETDS lack sufficient information to admit or deny remaining

7  allegations and based thereon denies each and every allegation, singular and plural and each and every

8  said allegation contained therein

9      55.    In response to the allegations contained in paragraph 55 of the Complaint, Defendants

10 further contend that they timely responded to Lopez's July 11, 2007, qualified written request and

11 place a hold on foreclosure proceedings. Moreover, defendants deny that they continued to collect the

12 date; rather, Morano advised counsel for Lopez that the inquiry was being researched and that the

13 foreclosure sale was not going to be cancelled on that same date.  The response did not say it would

14 not be cancelled or that any additional efforts to collect the debt were being made.  In fact, the

15 foreclosure sale was postponed.  Except as expressly admitted, GMAC and ETDS state that the statute

16 speaks for itself and is neither able to admit or deny.

17     56.    In response to the allegations contained in paragraphs 56 of the Complaint, GMAC

18 denies the allegations contained therein.  ETDS lack sufficient information to admit or deny remaining

19 allegations and based thereon denies each and every allegation, singular and plural and each and every

20 said allegation contained therein.

21     57.    In response to the allegations contained in paragraph 57 of the Complaint, GMAC and

22 ETDS repeat and replead their responses to paragraphs 1 through 56, inclusive,  as though fully set

23 forth therein.

24     58.    In response to the allegations contained in paragraph 58 of the Complaint, GMAC and

25 ETDS state that the statute and law speaks for itself and is neither able to admit or deny.

26     59.    In response to the allegations contained in paragraphs 59 of the Complaint, GMAC and

27 ETDS lack sufficient information to admit or deny said allegations and based thereon denies each and

28 every allegation, singular and plural and each and every said allegation contained therein. To the

1   extent this.

2      60.    In response to the allegations contained in paragraphs 60 of the Complaint, GMAC and

3 ETDS lack sufficient information to admit or deny said allegations and based thereon denies each and

4 every allegation, singular and plural and each and every said allegation contained therein. To the

5 extent this.

6      61.    In response to the allegations contained in paragraph 61 of the Complaint, GMAC and

7 ETDS state that the statute and law speaks for itself and is neither able to admit or deny. Further, in

8 response to the remaining allegations contained in paragraphs 61 of the Complaint, GMAC and ETDS

9 lack sufficient information to admit or deny said allegations and based thereon denies each and every

10 allegation, singular and plural and each and every said allegation contained therein. To the extent this.

11      62.    In response to the allegations contained in paragraph 62 of the Complaint, GMAC and

12 ETDS state that the statute and law speaks for itself and is neither able to admit or deny.

13      63.    In response to the allegations contained in paragraphs 63 of the Complaint, GMAC

14 denies the allegations contained therein.  ETDS lack sufficient information to admit or deny remaining

15 allegations and based thereon denies each and every allegation, singular and plural and each and every

16 said allegation contained therein.

17      64.    In response to the allegations contained in paragraphs 64 of the Complaint, GMAC

18 denies the allegations contained therein. Defendants further contend that they timely responded to

19 Lopez's July 11, 2007, qualified written request and place a hold on foreclosure proceedings.

20 Moreover, defendants deny that they continued to collect the date; rather, Morano advised counsel for

21 Lopez that the inquiry was being researched and that the foreclosure sale was not going to be cancelled

22 on that same date.  The response did not say it would not be cancelled or that any additional efforts to

23 collect the debt were being made.  In fact, the foreclosure sale was postponed.  Except as expressly

24 admitted, ETDS lack sufficient information to admit or deny remaining allegations and based thereon

25 denies each and every allegation, singular and plural and each and every said allegation contained

26 therein.

27      65.    In response to the allegations contained in paragraphs 65 of the Complaint, GMAC

28 denies the allegations contained therein.  ETDS lack sufficient information to admit or deny remaining

Answer to First Amended Complaint                        Marcos Lopez v. GMAC Mortgage, et al.,
Page 11 of 21                                Northern District of California, Oakland Division
                                                   Case No. 4:07-cv-3911-CW

1   allegations and based thereon denies each and every allegation, singular and plural and each and every

2   said allegation contained therein.

3        66.    In response to the allegations contained in paragraph 66 of the Complaint, GMAC and

4   ETDS repeat and replead their responses to paragraphs 1 through 65, inclusive, as though fully set

5   forth therein.

6        67.    In response to the allegations contained in paragraph 67 of the Complaint, GMAC and

7   ETDS state that the statute and law speaks for itself and is neither able to admit or deny.

8        68.    In response to the allegations contained in paragraphs 68 of the Complaint, GMAC

9   denies the allegations contained therein.  Defendants further contend that they timely responded to

10  Lopez's July 11, 2007, qualified written request and place a hold on foreclosure proceedings.

11  Moreover, defendants deny that they continued to collect the date; rather, Morano advised counsel for

12  Lopez that the inquiry was being researched and that the foreclosure sale was not going to be cancelled

13  on that same date.  The response did not say it would not be cancelled or that any additional efforts to

14  collect the debt were being made.  In fact, the foreclosure sale was postponed.  Except as expressly

15  admitted, ETDS lack sufficient information to admit or deny remaining allegations and based thereon

16  denies each and every allegation, singular and plural and each and every said allegation contained

17  therein.

18       69.    In response to the allegations contained in paragraphs 69 of the Complaint, GMAC

19  denies the allegations contained therein.  ETDS lack sufficient information to admit or deny remaining

20  allegations and based thereon denies each and every allegation, singular and plural and each and every

21  said allegation contained therein.

22       70.    In response to the allegations contained in paragraph 70 of the Complaint, GMAC and

23  ETDS repeat and replead their responses to paragraphs 1 through 69, inclusive, as though fully set

24  forth therein.

25       71.    In response to the allegations contained in paragraph 71 of the Complaint, GMAC and

26  ETDS state that the statute and law speaks for itself and is neither able to admit or deny.

27       72.    In response to the allegations contained in paragraph 72 of the Complaint, GMAC and

28  ETDS state that the statute and law speaks for itself and is neither able to admit or deny.

73.    In response to the allegations contained in paragraphs 73 of the Complaint, GMAC denies the allegations contained therein. ETDS lack sufficient information to admit or deny remaining allegations and based thereon denies each and every allegation, singular and plural and each and every said allegation contained therein.

74.    In response to the allegations contained in paragraphs 74 of the Complaint, GMAC denies the allegations contained therein. ETDS lack sufficient information to admit or deny remaining allegations and based thereon denies each and every allegation, singular and plural and each and every said allegation contained therein.

75.    In response to the allegations contained in paragraphs 75 of the Complaint, GMAC denies the allegations contained therein. ETDS lack sufficient information to admit or deny remaining allegations and based thereon denies each and every allegation, singular and plural and each and every said allegation contained therein.

76.    In response to the allegations contained in paragraphs 76 of the Complaint, GMAC denies the allegations contained therein. ETDS lack sufficient information to admit or deny remaining allegations and based thereon denies each and every allegation, singular and plural and each and every said allegation contained therein.

77.    In response to the allegations contained in paragraphs 77 of the Complaint, GMAC denies the allegations contained therein. ETDS lack sufficient information to admit or deny remaining allegations and based thereon denies each and every allegation, singular and plural and each and every said allegation contained therein.

78.    In response to the allegations contained in paragraphs 78 of the Complaint, GMAC denies the allegations contained therein as to allegations of failure on the part of GMAC. ETDS lack sufficient information to admit or deny remaining allegations and based thereon denies each and every allegation, singular and plural and each and every said allegation contained therein.

79.    In response to the allegations contained in paragraphs 79 of the Complaint, GMAC admits it had intended to conduct a trustee sale, but denies remaining allegations contained therein. ETDS lack sufficient information to admit or deny remaining allegations and based thereon denies each and every allegation, singular and plural and each and every said allegation contained therein.

80.     In response to the allegations contained in paragraphs 80 of the Complaint, GMAC denies the allegations contained therein.  Defendants further contend that they timely responded to Lopez's July 11, 2007, qualified written request and place a hold on foreclosure proceedings. Moreover, defendants deny that they continued to collect the date; rather, Morano advised counsel for Lopez that the inquiry was being researched and that the foreclosure sale was not going to be cancelled on that same date.  The response did not say it would not be cancelled or that any additional efforts to collect the debt were being made.  In fact, the foreclosure sale was postponed.  Except as expressly admitted, ETDS lack sufficient information to admit or deny remaining allegations and based thereon denies each and every allegation, singular and plural and each and every said allegation contained therein.

81.     In response to the allegations contained in paragraphs 81 of the Complaint, GMAC denies the allegations contained therein.  ETDS lack sufficient information to admit or deny remaining allegations and based thereon denies each and every allegation, singular and plural and each and every said allegation contained therein.

82.     In response to the allegations contained in paragraphs 82 of the Complaint, GMAC denies the allegations contained therein.  ETDS lack sufficient information to admit or deny remaining allegations and based thereon denies each and every allegation, singular and plural and each and every said allegation contained therein.

83.     In response to the allegations contained in paragraph 83 of the Complaint, GMAC and ETDS lack sufficient information to admit or deny said allegations and based thereon denies each and every allegation, singular and plural and each and every said allegation contained therein.

84.     In response to the allegations contained in paragraph 84 of the Complaint, GMAC and ETDS lack sufficient information to admit or deny said allegations and based thereon denies each and every allegation, singular and plural and each and every said allegation contained therein.

85.     In response to the allegations contained in paragraph 85 of the Complaint, GMAC and ETDS lack sufficient information to admit or deny said allegations and based thereon denies each and every allegation, singular and plural and each and every said allegation contained therein.

86.     In response to the allegations contained in paragraph 86 of the Complaint, GMAC and

1    ETDS lack sufficient information to admit or deny said allegations and based thereon denies each and

2    every allegation, singular and plural and each and every said allegation contained therein.

3    87.    In response to the allegations contained in paragraphs 87 of the Complaint, GMAC

4    denies the allegations contained therein.  ETDS lack sufficient information to admit or deny remaining

5    allegations and based thereon denies each and every allegation, singular and plural and each and every

6    said allegation contained therein.

7    88.    In response to the allegations contained in paragraph 88 of the Complaint, GMAC and

8    ETDS repeat and replead their responses to paragraphs 1 through 87, inclusive,  as though fully set

9    forth therein.

10    89.    In response to the allegations contained in paragraph 89 of the Complaint, GMAC and

11    ETDS lack sufficient information to admit or deny said allegations and based thereon denies each and

12    every allegation, singular and plural and each and every said allegation contained therein.  GMAC

13    contends, however, that the payments for January and February 2007 tendered to Greenpoint were

14    accompanied by an invalid account number, not honored by Greenpoint and that Plaintiff's account

15    was promptly refunded the amounts tendered.

16    90.    In response to the allegations contained in paragraph 90 of the Complaint, GMAC and

17    ETDS lack sufficient information to admit or deny said allegations and based thereon denies each and

18    every allegation, singular and plural and each and every said allegation contained therein.

19    91.    In response to the allegations contained in paragraph 91 of the Complaint, GMAC and

20    ETDS lack sufficient information to admit or deny said allegations and based thereon denies each and

21    every allegation, singular and plural and each and every said allegation contained therein.

22    92.    In response to the allegations contained in paragraph 92 of the Complaint, GMAC and

23    ETDS state that the statute and law speaks for itself and is neither able to admit or deny.

24    93.    In response to the allegations contained in paragraphs 93 of the Complaint, GMAC and

25    ETDS lack sufficient information to admit or deny said allegations and based thereon denies each and

26    every allegation, singular and plural and each and every said allegation contained therein. To the

27    extent this.

28    94.    In response to the allegations contained in paragraphs 94 of the Complaint, GMAC

1  denies the allegations contained therein. ETDS lack sufficient information to admit or deny remaining

2  allegations and based thereon denies each and every allegation, singular and plural and each and every

3  said allegation contained therein.

4      95.    In response to the allegations contained in paragraph 95 of the Complaint, GMAC and

5  ETDS repeat and replead their responses to paragraphs 1 through 94, inclusive,  as though fully set

6  forth therein.

7      96.    In response to the allegations contained in paragraphs 96 of the Complaint, GMAC

8  denies the allegations contained therein. ETDS lack sufficient information to admit or deny remaining

9  allegations and based thereon denies each and every allegation, singular and plural and each and every

10  said allegation contained therein.

11      **WHEREFORE**, these answering defendants pray that plaintiff's complaint be dismissed, that

12  defendants be awarded costs of suit, attorney's fees, and such other and further relief as this court

13  deems just and proper.

14  <center>**AFFIRMATIVE DEFENSES**</center>

15      As to each and every claim for relief in plaintiff's complaint, these answering defendants

16  allege the following affirmative defenses as follows:

17  <center>**FIRST AFFIRMATIVE DEFENSE**</center>

18  <center>**(Fails To State a Claim for Relief)**</center>

19      1.    As a first separate and affirmative defense to each alleged claim for relief contained in

20  plaintiff's complaint, these answering defendants are informed and believe, and upon such information

21  and belief allege, that plaintiff fails to state facts sufficient to constitute a claim for relief.

22  <center>**SECOND AFFIRMATIVE DEFENSE**</center>

23  <center>**(Fails to State a Claim Against ETDS)**</center>

24      2.    As a second separate and affirmative defense to each alleged claim for relief contained

25  in plaintiff's complaint, answering defendant ETDS is informed and believes, and upon such

26  information and belief alleges, that plaintiff fails to state facts sufficient to constitute a claim for relief

27  against ETDS, as a matter or law, because ETDS is not a "debt collector" as defined under 15 U.S.C §

28  1692(a)(6), et seq.  Moreover, its conduct is privileged by California Civil Code Section 2924.

### THIRD AFFIRMATIVE DEFENSE

#### (Complaint is Uncertain)

3.    As a third separate and affirmative defense to each claim for relief contained in plaintiff's complaint, these answering defendants are informed and believe, and upon such information and belief allege, that plaintiff's complaint is uncertain.

### FOURTH AFFIRMATIVE DEFENSE

#### (Parole Evidence Rule, Etc.)

4.    As a fourth separate and affirmative defense to plaintiff's complaint, these answering defendants are informed and believe, and upon such information and belief allege, that plaintiff is barred, estopped and precluded from attempting to prove or put into evidence the allegations set forth in plaintiff's complaint pursuant to Code of Civil Procedure § 1856 and the Parole Evidence Rule.

### FIFTH AFFIRMATIVE DEFENSE

#### (Statute of Frauds)

5.    As a fifth separate and affirmative defense to plaintiff's complaint, these answering defendants are informed and believe, and upon such information and belief allege, that plaintiff's claims for relief are barred by the statute of frauds, including, but not limited to, Civil Code § 1624.

### SIXTH AFFIRMATIVE DEFENSE

#### (Privilege)

6.    As a sixth separate and affirmative defense to each cause of action in plaintiff's complaint, these answering defendants are informed and believe, and upon such information and belief allege that the documents recorded by defendants, and each of them, were absolutely privileged pursuant to Civil Code §§ 47 and 2924.

### SEVENTH AFFIRMATIVE DEFENSE

#### (Estoppel & Waiver)

7.    As a seventh separate and affirmative defense to plaintiff's complaint, these answering defendants are informed and believe, and upon such information and belief alleges, that each claim for relief in plaintiff's complaint is barred by estoppel and/or waiver, as these doctrines are invoked by the plaintiff's own acts, conduct and omissions (and/or those of their actual and/or ostensible agents).

1

**EIGHTH AFFIRMATIVE DEFENSE**

2

**(Statute of Limitations)**

3    8.    As a eighth separate and affirmative defense to plaintiff's complaint, these answering

4    defendants are informed and believe, and upon such information and belief allege, that the claims set

5    forth in each of the claims for relief in plaintiff's complaint are barred by the applicable statutes of

6    limitations including, but not limited to, those provided in California Code of Civil Procedure §§ 337,

7    338, 339, 340 and 343 and 15 USC §§ 1640(e); 1638(b)(2) and Reg. Z § 226.23(a)(3), as well as other

8    applicable California and federal law.

9

**NINTH AFFIRMATIVE DEFENSE**

10

**(Unclean Hands & Laches)**

11    9.    As a ninth separate and affirmative defense to plaintiff's complaint, this answering

12    defendants are informed and believe, and upon such information and belief alleges that plaintiff's

13    claims for relief are barred by plaintiff's failure to tender sums due, plaintiff's unclean hands and/or

14    laches on the part of plaintiffs.  Moreover, defendant is informed and believes that Lopez's claim is

15    barred due to a material false representation made by Lopez as to his income in his loan application.

16    18 USC § 1014.

17

**TENTH AFFIRMATIVE DEFENSE**

18

**(Comparative Negligence)**

19    10.    As a tenth separate and affirmative defense to plaintiff's complaint, these answering

20    defendants are informed and believe, and upon such information and belief allege, that plaintiff, or

21    their authorized agents, is careless in and about the matters referred to in the complaint and said

22    carelessness and negligence of said plaintiff proximately contributed to, and/or was a substantial factor

23    causing, plaintiff's alleged damages, if any.

24

**ELEVENTH AFFIRMATIVE DEFENSE**

25

**(Failure to Mitigate & Tender)**

26    11.    As an eleventh separate and affirmative defense to plaintiff's complaint, these

27    answering defendants are informed and believes, and upon such information and belief allege that

28    plaintiff failed to exercise reasonable care and diligence to mitigate their alleged damages.

## TWELVTH AFFIRMATIVE DEFENSE

### (Negligence of Others)

12.     As a twelfth separate and affirmative defense to plaintiff's complaint, these answering defendants are informed and believe, and upon such information and belief allege, as to all claims for relief in plaintiff's complaint, that the sole, proximate cause of injuries and damages, if any, allegedly suffered by plaintiffs was the negligence and fault of others than this answering defendants, and without any fault or want of care on the part of this answering defendants, or on the part of any person or entity for whose acts or omissions this answering defendants was, or are, legally responsible.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Intervening or Supervening Causation)

13.     As a thirteenth separate and affirmative defense to plaintiff's complaint, these answering defendants are informed and believe, and upon such information and belief allege, that plaintiff's claims for relief are barred in that their claimed damages, if any, were caused by an intervening, superseding cause.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Good Faith Defense to ECOA)

14.     As a fourteenth separate and affirmative defense to plaintiff's complaint, these answering defendants contend that its actions were undertaken in good faith and in conformity with all applicable rules and regulations thereby precluding liability under the ECOA. (*15 USC §1691(e)*)

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Lack of Standing)

15.     As a fifteenth separate and affirmative defense to plaintiff's complaint, these answering defendants are informed and believe, and upon such information and belief allege, that plaintiff lacks standing to bring a claim for relief on behalf of the general public.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Lack of Common Law Duty)

16.     As a sixteenth separate and affirmative defense to plaintiff's complaint, these answering defendants are informed and believe, and upon such information and belief allege that it

1  owed no common law duty to plaintiff, separate and apart from the applicable statutes and regulations

2  applicable to mortgage lending and nonjudicial foreclosure of deeds of trust.

### SEVENTEENTH AFFIRMATIVE DEFENSE

#### (Lack of Causation)

17.    As a seventeenth separate and affirmative defense to plaintiff's complaint, these answering defendants are informed and believe, and upon such information and belief alleges that none of its acts, conduction or omissions attributable to GMAC and/or ETDS proximately caused plaintiff's alleged damages, if any there are.

### EIGHTEENTH AFFIRMATIVE DEFENSE

#### (Bona Fide Error)

18.    As an eighteenth separate and affirmative defense to plaintiff's complaint, these answering defendants GMAC and ETDS are informed and believe, and upon such information and belief allege, that any alleged act, if at all, arose from an error made in good faith, was from a mistake, unintentional and that GMAC and ETDS both maintain adequate preventive procedures pursuant to 15 U.S.C.§1692(k)(c).

### NINETEENTH AFFIRMATIVE DEFENSE

#### (Written Payoff Demand)

19.    As a nineteenth separate and affirmative defense to plaintiff's complaint, these defendants allege that no duty arose to prove a written payoff demand absent a written request received before a Notice of Default was Recorded.

### TWENTIETH AFFIRMATIVE DEFENSE

#### (No Private Right of Action - Preemption)

20.    As a twentieth separate and affirmative defense to plaintiff's complaint, plaintiff is not able to state a cause of action for any alleged damage to his credit as the Federal Credit Reporting A ct does not provide for a private cause of action and is preempted by Federal Law.  15 USC §16812-2.

## TWENTY FIRST- AFFIRMATIVE DEFENSE

### (No Punitive Damages)

21. The imposition of any punitive damages in this matter would violate the United States Constitution's prohibition against laws impairing the obligation of contracts.

## TWENTY SECOND- AFFIRMATIVE DEFENSE

### (Plaintiff's Contributory Negligence)

22. Defendants at all times referenced advised Plaintiff that his payments for January and February 2007 tendered to Greenpoint were accompanied by an invalid account number, not honored by Greenpoint and that Plaintiff's account was promptly refunded the amounts tendered.

## TWENTY THIRD- AFFIRMATIVE DEFENSE

### (No Pattern and Practice re Unlawful Business Conduct)

23. Plaintiff has failed to allege any facts that the conduct complained of consists of any past pattern or practice of conduct or that it may continue in the future. Thus, no claim for relief is stated.

**WHEREFORE**, this answering defendants pray that plaintiff's complaint be dismissed, that defendants be awarded costs of suit, attorney's fees, and such other and further relief as this court deems just and proper.

DATED: November 27, 2007      LAW OFFICES OF GLENN H. WECHSLER

By: _____

     GLENN H. WECHSLER
     1655 North Main Street, Suite 230
     Walnut Creek, California 94596
     Telephone: (925) 274-0200

E:\Glenn\DOCS\GMAC\LOPEZ\Federal Answer to Complaint.doc