IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCOS LOPEZ,<br><br>        Plaintiff,<br><br>    v.<br><br>GMAC MORTGAGE CORP.; EXECUTIVE TRUST SERVICES, LLC; GREENPOINT MORTGAGE FUNDING, INC.,<br><br>        Defendants._____/ | No. C 07-3911 CW<br><br>PRELIMINARY INJUNCTION |

Plaintiff moves for a preliminary injunction prohibiting Defendants from conducting a trustee sale of his house.  Defendant GMAC, which currently holds the mortgage on Plaintiff's property, opposes Plaintiff's motion.  The matter was heard on December 6, 2007.  Having considered oral argument and all of the papers submitted by the parties,[1] the Court grants Plaintiff's motion.

---

[1] GMAC did not submit a response to the Court's order to show cause dated November 20, 2007, but rather chose to rely on its response to Plaintiff's earlier motion for a temporary restraining order.

BACKGROUND

Plaintiff brings this lawsuit in connection with Defendants' attempt to foreclose on his home, located at 7345 Holly Street in Oakland, California. The following facts are based on the allegations in the verified amended complaint.

Plaintiff purchased his home in April, 2005. In January, 2006, he refinanced the property with GMAC with a note in the amount of $371,327.71, secured by a trust deed in favor of GMAC. Under the terms of the note, Plaintiff is required to make monthly mortgage payments in the amount of $1,112.01. Within a month of the refinancing, GMAC assigned the note to Greenpoint. Over the next several months, the note was reassigned back and forth between GMAC and Greenpoint, eventually ending up with GMAC. Plaintiff was not given adequate notice of the assignments. During this time, Plaintiff made timely mortgage payments, but several of his checks were rejected because of confusion over which company held the loan. Because the checks were not credited to his account, GMAC declared Plaintiff in arrears and charged him unreasonable fees.

In March, 2007, GMAC started non-judicial foreclosure proceedings on the property. On or about June 26, 2007, ETS recorded a notice of trustee sale. In this notice, GMAC demanded that Plaintiff pay $409,557.49 as the unpaid balance of the note plus reasonably estimated costs and expenses. This amount is $38,229.78 in excess of the principal amount of the note and of what Plaintiff owes given his timely payments.

The trustee sale was originally scheduled to take place on July 27, 2007, but was stayed after Plaintiff filed a lawsuit in

2

Alameda County Superior Court and obtained a temporary restraining order. Following removal to federal court, this Court issued a second temporary restraining order prohibiting the trustee sale, which had been rescheduled for November 26, 2007. Plaintiff now seeks an order enjoining the sale during the pendency of this action.

The amended complaint asserts seven causes of action: (1) a request for a declaration that a trustee sale would be invalid; (2) violation of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692-1692o; (3) violation of the Real Estate Settlement and Procedures Act (RESPA), 12 U.S.C. §§ 2601-2617; (4) breach of the covenant of good faith and fair dealing; (5) fraud; (6) unfair business practices; and (7) an accounting. Plaintiff also seeks punitive damages.

## DISCUSSION

To obtain a preliminary injunction, the moving party must establish either: (1) a combination of probable success on the merits and the possibility of irreparable harm, or (2) that serious questions regarding the merits exist and the balance of hardships tips sharply in the moving party's favor. See Baby Tam & Co. v. City of Las Vegas, 154 F.3d 1097, 1100 (9th Cir. 1998); Rodeo Collection, Ltd. v. W. Seventh, 812 F.2d 1215, 1217 (9th Cir. 1987).

Plaintiff alleges that GMAC and Greenpoint failed to credit his account properly when he attempted to make his mortgage payments. GMAC apparently does not dispute that Plaintiff attempted to make his payments, but claims that his payments were

3

refused because he provided an invalid account number format when he attempted to have the funds electronically transferred from his bank account.  GMAC may be accurate in characterizing the heart of this case as an accounting dispute, but it does not follow that Plaintiff's claims have no merit.  While the parties have not thoroughly briefed the precise legal theories underlying Plaintiff's causes of action, it appears to the Court that, at the least, there are serious questions regarding the legality of Defendants' practices under the Fair Debt Collections Act, the Real Estate Settlement Procedures Act and the California Business and Professions Code.

In addition, the Court finds that the trustee sale of Plaintiff's home clearly threatens him with imminent irreparable harm.  See Sundance Land Corp. v. Cmty. First Fed. Sav. & Loan Ass'n, 840 F.2d 653, 661-62 (9th Cir. 1988) (foreclosure on real property constitutes irreparable harm).  Given the vast financial resources of GMAC, any harm it stands to face by a delay in selling Plaintiff's home is minor in comparison.  Accordingly, Plaintiff has made the required showing to obtain a preliminary injunction.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for a preliminary injunction is GRANTED.  It is hereby ORDERED that Defendants and their agents, servants and employees are restrained and enjoined during the pendency of this action from undertaking or permitting any action of any kind that causes the sale or passing of the title of the property located at 7345 Holly Street in Oakland, California.  Defendants are further enjoined from

undertaking any action to effect an assignment of rents or hinder Plaintiff's ability to manage his property or enjoy the fruits of his property.

Plaintiff has represented that he currently maintains a separate bank account containing a substantial portion of the back payments due on his mortgage. As security for losses Defendants may incur as a result of this preliminary injunction, Plaintiff is hereby ordered to establish a trust account in his attorney's name.[2] All of the funds that are, as of this date, contained in his existing account shall be transferred to the trust account. Each month during the pendency of this case, Plaintiff shall deposit the sum of $1,112.01 to the trust account, plus one-twelfth the amount of the taxes and insurance premiums due annually on his property. Additionally, the record reflects that Plaintiff has posted a bond with the Alameda County Superior Court in the amount of $1,112.01. Plaintiff shall have this bond exonerated and deposit the funds in the trust account as well.

IT IS SO ORDERED.

Dated: 12/11/07

*Claudia Wilken*

CLAUDIA WILKEN
United States District Judge

---

[2] Alternatively, Plaintiff may amend the terms of his existing account so as to require his attorney's signature before any withdrawal may be made.

5