Thomas Spielbauer, Esq.
SBN 78281
THE SPIELBAUER LAW FIRM
1250 Oakmead Parkway, Suite 210
Sunnyvale, CA 94085
(408)451-8499
Fax: (610)423-1395
thomas@spielbauer.com

Attorneys for Marcos Lopez, Plaintiff

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MARCOS LOPEZ,<br><br>               Plaintiff.<br><br>v.s.<br><br><br><br>GMAC MORTGAGE CORPORATION USA, et Al.,<br>               Defendants. | No: **4:07-cv-3911-CW**<br><br>SETTLEMENT CONFERENCE STATEMENT OF PLAINTIFF MARCOS LOPEZ<br><br>Date: January 2, 2008<br>Time: 1:00 p.m.<br>Courtroom E, 15th Floor<br>Federal Courthouse<br>450 Golden Gate Avenue<br>San Francisco, CA<br><br>The Honorable Nandor J. Vadas |

**FACTUAL BACKGROUND**

The facts of this case are simple and straightforward. Marcos Lopez purchased his home located at 7345 Holly Street in Oakland, CA 94621 during April 2005. He subsequently refinanced the property with defendant GMAC during January 2006 with a first note in the amount of $371,327.71 and secured this note with a trust deed in favor of GMAC. There is a second trust deed on the property which is not the subject matter of this litigation.

The terms of the first note required mortgage payments in the amount of $1112.01 from plaintiff Marcos Lopez. Within approximately a month of this January 2006 loan transaction, GMAC assigned the note to defendant GREENPOINT. Thereafter, there occurred confusing reassignments of this note

between GREENPOINT and GMAC, confusing to plaintiff in part due to defendants failure to notify Plaintiff Marcos Lopez of these assignments.

Marcos Lopez made timely monthly mortgage payments to GMAC and Greenpoint throughout 2006 and attempted to make these payments during 2007. However, Greenpoint and GMAC failed to properly credit these monthly mortgage payments to Mr. Lopez.

This note and trust deed, however, eventually returned to GMAC which commenced non-judicial foreclosure proceedings during March 2007.

Below is Marcos Lopez's payment history, and attempted payment history, of this loan:

| Date | Payee | Amount |
|---|---|---|
| February 2006 | Greenpoint | $1,112.01 |
| March 2006 | Greenpoint | $1,112.01 |
| April 2006 | Greenpoint | $1,112.01 |
| May 2006 | Greenpoint | $1,112.01 |
| June 2006 | GMAC | $1,112.01 |
| July 2006 | GMAC | $1,112.01 |
| August 2006 | GMAC | $1,112.01 |
| September 2006 | GMAC | $1,112.01 |
| October 2006 | GMAC | $1,112.01 |
| November 2006 | Greenpoint | $1,112.01 |
| December 2006 | Greenpoint | $1,112.01 |
| January 2007 | Greenpoint | $1,112.01 *Greenpoint negotiated this check but subsequently refunded this amount. |
| February 2007 | Greenpoint | $1,112.01 *Greenpoint negotiated this check but subsequently credited payment as 15 days late. |

| March 2007 | Greenpoint | $1,112.01<br>*Greenpoint refused payment citing assignment to GMAC. |
| --- | --- | --- |
| March - April 2007 | GMAC | @$4,448.04<br>*Payment tendered on line but refused by GMAC. |
| May 2007 | GMAC | GMAC refused to accept monthly mortgage payments, instead demanded extraordinary fees and cited that their foreclosure attorneys now had this case. |
| June 2007 | GMAC | |
| July 2007 to the present | GMAC | |

The issue in this matter is plain. Marcos Lopez attempted to make timely monthly mortgage payments on his home. Greenpoint and then GMAC, for reasons which are unknown, rejected Mr. Lopez's tender of payment. Then, GMAC, continuing to refuse tender of payment, attempted to foreclosure on Mr. Lopez's home, even though it had no lawful nor legal basis on which to do so.

Under the worse case scenario for Mr. Lopez, GMAC concedes that Marcos Lopez missed only two mortgage payments, those being January and February 2007. Yet GMAC's very own documents, particularly the letters from Citbank to Mr. Lopez dated March 31, 2007, June 12, 2007 and June 28, 2007, reflect that Marcos Lopez in fact did make these two payments. These letters are attached to this statement.

After attempting this unlawful foreclosure, GMAC is attempting to charge Mr. Lopez for inflated fees and costs which originated from its unlawful foreclosure attempts.

### GMAC'S MALFEASANCE

GMAC has initiated an unlawful foreclosure despite Mr. Lopez's attempt to tender his mortgage payments.

GMAC (and GREENPOINT) further breached its responsibilities under

-3-

RESPA.  12 U.S.C. §2605 (b) through (d) required that both GMAC and GREENPOINT were to provide notice to Marcos Lopez in writing not less than 15 days before the effective date the assignment of this mortgage.  This notice was to include the name and a toll-free number of the assignee as well as the date that the assignor would cease to accept payments and the date that the assignee would begin to accept payments.  This law further required that during the 60-day period beginning on the transfer date, no late fee could be imposed on Marcos Lopez with respect to any payment on the loan, and no such payment could be treated as late, if received by the assignor in an otherwise timely manner.  Neither GMAC nor GREENPOINT complied with this mandate.

GMAC breached its responsibilities under the Federal Fair Debt Collection Practices Act by failing to cease collection of the debt, or any disputed portion thereof, until verification of the debt was provided, as mandated by 15 U.S.C. §1692g(b).  This verification was never provided.

GMAC has violated California Civil Code §2924f in its excessive and inflated and unlawful fee demands.  GMAC now claims that Marcos Lopez is in arrears an amount in excess of $30,000, excluding attorney fees.  The monthly mortgage payment is and was $1,112.01.  Calculating a 12 month arrearage, this would make Mr. Lopez in arrears the amount of $13,344.12.  **GMAC**, without satisfactory explanation, not as a fault of Marcos Lopez, and not including its attorney fees, **wants  $17,000 more than the actual arrears**.  This Court can now clearly understand why Mr. Lopez is demanding a detailed and itemized and documented accounting in this matter.  This is an accounting which GMAC has never provided.

## GMAC'S POSITION

GMAC's defense is to play the blame game.  It is all the fault of Marcos Lopez.

• GMAC seeks to blame Mr. Lopez for not explaining, "why the money was refunded or what became of the monies refunded. Plaintiff does not allege that he re-tendered the refunded sums."[1] GMAC does not explain how Mr. Lopez was suppose to know why his lawful tender was rejected. Neither GMAC nor GREENPOINT requested a re-tender prior to foreclosure.

GMAC does not address California Civil Code §3526, which states, "No man is responsible for that which no man can control." Nor does GMAC address California Civil Code §3532, which states, "The law neither does nor requires idle acts." Considering GMAC's and GREENPOINT's rejection of payment, California Civil Code §3517 states, " No one can take advantage of his own wrong."

• GMAC mistates the facts in its statement. GMAC states that GREENPOINT's servicer was Citibank, and that Citibank advised Mr. Lopez that payment had been rejected by Citibank because of an invalid account number.

No where has it been established that Citbank is the servicer for GREENPOINT.   It seems bizarre that Citibank would reject payments on behalf of GREENPOINT due to an inaccurate account number (assuming accuracy both as to the role of Citibank and the incorrect account number). The fact is that payment was received, as Citibank's March 31, 2007, June 12, 2007 and June 28, 2007 letters confirm.

Significantly, Citibank wrote in these letters, "Marcos C. Lopez was not responsible for this matter. Therefore, we hope that this will not affect his or her financial reputation with you and ask that you credit any associated late fees." Thus, by GMAC's own evidence, Citibank exhonorated Marcos Lopez from any wrongdoing.

• GMAC next states that it has propounded discovery to Marcos Lopez,

---

[1] GMAC's settlement statement, page 2, lines 16-17.

which responses are due by January 2, 2008. This discovery may demonstrate fraud on the part of Mr. Lopez, it claims. Without offering any evidence, GMAC alleges that Mr. Lopez may have misstated his income on his loan application. This is indeed the throwing of mud.

Counsel for Mr. Lopez does not have any record of receiving GMAC's discovery request. However, the initiation of this alleged discovery is itself a brazen violation of Rule 26(a) of the Rules of Federal Procedure. Counsel for GMAC has not bothered to make the initial mandatory disclosures under Rule 26(a). Counsel for GMAC has not bothered to participate in the mandatory Rule 26(f) conference. All of these are pre-requisites to formal discovery.

Beyond this, GMAC and Executive Trust Deed have not bothered to comply with Local Rule 3-16 which mandates that GMAC and Executive Trust Deed (as well as GREENPOINT) disclose any persons or entities (including parent corporations) who have a financial interest (of any kind) in the in this proceeding or its outcome.

This hypocrisy is consistent with GMAC's blame game strategy.

● GMAC next claims that Marcos Lopez is over $10,000 in arrears in back taxes. Marcos Lopez disputes this unsubstantiated and unverified claim, which demonstrates his demand for a detailed and itemized and documented accounting. This is an accounting which GMAC has refused to provide. That alone is telling.

## JOINT ACCOUNT

The attached affidavit establishes that Marcos Lopez has deposited into the trust account of Thomas Spielbauer the sum of $2,200, having done so on or about December 13, 2007. Marcos Lopez tendered to Thomas Spielbauer this sum via certified funds, which amount was then deposited into Mr. Spielbauer's trust account.

GMAC is sure to complain that the amount should be $13,000+. However, this claim ignores the substantial expenses which GMAC's unlawful foreclosure

has caused Marcos Lopez. Mr. Lopez was required to post a bond for $1,112.01 in state court in order to obtain the temporary restraining order. Mr. Lopez was thereafter required to post a $1,000 bond in Federal Court in order to obtain the temporary restraining order and thereafter the preliminary injunction. In addition to these fees have been fees which Mr. Lopez has had to pay for legal representation, which representation has constituted a considerable investment of attorney time.

None of this would have been necessary had GMAC and GREENPOINT properly credited to Mr. Lopez his timely monthly mortgage payments.

## GREENPOINT MORTGAGE

Defendant Greenpoint Mortgage's perspective in this matter is unclear. It is hoped that an officer or representative of GREENPOINT who has full settlement authority will attend this settlement conference. GREENPOINT, along with GMAC, are key participants. This Court ordered on December 11, 2007 that, "Parties with the persons or person having full authority to negotiate and to settle the case shall be present or be available on telephone standby."

Greenpoint is the party who removed this matter from State Court into Federal District Court. Greenpoint thereafter filed an answer in this matter. Greenpoint thereafter has not participated in these proceedings.

Greenpoint did not participate nor appear at the temporary restraining order not preliminary injunction hearings. Greenpoint did not participate nor appear at GMAC's motion to dismiss. Greenpoint has not filed an answer to plaintiff's amended complaint.

## CONCLUSION

It is worth noting that Judge Wilken found merit to the claims of Marcos Lopez on December 6, 2007 when she issued her preliminary injunction. This is contrary to GMAC's argument that Mr. Lopez's contentions are meritless.

Judge Wilken's order of December 11, 2007 discussed in detail the facts

1  surrounding this case and the legal arguments presented in her five page order.
2  On December 11, 2007, Judge Wilken wrote, "...it appears to the Court that, at the
3  least, there are serious questions regarding the legality of Defendants' practices
4  under the Fair Debt Collections Act, the Real Estate Settlement Procedures Act
5  and the California Business and Professions Code."

        Respectfully Submitted
        THE SPIELBAUER LAW FIRM

        */s/ Thomas J. Spielbauer*

        by Thomas Spielbauer, Esq.
        Attorney for Plaintiff, Marcos Lopez